07CV 2036 JLS (AJB)



# SAN DIEGO POLICE DEPARTMENT

PROPERTY TAG NO. 264036

| EVIDENCE ☒ | FOUND PROPERTY ☐ | TYPE OF CRIME REPORT MADE | CASE NO. Key Case 81-076749 |
| OTHER ☐ | (EXPLAIN IN REMARKS) | RAPE | BIN NO. Ref ayyyy |
| | | | A-36(sn |

DESCRIPTION OF PROPERTY (LIST PROPERTY WITH SERIAL NUMBERS FIRST)

| NO. | ARTICLE | SERIAL NUMBER | MANUFACTURER | ADDITIONAL DESCRIPTION (COLOR, SIZE, MODEL #... ETC.) |
|---|---|---|---|---|
| 1 | | | Two Packets of | PHYSIOLOGICAL SAMPLES |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | HOLD-CASE | PENDING | APPEAL-PER FRAGOSA | 5-18-3? |

ADDRESS WHERE FOUND COMMUNITY HOSPITAL

BY: ( INDIVIDUAL OFFICER RECOVERING PROPERTY)  Fragoso   I.D. # 1324

DATE:    TIME:    BEAT #    ASSIGNMENT:

PERSONS ARRESTED OR CITED:

CIT. NO. OR BK. NO.    CHARGES  261 PC  459 PC    ADULT ☒   JUV. ☐

NAME AND ADDRESS OF  ☐ OWNER  ☐ FINDER   TURNER  NATHAN  KEVIN   9.19.56

REMARKS:

OFFICER(S) FRAGOSO   I.D. #(S) 1324   TRANSPORTED BY: F. FRAGOSO    I.D.

WHERE IMPOUNDED CENTRAL   DATE: 10-5-81   TIME: 0800   TRANSPORT/PROP. CLERK:   NAME   RECV'D IN CENTRAL PROP. RM. Bailey   DATE 10-5-81   TIME 0803

PD 264V (REV. 12/76)

---

File No.   : 304

Date   : SEP 24 1985.

To   : SEX CRIMES/ FRAGOSO

From   : C. C. Bingham, Supervising Administrative Analyst

Subj.   : Property Disposal

On 10-05-81 the articles listed on Property Tag No. 264036 were impounded in the Property Room.

It is requested that an immediate disposition be made on this property, if possible, due to the limited storage space in the Property Room.

Please indicate the appropriate disposition:

1. _____   Release form being mailed or owner notified.

2. _____   Dispose as unclaimed, contraband or valueless.

3. _____   Hold-Reason (Be Specific) _____

4. _____   Case # _____

Officer FRAGOSO   I.D. 1324   Date 10-31-85   Div. SEX

PD 264 (Rev. 2/85)

264036

# SAN DIEGO POLICE DEPARTMENT

PROPERTY TAG NO. 264037

| EVIDENCE | ☒ | FOUND PROPERTY | ☐ | TYPE OF CRIME REPORT MADE | CASE NO. Sex Case 81-076749 |
|---|---|---|---|---|---|
| OTHER | ☐ | (EXPLAIN IN REMARKS) | | RAPE | BIN NO. L-14 |

## DESCRIPTION OF PROPERTY (LIST PROPERTY WITH SERIAL NUMBERS FIRST)

| NO. | ARTICLE | SERIAL NUMBER | MANUFACTURER | ADDITIONAL DESCRIPTION (COLOR, SIZE, MODEL #, ETC.) |
|---|---|---|---|---|
| 1 | | | | 1. ONE PAIR WIRE RIM GLASSES |
| 2 | | | | 2. ONE PAIR PANTS |
| 3 | | | | 3. ONE PAIR SOCKS + SHOES |
| 4 | | | | 4. ONE BLACK LEATHER JACKET |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | HOLD-CASE ON APPEAL + DOB FRAGOSO - 9-7-83 |

| ADDRESS WHERE FOUND | 801 W MARKET | | | BY: ( INDIVIDUAL OFFICER RECOVERING PROPERTY) 1324 |
|---|---|---|---|---|
| | DATE: | TIME: | BEAT # | FRAGOSO   I.D. # 1324   ASSIGNMENT: Sex Crimes |

PERSONS ARRESTED OR CITED:

| CIT. NO. OR BK. NO. | | CHARGES | 261.2 PC   RAPE | ADULT ☒   JUV. ☐ |
|---|---|---|---|---|
| NAME AND ADDRESS OF | ☐ OWNER ☐ FINDER | TURNER, NATHAN 9.19.56 | | |

| REMARKS: | | | | |
|---|---|---|---|---|
| OFFICER(S) FRAGOSO | | I.D. #(S) 1324 | TRANSPORTED BY: FRAGOSO | I.D. 1324 |
| WHERE IMPOUNDED CENTRAL | DATE: 10.5.81 | TIME: 0820 | TRANSPORT/PROP. CLERK NAME | RECV'D. IN CENTRAL PROP. RM. Bailey NAME | DATE: 10-5-81 | TIME: 0825 |

---

## SAN DIEGO POLICE DEPARTMENT

MAR 06 1982

INTEROFFICE COMMUNICATION

DATE _____

TO Commanding Officer _____ DIV. Sex Crimes _____ SUBJECT Property Disposition

On 1-27-82 the items listed on Property Tag No. 264037 were received from the Property Room by Officer FRAGOSO of your command.

Over 7 days have elapsed since these items were removed and to date the Property Room has not received notification on the disposition.

Please have the officer concerned indicate in the space below the disposition and sign with his name and I.D. number.

Return interoffice memo and copies of Property Tag to John R. Trebil, Central Property Room.

| Officers Signature | I.D. # |
|---|---|

Property and Supply

John R. Trebil, Storekeeper II

Re:    Nathan Turner—State/Federal Procedural History

**Generally:**

Mr. Turner was convicted in March 1982. His direct state appeal was lost in August of 1983. When (and maybe if) he filed a petition for review with the state supreme court is unclear at this point. An order to destroy or release trial exhibits was issued by the superior court on August 6, 1987. The order was apparently sent to sent to Mr. Turner's trial attorney, Hodge Crabtree III. At the time of his direct appeal, according to Mr. Turner, he was represented by M.N. Schneiderwind. Whether Mr. Schneiderwind also handled a petition to the California Supreme Court, or if Mr. Turner did so pro se, is unknown. The evidence in the trial court's possession was destroyed or otherwise disposed of in February,1993.

The state file at the Fourth District has apparently been destroyed. We are in the process of retrieving the Ninth Circuit file from archives in San Francisco.

**Filings from 1982 (the conviction)–1993 (the year the evidence was destroyed):**

**1983:   Direct appeal:** Fourth District, 4 Crim. No. 13857: Appeal denied in 1983.
    **Issues raised:** confession influenced by PCP use; incompetent counsel; trial court refused to appoint new counsel; failure to properly instruct alternate juror, unconstitutional sentence.
    **Court decision:** appeal "meritless"; conviction and sentence affirmed

**?:    State Petition for Review:** According to the federal case opinions, the state Supreme Court summarily denied a petition for review without comment. Filing date, decision date and issues raised are unknown.

**1985:   Federal Petition:** Habeas Petition, District Court, CV-85-0783-G: Filed March 14, 1985. Petition denied on June 19, 1985. Notice of Appeal filed July 19, 1985. Petition for Certificate of Probable cause denied by district court August 27, 1985.

**1985-**

**1987:   Federal Appeal:** Certificate of Probable Cause issued November 21, 1985.

**Court decision:** Reversed and remanded to District Court in order certified September 25, 1987. Application for counsel denied by the Supreme Court in order received by District Court on December 28, 1987. See the Circuit Court's opinion at, *Turner v. Compoy* (1987) 827 F.2d 526. The court ruled that the district court had erred in denying the petition before reaching the merits. The appellate court found, contrary to the district court determination, that Mr. Turner had exhausted his state remedies. Though a state habeas petition was preferable in California, one is not required to be eligible to file a federal habeas case.

1989:   Case back on District Court calendar

1990:   Issues raised appear to be the same as those in the direct appeal. Court defers to the California Legislature "in deciding that petitioner's sentence does not constitute cruel and unusual punishment." Habeas petition denied, case closed, October 22, 1990. Notice of appeal and petition for a certificate of probable cause filed on the same day as the judgment.

1991:   Request for certificate of probable cause denied by the district court: July 7, 1991.

1993:   **Second Federal Appeal:** District Court ruling affirmed on January 8, 1993 at 1993 U.S. App. LEXIS 27560

1995:   **US Supreme Court:** Filed in 1995. Petition for review denied on October 10, 1995 at 516 U.S. 919.

**Filings after the disposal of trial evidence:**

From the procedural history in a Superior Court decision issued May 13, 1998, and a Court of Appeal decision filed October 3, 1997, the following timeline can be determined:

1.  Superior Court, Writ of Habeas Corpus HC14929. Issues raised: 11, including a claim concerning "the introduction and use of DNA evidence. Petition denied May 19, 1997.

2.  4th District Court of Appeal, Writ of Habeas Corpus DO29361. Petition denied
    October 3, 1997. In response to the claim the trial court excluded exculpatory DNA
    evidence, the court notes no such evidence was offered. With regard to the claim of
    "new" DNA evidence, the court found that Mr. Turner did not present a prima facie
    case. In addition, he did not raise sufficiency of evidence as an issue on appeal and
    "there was overwhelming evidence tying him to the crimes, including eyewitness
    identification and personal property."

3.  Superior Court, Writ of Habeas Corpus HC14929 (2nd petition). Denied March 13,
    1998 for failing to provide justification for filing numerous habeas claims. Mr. Turner
    also filed a motion to introduce new DNA evidence with this petition which was also
    denied.

Exh. 3

MEMORANDUM OF POINTS AND AUTHORITIES

I.

## IDENTIFICATION OF SUSPECTS

Samples of the appellants semen or salivia containing cells or other tissues are already within the California DNA data banks. Appellant's samples can now be compared with those samples taken from the crime scene to identify a DNA pattern.  That pattern can then be compared with the appellants DNA pattern to EXONORATE" appellant or make a "Positive Identification".

## COURTS ALLOWING DNA

II.

For this current court to deny appellant the introductory of Newly  Discovered Evidence, is to deny appellant a Due Process Right.  A 1990 study conducted by the COngressional Office of Tech-nology Assessment (OTA) found that DNA tests have been used in over 2,000 criminal cases/investigations in 49 states.  As of January 1990, the OTA study found that DNA evidence has been admitted in at least 185 court cases in 38 states.[1]

----------------------------------------------------------------

1. In November 1990, U.S. District Judge Franklin S. Billings, Jr. of the U.S. District Court for the  District of Vermont wrote "... The Government has established that [DNA] profiling is highly reliable & such realibility outhweighs the increased potential for unfair prejudice or confusion," Thus denying a motion by the defense to band the evidence inñ the case of U.S. v. Jabobetz, No. 89-65. See Criminal Justice Newsletter 21 (Nov. 1, 1990):3-4.

///

///

///

///

1    Agreed that no where in the record is the appellant/defendant

2    requesting A banning on any DNA.  On the contrary, appellant request

3    that his DNA be intorduced to exonerate him.

4

5                              III

6                    OVERCOMING THE BURDEN

7        In the past the Superior Court denied appellants motion for

8    introductory of newly discovered evidence in the form of DNA samples.

9    The Court ruled that appellant did not overcome the burden of proof

10   by subsatntiating his new evidence results would severly undermine

11   the prosecutions case.  However, the court has placed a catch 22

12   unfairly upon the appellant.  Without the court ordering the com-

13   parision of the crime scene samples against appellants own DNA

14   in the data bank to either exonerate or find a pattern match of

15   the appellant.  The new evidence is stopped (by the court) from

16   ever being introduced.  Also, the court stated the appellant gave

17   a confession.  The court failed to acknowledge that the record

18   clearly supports appellants position that the alleged confession

19   was neither signed or dated by appellant.

20       Wherefore, the court may want to take notice of the fact that

21   other than an alleged confessional statement, the People/Prosecu-

22   tion has no overwhelming case.  The court also may want to take

23   judicial notice of the Fifth Amendment that prohibits the use

24   of coerced confessions or other types oof compelled self-incrim-

25   ination.  In the case of Schmerber v. State of California, the

26   Supreme Court made clear that the Fifth Amendment's privilege

27   against self-incrimination applies to "Testimonial" information.

28   Yet

1   are exempt from the Fifth Amendment (384 U.S. @ 764-65).

2

3       It would serve in the interest of justice to allow the appellant's

4   Dna into court on the motion of Introductory of New Evidence,

5   considering that it is the appellant's right to do so under the

6   California Rules of Court and the United Staes Constitution.

7   Also, considering the scientific community approved the methods

8   and it is supported and will be supported by the appellant's

9   contentions herein, that would subsequently exonerate the appellant.

10  The DNA comparrision would not only undermine the entire prosecu-

11  tion's case, but it would also resolve and establish the appellant's

12  innocence.

13

14      To the extent that the inclusion of the appellant in the DNA

15  databank has been limited to convicted felons, wherefore, not

16  infringing upon any of the appellant's Constitutional Rights.

17  California has established its own DNA testing facilities, which

18  would lower any incurred cost to the State if the court were

19  to decide to ORDER the comparission test.

20

21                               IV

22

23                       DNA TEST RESULTS
                        ADMITTED AS EVIDENCE

24      Regardless of whether courts use the Frye test (Frye v. U.S.

25  293 F. 1013, 1014 (D.C. Cir. 1923) a modified version of the

26  Frye test, or the more permissive relevancy test, the courts,

27  have either used a few exceptions and have endorsed DNA testing & admitted

28

for this appellant to understand how this court can deny the
appellant the opportunity to have these (DNA) test results entered
on the record, which would allow the appellant the process of
overcoming his burden of proff to substantiate his claims.  A
new York State study recently found that over 60 Frye hearings
on the admissibility of DNA evidence have been held throughout
the Nation.  With rare exceptions, the courts have found that
DNA testing meets the Frye criteria.[2]

Recently, an Appellate COurt affirmed that the results of
DNA typing tests, when properly performed, are admissible in
a criminal trial/proceeding.  Surely, once the court grants the
oreder for the test to be conducted, the Court, Prosecution,
and Defense will accept the final results conducted at its own
State run facility!  Wherefore, appellant cannot understand how
or why thei court has in the past refused to conduct an evidentiary
hearing/order to show cause to the State Attorney General/San
Diego County Prosecutors Office, requesting why appellant's DNA
SHOULD NOT BE ENTERED ON THE RECORD?

The Florida Appeals COurt found that DNA testing has been
used for over 10 years; that there is extensive scientific lit-
erature on the subject; and that the chance that Andrews' DNA
(Andrews v. Florida) "Bands" would be duplicated in another
person's cells is less than one in 839 million, & that control
tests were used to guard against faulty labratory work[3]

2. New York DNA Report, note 26 p. 19.

3. "DNA Fingerprinting" Upheld in First Appellate

1    [Note: The defendant, Tommy Lee Andrews, was convicted of

2  various sexual offenses, in part on the basis of a DNA comparision

3  of blood & semen stains taken from the rape victim with samples

4  of Andrews blood].  In the case at bar, this is exactly what

5  the appellant is requesting to be done now.  How can any court

6  deny this request/motion in light of the entire nation's court's

7  granting the same request to the prosecutions of the guilty

8  defendant's?  The 3rd Circuit's relevancy test propounded in

9  Downing. (753 F. 2d @1224).

10

11    A 1988 New York State Court opinion also upheld the admiss-

12  ibility of DNA test results, finding that:...DNA FINGERPRINTING-

13  ITS UNDERLYING PRINCIPLES, PROCEDURES, & TECHNOLOGY- IS A SCI-

14  ENTIFIC TEST THAT IS RELIABLE & HAS GAINED GENERAL ACCEPTANCE

15  IN THE SCIENTIFIC COMMUNITY & IN WHICH IT BELONGS-TO WIT, MOLECULAR

16  BIOLOGY, POPULATION GENETICS & DIVERSE OTHER BRANCHES OF GENETICS

17  CHEMISTRY, BIOLOGY, & BIOCHEMISTRY.[4]

18

19  ----------------------------------------------------------------
    4.
20  People v. Wesley,, 792 N.Y. S. 2d 643, 659 (Albany Co. Ct. 1988).
    Other recently reported decisions that have endorsed the validity
    of DNA typing & have ADMITTED DNA TEST RESULTS INTO EVIDENCE
21  include the following:  State v. Horsely, 792 P. 2d 945, (Idaho 1990); State
    v. Pennell, Westlaw 167430, (Del. Super. Ct. Nov. 6, 1989): People v. Huang, 546 N.Y.S. 2d 920
22  (Nassau Co. Ct. 1989); Martinez v. State , 549 So. 2d 694 (Fla. App. 5 Dist. 1989); and
    Kennedy v. State , 545 So. 2d 214 (ala. Cr. App. 1989).
23  ///

24  ///

25  ///

26  ///

27  ///

## CRIMINAL JUSTICE ENDORSE RELIABILITY

Not suprisingly, many criminal justice officals are enthusiastic sbout the reliability & potential of DNA testing. FBI Director, for example, had praised DNA's potential. "... Proably the most exciting, as I view it, of the new techniques emerging for the criminal investigator, is the DNA identification technology. Through a genetic pattern-matching process, criminals can now be identified POSITIVELY BY COMPARING EVIDENCE FROM A CRIME SCENE- that is blood, body fluids with a suspect". All the appellant is motioning for herein is for this court to grant the petition for a comaprision test to be conducted. In January 1989, California': Attorney General, after extensive review & testing, APPROVED the use of DNA evidence in criminal cases presented in California courts. Therefore, appellant cannot understand how this present court may consider to not allow appellant to have his DNA entered on record. Also, the California Association of Crime Labs Directors PRODUCED 150 BLIND DNA COMPARISIONS in June 1991 (see Criminal Justice Information Policy, Forensic DNA Analysis: Issues, June 1991, NCJ-12856) SO ACCURATE that the DNA Advisory Committee endorsed the new technology for use in courts.[5] DNA testing has unprecedented potential to identify rapists, murders, & other violent offenders, and it has recently identified defendants in custody as not guilty offenders. (Byrd v. Texas 1997).

---

5. Office of the Attorney General, News Release, "DNA Typing is now ready for use in California Criminal Trials", January 24, 1989.
///

## ESTABLISHMENT & USE OF DNA DATA BANKS

With DNA data banks in place, investigators will be able to
identify suspects, indeed prime suspects, based upon blood, semen,
or other fluid or tissue SPECIMENS FOUND AT CRIME SCENES.  The
DNA tests results from a CRIME SCENE COULD BE DIGITIZED & COMPARED
WITH THE DIGITAL RECORD OF THE DNA SPECIMENS HELD IN THE DATA __ _
BANK.   This would be of minimal cost to all parties concerned,
since the use of digilitation of evidence.  Many States have
adopted Legislation authorizing the establishment of libraries
of DNA samples (along with indices of their RFLP patterns): Arizona,
CALIFORNIA, Colorado, Florida, Illinois, Iowa, Minnesota, Neveda,
South Dakota, Virgina, and Wahsington.[6]

By 1991, California's Department of Justice had already collected
DNA samples from about 14,000 persons convicted of certain sex
crimes, (one of which this is this appellant's) to be used as
the base for an operational system to be called "CAL-DNA" (the
name is meant to draw a parallel with the sucessful CAL-ID system
for fingerprint analysis.  The data bank is being kept current
through the addition of DNA specimens from persons newly convicted
of murder & assault as well as sex crimes.  Hence, the appellant's
request for a DNA comparision is not out of the question or out
of the line of being on point.

6.  office of technology assessment, genetic witness.  note 5, p. 20.

///
///

1   To grant appellant's motion, and for the Court to ORDER A

2   DNA COMPARISION TEST, clearly shows the benefits outweigh the

3   risks, if any risks are involved.  The U.S. Supreme Court stated

4   over 50 years ago that, " IT IS BETTER TO LET A GUILTY MAN GO

5   FREE, THAN TO WRONGFULLY CONVICT AN INNOCENT ONE ".  With a DNA

6   comparision test, neither will an innocent man be left to stay

7   in prison, nor will a guilty one be let out.

8
   
9                   DISSEMINATION OF DNA TEST DATA

10           USE OF DNA DATA FOR CRIMINAL JUSTICE PURPOSES

11       As a legal matter, there is littel question that DNA tests

12   results can be used FOR ALL LEGITIMATE CRIMINAL justice purposes.

13   Indeed, DNA test  results  have already been widely used at the

14   investigative/law enforcement stage, the prosecutorial stage

15   & the adjudicatory stage of criminal justice proceedings.  However,

16   in the case at bar, the appellant has NEVER been afforded such

17   proceedings, until the present.  While it is ultimately for the

18   courts to decide whether after granting a comparision test for

19   this appellant, that a hit or a matching paterrn of someone other

20   than this appellant, can an arrest be made based soley on information

21   contained in the DNA data bank is of no major concern of this

22   appellant's.  His intention is only to prove his innocence in

23   the alleged charge/convicted offenses.  A computer generated

24   match of someone other than the appellant can be used other than

25   the appellant, and can be used for other legal purposes.  If

26   a search of the DNA data bank reveals a hit other than  the app-

27   ellant, it should give rise immediately to GRANTING AN EVIDENTIARY

28   HEARING, in which the court can ORDER a new sample be taken from

-9-

1  the new suspect.  So the only justifiable question of law to

2  be resolved herein, is how or why can this court deny granting

3  the requested relief sought herein in the form of **A DNA COMPARISION**

4  **TEST BE CONDUCTED to prove his innocence?**

5

6     On the forementioned grounds, cites, laws, and evidence as

7  well as the statement of facts supported by the appellants declaration

8  the appellant prays for relief from this court.

9

10

11

12

13                    Respectfully Submitted,

14

15                    NATHAN TURNER

16

17

18  Dated: _April 14 1997_

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

E. HODGE CRABTREE
Attorney at Law
269 E. Lexington Ave.,Suite B
El Cajon, Ca 92020


Mr. N.K. Turner                                    December 21,1995
  C-44886-B5-108
Post Office Box 901
Imperial, Ca 92251


Re: Request for files

Dear Mr. Turner,
    I am sorry to hear that you are still incarcerated in prison.  I no longer have your files from the case we had together.  I normally retain files for seven years but have recently moved storage and most of my really old files were destroyed prior to the move.
    I wish you the best of luck in your efforts at post-conviction relief.  As far as all the old police reports and transcripts of hearings, I suggest you contact the office of the District Attorney of San Diego County at 220 West Broadway, San Diego, Ca., 92101.

    Sincerely,  ———

    E. HODGE CRABTREE

GREGORY THOMPSON
ASSISTANT DISTRICT ATTORNEY

OFFICE OF
**THE DISTRICT ATTORNEY**
COUNTY OF SAN DIEGO

San Diego
330 West Broadway
San Diego, CA 92101
(619) 531-4040

**PAUL J. PFINGST**
**DISTRICT ATTORNEY**

April 18, 2001

Jane Green
Innocence Project
Cardoza School of Law
55 5th Ave. 11th Floor
New York, New York 10003

RECEIVED
APR 2 3 2001

RE: **Turner, Nathan**
Case No: **CR56189**

Dear Ms. Green:

Pursuant to our conversation on April 18, 2001, I am enclosing all the destruction orders for this case. I hope this information will assist you. If you have any questions, call me at (619) 531-8153.

Good Luck,

Elizabeth Guerrero
DNA PROJECT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☐ 220 W. Broadway
San Diego, CA
92101-3409

☐ 325 S. Melrose
Vista, CA
92083-6627

☐ 250 E. Main
El Cajon, CA
92020-3913

For Court Use Only

Robert D. Zumwalt, Clerk
**AUG 18 1987**
BY: ED NORWOOD, Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA
Plaintiff,

vs.

NATHAN KEVIN TURNER
Defendant

No. CR 56189

DA A55529

**NOTICE AND ORDER FOR THE DISPOSAL OF CRIMINAL EXHIBITS [PC §1417 et seq]**

The court, having determined that the exhibits in the above entitled action have met the criteria set forth in Penal Code §1417, et seq., orders that all exhibits be disposed of, if applicable, pursuant to PC §1417.5, PC §1420, PC §12032, PC §12029, PC §12022.5, PC §12251, PC §12022, PC §12028, HS §11473.5, HS §11473, WI §826, and WI §826.5, fifteen days from the mailing of this notice. The Sheriff, San Diego County is designated the agency responsible for the destruction of controlled substances pursuant to HS §11474.

The Clerk of the Court is directed to release the exhibits on application of owner, person entitled to possess or agent designated in writing, pursuant to PC §1417.5(a) and HS §11474. The Clerk of Court is further directed to obtain receipt for all exhibits pursuant to Rule 243(b), California Rules of Court.

DATED: AUG 6 1987

Supervising Judge, Criminal Division

**RECEIPT FOR RELEASE OF EXHIBITS**
[Rule 243(b), California Rules of Court]

Receipt of said exhibits is hereby acknowledged.

DATED

*TO: EDWIN L. MILLER, JR.
DISTRICT ATTORNEY
101 W. BROADWAY
STE. 1440
P.O. BOX X-1011
SAN DIEGO, CA. 92112
ATTEN: RUPERT LINLEY
DEP DIST ATTY

*TO: HODGE CRABTREE, III
2605 CAMINO DEL RIO SO.
STE 108
SAN DIEGO, CA. 92108

* **NOTE:** Return this notice in person in order to claim exhibits

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY: I am not a party to the above entitled cause; on the date as shown below at San Diego, California, I placed a true copy, in a separate envelope addressed to each addressee as listed above and each envelope was then sealed and deposited in the mail with the postage fully prepaid.

ROBERT D. ZUMWALT, Clerk

DATED: 8/18/87

By: _____ Deputy

1  Nathan Kevin Turner
   C-44886 - D-130
2  P.O. Box 600
   Tracy, CA. 95378
3
   In Propria Persona
4

F I L E D
Clerk of the Superior Court

DEC 0 4 2002

By: J. Walsh, Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA )<br><br>    Plaintiff,   )<br><br>       vs.        )<br><br>NATHAN KEVIN TURNER  )<br><br>    Defendant.   ) | *MOTION FOR DNA TESTING<br>*MOTION FOR APPOINTMENT OF COUNSEL<br>*MOTION FOR NEW TRIAL<br><br>CR<br>NO. 56189<br><br>PLACE: SAN DIEGO SUPERIOR COURT<br>DATE: 11 /30/ 2002<br>TIME:  0900 HRS |

17  PURSUANT TO THE NEWLY ENACTED LAW, CALIF. PENAL CODE 1205, AND CALIF. PENAL

18  CODE 1417.9 FORMERLY KNOWN AS SENATE BILL #1342,  THIS  PETITIONER/DEFENDANT

19  IS MAKING A MOTION FOR "NEW TRIAL" AND REQUESTING FOR DNA TESTING TO PROVE HIS

20  INNOCENCE.

21  BACKGROUND:

22  In 1982 Petitioner was convicted of seventeen counts of forceible rape See

23  Penal Code §261.2 (west 1988), seventeen counts of burglary (see Cal. Pen. §

24  459 (west 1988), twelve counts of robbery (see Cal. Pen. §211 (west 1988)),

25  and two counts of assault with intent to committt rape (see Cal. Pen. Code §

26  220 (West 1988)). All of these crimes were committed with the use of a weapon

27  (see Cal. Pen. Code §12022(b) (West 1988)). Petitioner was also convicted of

28  disorderly conduct (see Pen. Code §647(h). and sentenced to 174 years and 4 mos

1   in state Prison, Petitioner/Defendant has maintain his innocence

2   for 20 years, and that he has been falsely accused by the State

3   government.

4

5   DISCOVERY MOTION:

6   (The primary goals of the court whrn confronted with a request for use of a

7   particular discovery device are the facilitation of the administration of just-

8   ice and the motion of the orderly ascertainment of the truth.) ; COMMONWEALTH

9   V. BRISON, 618 CAL. 2D 420, 423 (PA. SUPER. CT. 1992) (When evidence has been

10  preserved, which has high exculpatory potential, that evidence should be dis-

11  coverable after conviction). Petitioner should not be denied his established

12  right to procedural Due Process. Due Process. Art I Section 7. 14 Amendment.

13  Petitioner/Defendant is a ("Pro. se") litigant an not an attorney, prtitioner

14  move this court to adopt the Art. III Federal Supreme Court standards when dea-

15  ling with Per. se prisoner litigants. Petitioner move the court to grant defer-

16  ence to his pleading, MALENG V. COOK, 490 US 488, 493 (1989) to liberally con-

17  strue his pleading, BOAG V. MCDOUGAL, 454 US 364, 365 (1982); and to grant the

18  pleadings a lesser stringent juxtaposed to the submission by skilled attorney,

19  HAINES. V. KERNER, 404 US 418, 520 (1992), but cf; BELGARD V. MONTANA, 123 F.

20  3D 1210 (9TH CIR. 1997) ; ELDRIDGE V. BLOCK, 832 F.D 1132, 1134-1136 (9TH CIR.

21  1997); ASHMAN V. POPE, 793 F.2D 1072, 1078 (9TH CIR. 1986) (En banc). Petition-

22  er is making and has made as ("actual innocence") claim and has stood strong

23  for 20 years denying any guilt or knowledge of the alleged rapa, robbery, burg-

24  lary in which he's been convicted on, SCHULP V COLLINS, 513 US 298, 315 (1995);

25  MCCLESKY V. ZANT, 499 US 467, 490 (1991); HERRA V. COLLINS, 506 US 390, 417

26  (1993); MURRAY V CARRIER. 477 US 478, 496 (1986). This current motion proper

27  before the court under Code of Civil Procedure, 61008(a)(b); LAIRD V. BLACKEN,

28  2 CAL. 4TH 606-609 (CAL. 1992); GRIFFIN V. MUNICIPAL COURT, 20 CAL 3D 300,

1   305 N. (CAL. 1997), the discovery motion is now proper before proceeding with

2   a new DNA motion under Penal Code 1405.

3

4   DISCOVERY REQUEST:

5   Petitioner move the court within meaning of Penal Code 1405(a)(2)· to produce

6   the items listed (rape kits, physical evidence, semen samples, blood samples.)

7   in this motion within the meaning discovery since the court was in possession

8   of the materials sought to be tested which would clear petitioner of any crim-

9   inal wrong doing. CALIFORNIA V. TROMBETTA, 467 US 479, 488 (1984); ARIIZONA V.

10  YOUNGBLOOD, 488 US 51 (1988) ; BRADY V MARYLAND, 373 US 83, 87 (1963); KYLES

11  V. WHITLEY, 514 US 419, 435-440 (1995); UNITED STATES V BAGLEY, 473 US 667,

12  676-682 (1982); GIGLIO V. U.S., 405 US 154 (1972) ; MURGLIA V. MUNICIPAL COURT

13  15 CAL. 3D 286, 294-303 (CAL.(1995); PEOPLE V HITCH, 2 CAL. 3D 641, 645-655

14  (1974); IN RE MICHALE, L. 39 CAL. 3D 81, 85-90 (CAL. 1985); and PEOPLE V. HO-

15  GAN, 31 CAL. 3D 815, (CAL. (1982). Petitioner's discovery request is specific-

16  ally in compliance with the stature Penal Code 1405, because this court's

17  clerk is in the possession of the discovery items listed, which requires the

18  evidence be tested " is available in the condition that would permit the DNA

19  testing that is requested in the motion." Petitioner never been affored an evi-

20  dentiary hearing in either the State or Federal court on this matter of issue,

21  HARRIS. V. NELSON, 394 US 286, 295-300 (1977); nor has petitioner been permitt-

22  ed discovery BRACEY V. GAMELEY, 520 US 899, 908-909 (1977). Petitioner has on

23  at least 3-5 occasions contacted the City Police of San Diego California, the

24  District Attorney's Office and Attorney General of the State of California and

25  to no avail have any of these agencies co-operated with the on going discovery

26  IMBERY V. PREACHMENT. 425 US 409 N. 25 (1976). Petitioner request for these it-

27  ems to be tested which would clear him from this crime Penal Code 1405(a)(d).

28  On July - September 1981, the prosecution claimed that semem was found on the

1  victims, the blood and semem samples were tested, the semen samples was incon-

2  clusive, Penal Code 1405(a)(d) DNA testing of those items regarding blood and

3  semen would clear petitioner of crimes of rape, robbery, burglary, blood and

4  semen were tested and this evidence was used against petitioner, DNA testing

5  of (2002) which are advanced techinogical equipment would clear petitioner of

6  any criminal activities in this case. This motion meets in full the criteria

7  and requirments of motion for DNA testing per. Penal Code 1405(a)(g) in that

8  the prepertrator of the crimes is in question, because petitioner did not com-

9  mit the crimes. There were no physical I,D. witnesses who identified anyone,

10  the State conducted scientific testing on the petitioner body parts, blood sam-

11  ples as well as the victim's body parts and clothing. The prosecutor placed

12  petitioner in a group of suspects circles but none of the so-called scientific

13  DNA evidence affirmatively identified petitioner. The jury convicted petition-

14  er on this evidence, semen biologically tested for an found by the^peoples criminalist

15  E.A. Collier, M.J. Flowers, J.M. Simms, E.J. Wolberg, who all testified that

16  thescientific DNA testing was inconclusive, but^victims did test positive for semen,

17  because the victims were raped and assaulted. Peoples criminalist D.M. Friel,

18  also conducted blpod grouping and biological DNA evidence testing, then test-

19  ified that petitioner was blood type "O" and the victims were blood type "O"

20  "B" "A".

21

22  DNA CLAIMS:

23  Petitioner defer this court to \Exhibit - A\ in which trial court clearly has in

24  their possession the items, and said discovery of these items as cited in the

25  below case law forum qualifies for relief, MURGIA V. MUNICIPAL COURT, 15 CAL.

26  641, 645-655 (1974); PINCHESS V. SUPERIOR COURT, 11 CAL. 3D 531, 536 (1966);

27  also BRADY V. MARYLAND, 473 US 83, 87 (1963); GIGLIE V. UNITED STATES, 450 US

28  150, 154 (1972); UNITED STATES V. BAGLEY, 473 US 667 676-682 (1985); KYLES V.

1   WHITTLEY, 514 US 419, 435-440 (1995), Penal Code1405 and 1417.9. Petitioner is

2   not a lawyer/attorney and can not put the statements of issues and memorandum

3   no better than this. Petitioner has placed his life into the pleading and this

4   petitioner declares that DNA testing of the requested items marked areas in Ex-

5   hibit - A) would exclude petitioner as the prepertrator, identifying the real

6   "prepertrator" , placeing him in prison, and freeing petitioner an innocent man,

7   Penal code 1405(a)(1)(A). Petitioner again claims that with the (2001) DNA test-

8   ing of the items, petitioner never would have went to trial let alone be con-

9   victed of these crimes, Penal code 1405(a)(1)(B). Identify items evidence, and

10  the type of DNA testing evidence "semen", testing to determine it the semen

11  came from petitioner, DNA evidence testing of the blood on the victims came

12  from petitioner. Penal code 1404(a)(1)(C). Petitioner moves the court to take

13  judicial notice of Supreme Court case law regarding treatment of the pleading

14  from Pro. Per. litigant, evidence Code 451-452; Pro. Per, must be held to a les-

15  ser stringent standard, HAINES V. KERNER, 404 US 519, (1972); Pro. Per. must

16  be granted deference, MALENG V. COOK, 490 US 488, 493 (1989) and Pro. Per. pap-

17  ers must be liberally construed, BOAG V. MCDOUGAL 454 US 364, 365 (1982).

18  Petitioner notes that this motion for production of evidence by the court in

19  the court possession is crucial to his New Trial Motion for DNA(testing) per

20  Penal code 1405 and 1417.9. Now comes this petitioner to ask the court to order

21  its clerk to produce the discovery items )Exhibit -   ) and p.p. 4,5,6 in this

22  motion. MURGIA V. MUNICIPAL COURT, 15 CAL. 3D 286, 294-303 (1975); PEOPLE V.

23  HITCH COURT,  2 CAL. 3D 641, 645-655 (CAL. 174). When a defendant makes a

24  plausible justification for discovery, the court must grant the motion if the

25  information request is in the investigative agancy possession such as the " pro-

26  secutors, court clerk's" However, in some rare cases,

27  //

28  //

(5)

1  the items may be maintain by the courts clerk, a plausible justification makes a

2  prima facia showing for this relief on discovery request, **PINCHESS V. SUPERIOR CO-**

3  **URT,** 2 CAL 3D 531, 536 (1974); and **PERKIS V. SUPERIOR COURT,** 99 CAL. APP. 3D

4  730, 773 (1979); a plausible justification standard may be satisfied by a declar-

5  ation on information and belief, **PEOPLE V. MUNICIPAL COURT,** (Street) 89 CAL. APP.

6  3D 739, 743 (1979).

7

8  **CONCLUSION:**

9  Petitioner respectfully under Penal Code 1054- 1054.7 and under law cited herein

10  to oder the court clerk of (San Diego County) to produce the requested discovery

11  items they are already in the possession of this court who's clerk stores evidence

12  used in a trial after the trial ends, see the items requests (exhibit - C) and

13  p.p. 4,5,6 of this motion. Petitioner further moves this court to schedule a hear-

14  ing at the court's earliest convenience if the NovEmber 30, 2002 date can not be

15  met. Finally, in the interest of justice, petitioner, request for an appointment

16  of counsel **PEOPLE V. BATON,** 21 CAL. 3D 513, 513, 519 n. 3 (1979) **PEOPLE V. BANNER,**

17  3 CAL. APP. 1315 (1992); cf, Penal Code 1405(C). In the instant motion defendant

18  claims that he is factually innocent of the charges and requests DNA testing pur-

19  suant to the recently enacted SB-1342 P.C. 1405 and 1417.9. Defendant requests the

20  following items to be tested.

> 1. Defendant's samples
> 2, Defendant's Blood
> 3. Female Victims rape kits
> 4. Female VIctims clothing

24  Penal Code 1405(b) requries that the evidence to be tested " Is available and

25  in a condition that would permit the DNA testing that is requested in the motion".

26  //

27  //

28  //

(6)

1    //

2    //

3    //

4    //

5    //

6    //

7    //

8    //

9    //

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20    I declare under penalty of perjury  and the laws of the state of California,
     that the foregoing is true. This Motion was executed on October 30, 2002. Tracy,
21   CA.

22                                        Respectfully Submitted,

23                                        Nathan Kevin Turner
                                          C-44886 - D-130
24                                        P.O. Box 600
                                          Tracy, CA. 95378
25

26                                        In Propria Prosonam

27

28                          (7)

DECLARATION

1. I declare that Nathan Kevin Turner, am the declarant here in and that I reside at Tracy, State Prison, P.O. Box 600 Tracy, CA. 95378.

2. I declare that in (1982) i was convicted on March 22, 1982 by jury trial for burglary, robbery, rape, Penal code 459 1st degree, Penal Code 211, and Penal Code 261.2 and that I was sentenced to Prison for 174 years and 4 months sentence.

3. I declare that I am innocent of the accused crime and that I have been maintaining my innocence for 20 years and that I stand falsely accused and convicted, and I never confessed any crime.

4. I declare that I need any and all of the discovery items listed in this mot-at p.p. 4,5,6 and(Exhibit - A ) for  DNA testing to exonerate myself for a crimes I did not commit, See Penal Code 1405(a)(k), I have previously contacted this court for discovery items to no avail, now that this court is aware that its clerk is in possession of these items, intervention cooperation by the court for discovery motion is necessary.

I declare under penalty of perjury and the laws of California that this declaration is true. This declaration was executed on October30 , 2002 at Tracy, CA. 95378.

Respectfully Submitted

Nathan Kevin Turner
C-44886 - D-130
P.O. BOX 600
Tracy, CA. 95378

(8)

Mr. nathan Kevin Turner _____ (your name)

C-44886 - D-130 _____ (CDC #)

P.O. Box 600

Tracy, CA 95378-0600

In Pro per

| | | |
|---|---|---|
| **STATE OF CALIFORNIA IN THE** | ) | **CASE NO.** _____ |
| **COUNTY OF SAN JOAQUIN** | ) | |
| _____ | ) | **PROOF OF SERVICE BY MAIL** |

I am a citizen of the United States and a resident of the state of California. I'm incarcerated in a California Prison. I'm over the age of 18 years, and a party to the within action.

I served the following document to each of the persons named below at the address shown. By placing a true copy in a sealed envelope with postage fully prepaid in the U.S. Mail at the Institutional mailroom.

## DOCUMENT:

* MOTION FOR DNA TESTING

* MOTION FOR APPOINTMENT OF COUNSEL

* MOTION FOR NEW TRIAL

## PARTIES SERVED:

SAN DIEGO COUNTY SUPERIOR COURT
Courthouse
220 W. Broadway
P.O Box 2724
San Diego, Ca. 92112

I declare under penalty of perjury the above statements are true and correct. This document

executed on the ___30___ Day of ___October___ 200 2 , in the city of Tracy,

San Joaquin County, California. By: ___nathan Kevin Turner___ print your name

SIGNED: _Nathan Kevin Turner_

EXH.  7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN DIEGO

PEOPLE OF THE STATE OF CALIFORNIA,    )    CR 56189
                                       )
                 Plaintiff/Respondent, )
                                       )    ORDER DENYING MOTION FOR DNA
NATHAN KEVIN TURNER,                   )    TESTING WITHOUT PREJUDICE;
                                       )    ORDER APPOINTING COUNSEL FOR
                 Defendant/Petitioner. )    DNA MOTION; AND ORDER TO
                                       )    PRESERVE EVIDENCE
                                       )
_____)

THIS COURT, HAVING READ THE MOTION FILED IN PROPRIA PERSONA FOR

DNA TESTING AND REVIEWED THE FILE IN THE ABOVE ENTITLED MATTER,

FINDS AS FOLLOWS:

On December 4, 2002, Petitioner Nathan Kevin Turner filed with this court a motion for

DNA testing, pursuant to Penal Code § 1405.

Petitioner's motion for DNA testing does not meet the statutory prerequisites of Penal

Code § 1405. It is therefore denied without prejudice.

Despite the fact that Petitioner has not filed a motion for DNA testing that is in

compliance with the provisions of the statute, pursuant to Penal Code § 1405(b), the court is

appointing counsel in response to Petitioner's request. Therefore, the Office of the Public

Defender is appointed to represent Petitioner to investigate and, if appropriate, to file a motion

for DNA testing. Petitioner, through his counsel, shall have 90 days from the date of this order

in which to file a motion for DNA testing in accordance with the provisions of Penal Code §

-1-

1405. Thereafter, the People will be permitted the statutory time of 60 days in which to file their response to the motion. If Petitioner determines that a motion for DNA testing would lack merit, he shall file a notice of abandonment of the motion with the court and serve the People within the 90-day period.

It is further ordered that all evidence presently existing and held by any government agencies shall be preserved. The San Diego County District Attorney's Office is ordered to direct copies of this order to the appropriate government agencies that may maintain evidence in this case.

Service of this Order is ordered on: (1) the Office of the San Diego County Public Defender (Susan P. Clemens, DPD); (2) the San Diego Office of the California Attorney General; (3) the San Diego County District Attorney's Office (George W. Clarke, DDA); and (4) Petitioner.

IT IS SO ORDERED.

DATED: ____________

PETER C. DEDDEH
JUDGE OF THE SUPERIOR COURT

I hereby certify that the foregoing instrument is a full, true & correct copy of the original on file in this office, that said document has not been revoked, annulled or set aside, and it is in full force and effect.

Attest: ____________
STEPHEN THUNBERG, Clerk of the Superior Court of the State of California, in and for the County of San Diego

By ____________ Deputy

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1555 6TH AVE, SAN DIEGO, CA 92101-3294<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA DIVISION, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 W. MELROSE DR., VISTA, CA 92083-6634 | F I L E D<br>Clerk of the Superior Court<br>DEC 1 3 2002<br>By: J. MORSE, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>PEOPLE OF THE STATE OF CALIFORNIA | |
| DEFENDANT(S)/RESPONDENT(S)<br><br>NATHAN KEVIN TURNER | JUDGE: PETER C. DEDDEH<br><br>DEPT: 11 |
| CLERK'S CERTIFICATE OF SERVICE BY MAIL<br>(CCP 1013a(4)) | CASE NUMBER<br>CR56189 |

I, STEPHEN THUNBERG, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

ORDER DENYING MOTION FOR DNA TESTING WITHOUT PREJUDICE; ORDER APPOINTING COUNSEL FOR DNA MOTION; AND ORDER TO PRESERVE EVIDENCE

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at: ☒ San Diego ☐ Vista ☐ El Cajon ☐ Chula Vista ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| NATHAN KEVIN TURNER | C-44886 - D-130<br>P.O. BOX 600<br>TRACY CA 95378 |
| SUSAN P. CLEMENS<br>DEPUTY PUBLIC DEFENDER | DEPARTMENT OF THE PUBLIC DEFENDER<br>233 A STREET, SUITE 500<br>SAN DIEGO CA 92101 |
| GEORGE W. CLARKE<br>DEPUTY DISTRICT ATTORNEY | OFFICE OF THE DISTRICT ATTORNEY<br>P.O. BOX 121011<br>SAN DIEGO CA 92112-1011 |
| OFFICE OF THE ATTORNEY GENERAL | 110 W. A STREET, SUITE 1100<br>SAN DIEGO CA 92101 |

STEPHEN THUNBERG
CLERK OF THE SUPERIOR COURT

Date: 12-13-02                    by _____, Deputy

**CENTRAL OFFICE**
233 "A" Street, Suite 500
San Diego, CA 92101-4009
(619) 338-4700
FAX (619) 338-4811

**NORTH COUNTY BRANCH**
400 S. Melrose Drive, Suite 200
Vista, CA 92083-6627
(760) 945-4000
FAX (760) 726-1308

**SOUTH BAY BRANCH**
765 Third Avenue, Suite 100
Chula Vista, CA 91910-5842
(619) 498-2001



## County of San Diego

### Department of the Public Defender
Steven J. Carroll
Public Defender

**EAST COUNTY**
250 E. Main Street, Sixth Fl.
El Cajon, CA 92020
(619) 579-3316
FAX (619) 441-4744

**JUVENILE - DELINQUENCY**
8525 Gibbs Drive, Suite 105
San Diego, CA 92123-2709
(858) 974-5757
FAX (858) 974-5858

**JUVENILE - DEPENDENCY**
8525 Gibbs Drive, Suite 300
San Diego, CA 92123-2709
(858) 974-5700

November 21, 2003

Writer's Direct Telephone: (619) 338-4777
E-mail:sclemepd@co.san-diego.ca.us
FAX: (619) 338-4811

Mr. Nathan K. Turner
C44886
2B2-10L
PO Box 715071
Folsom State Prison
Represa, CA 95671-5071
RE:     PC1405 DNA TEST MOTION, CR 56189

Mr. Turner:

    Here is another update on your case - I appeared in court on November 18, 2003. Alvarado Hospital sent over a small package of sealed records on one victim but apparently no samples capable of being re-tested.  The current owner/managers of the old Community Hospital are searching for records and/or samples on the rape kits.

    I have enclosed the declarations from the court and San Diego Police Department regarding the destruction of evidence. I scheduled a hearing on January 30, 2004 in order to have the court review any medical records delivered. Unfortunately it does not look like any evidence still exists in this case. If no evidence exists then we obviously can not file a PC 1405 motion.

    Please contact me so that we can discuss this case, telephone number (619) 338-4777. . I will be out of my office until 12/2/03.

Sincerely,

Susan P. Clemens
Deputy Public Defender

1  STEVEN J. CARROLL
   Public Defender
2  County of San Diego
   SUSAN P. CLEMENS
3  Deputy Public Defender
   State Bar Number: 122337
4  233 "A" Street, Suite 500
   San Diego, California 92101
5  Telephone: (619) 338-4777
6
7  Attorneys for Defendant
   NATHAN KEVIN TURNER
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                 IN AND FOR THE COUNTY OF SAN DIEGO
11
12
13  THE PEOPLE OF THE STATE OF      )        CASE NO.  CR 56189
    CALIFORNIA,                     )        D.A. NO.    A55529
14                                  )
                 Plaintiff,         )        DECLARATION OF WILLIAM
15                                  )        NICKS
                                    )
16      v.                          )
    NATHAN KEVIN TURNER,            )
17                                  )
                 Defendant.         )
18                                  )
                                    )
19  _____)
20
21
22  I, William Nicks, HEREBY DECLARE:
23
    1) That I am the Senior Exhibit Custodian for the Superior Court of California, County of San Diego, at
24
    the downtown San Diego courthouse; and
25
26  2) That I have conducted a search for any exhibits retained by the Superior Court in the above-captioned
27  case. I have reviewed the exhibit room logs for CR 56189 which state that certain exhibits were released
28

1  by court order. The exhibit room log states that in February, 1993, all remaining evidence in case CR 56189

2  was destroyed. The exhibit room log consists of a locator card with the date of destruction as well as the

3  signature and dates pertaining to any releases prior to destruction.

4     I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

5

6  Executed in San Diego, California, on September **24** ,2003.

7

8

9  Dated: **24 Sept 03**

10                                         WILLIAM NICKS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | STEVEN J. CARROLL
Public Defender
2 | County of San Diego
SUSAN P. CLEMENS
3 | Deputy Public Defender
4 | State Bar Number: 122337
233 "A" Street, Suite 500
5 | San Diego, California 92101
Telephone: (619) 338-4777
6 |
7 | Attorneys for Defendant
NATHAN KEVIN TURNER
8 |
9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
10 |
11 | IN AND FOR THE COUNTY OF SAN DIEGO
12 |
13 | THE PEOPLE OF THE STATE OF          )      CASE NO.  CR 56189
CALIFORNIA,                          )      D.A. NO.    A55529
14 |                                   )
                                      )
15 |         Plaintiff,                )      DECLARATION OF EDWARD
                                      )      FARRELL
16 | v.                                )
NATHAN KEVIN TURNER,                 )
17 |                                   )
                                      )
18 |         Defendant.                )
                                      )
19 | _____)
20 | I, Edward Farrell, HEREBY DECLARE:

21 | 1) That I am a Police Property Room Supervisor for the San Diego Police Dept.  I have been employed in

22 | the property room since 1974 and been supervisor since 1990;

23 | 2) That I have conducted a search of the property room and contacted the San Diego Police Lab in order to

24 |

25 | locate information about the existence of any evidence in the above-captioned case, and was unable to locate

26 | any evidence in this case;

27 | ///

28 |

3) Further that I did locate the property tag records and determined as follows:

Rape Kit Property Tag numbers 255480, 256041, 256256, 256886, 257104, 257348, 257815, 258830, 258987, 260149, 261553, 261701, 255372, and 251663 reflect that the rape kit evidence on these tags was turned over to the court and not returned to the San Diego Police Department;

The disposition of Rape Kit Property Tag numbers 255280 and 248816 could not be determined.

4) Certain items on some of the property tags was released to the victims pursuant to court order. I located property tag and release information as follows:

Property Tag # 255372: one purple robe, one yellow pillow, two green sheets, one pillowcase, one yellow comforter and one yellow blanket were released to the victim.

Property Tag # 257815: one wallet and contents and one key ring.

10) That to the best of my knowledge there is no other means of searching for evidence or records in this case.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in San Diego, California, on September     ,2003.

Dated: 9·12·03

EDWARD FARRELL

EXH. 10

**CENTRAL OFFICE**
233 "A" Street, Suite 500
San Diego, CA 92101-4009
(619) 338-4700
FAX (619) 338-4811

**NORTH COUNTY BRANCH**
400 S. Melrose Drive, Suite 200
Vista, CA 92083-6627
(760) 945-4000
FAX (760) 726-1308

**SOUTH BAY BRANCH**
765 Third Avenue, Suite 100
Chula Vista, CA 91910-5842
(619) 498-2001



## County of San Diego

### Department of the Public Defender
Steven J. Carroll
Public Defender

**EAST COUNTY**
250 E. Main Street, Sixth Fl.
El Cajon, CA 92020
(619) 579-3316
FAX (619) 441-4744

**JUVENILE - DELINQUENCY**
8525 Gibbs Drive, Suite 105
San Diego, CA 92123-2709
(858) 974-5757
FAX (858) 974-5858

**JUVENILE - DEPENDENCY**
8525 Gibbs Drive, Suite 300
San Diego, CA 92123-2709
(858) 974-5700

February 13, 2004

Writer's Direct Telephone: (619) 338-4777
E-mail:sclemepd@co.san-diego.ca.us
FAX: (619) 338-4811

Mr. Nathan K. Turner
C44886
2B2-10L
PO Box 715071
Folsom State Prison
Represa, CA 95671-5071
RE:    PC1405 DNA TEST MOTION, CR 56189

Mr. Turner:

       The court released the records from Alvarado Hospital on 2/6/04. The records concern one victim only and do not contain any information which could lead us to evidence. The records refer only to the original samples which were sent over to the police station and ultimately destroyed. Additionally the current owner/managers of the old Community Hospital had employees search through boxes left behind at that facility and found nothing pertaining to the victims in this case.

       We are unable to proceed with DNA testing because all of the evidence is gone. We are now looking into the timing and circumstances of the destruction of evidence to determine if there is any relief available to you for illegal destruction of evidence.

       I will again review the court file, which is on microfiche, to search for a destruction of evidence notice. I could not locate any such notice earlier and the court exhibit room did not have that notice on file. I am also interested in contacting your original trial attorney and appellate attorney to determine if they received any notice.

       Additionally, I am trying to determine when you filed any appeals or writs. Would you please advise me of all of the post-conviction appeals, writs or motions you filed; and where and when you filed those documents? I have enclosed a stamped, self-addressed envelope for you to write back with the information. I have copies of several documents you filed but I need to be sure that we are not missing any motions, writs or appeals you filed.

Thank you for your cooperation in this matter.

Sincerely,

Susan P. Clemens
Deputy Public Defender

1

2

3

4

5

6

7

F I L E D
Clerk of the Superior Court

SEP - 3 2004

By: K. D. STURDIVANT, Deputy

8      **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9          **IN AND FOR THE COUNTY OF SAN DIEGO**

10

11   IN THE MATTER OF THE APPLICATION OF: )   HC 14929 (3rd Petition)
                                          )   CR 56189
12                                        )
                                          )
13   NATHAN KEVIN TURNER,                 )
                                          )   ORDER DENYING PETITION FOR WRIT
14                                        )   OF HABEAS CORPUS
                                          )
15          Petitioner                    )
                                          )
16   ─────────────────────────────────

17          THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS

18   AND THE FILES IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

19          In 1982 a jury convicted Petitioner of 17 counts of rape, 17 counts of burglary, 12 counts

20   of robbery, 2 counts of assault with the use of a weapon and 1 count of peeping Tom activity.

21   Petitioner was sentenced to prison for 174 years and 4 months.  His conviction and sentence

22   were affirmed on appeal.  (Fourth District Court of Appeal, Div. I, Case No. 4 Crim. 13857.)

23   Petitioner subsequently sought habeas corpus relief in this court and the Court of Appeal.  Each

24   of these petitions was denied.

25          In a petition for writ of habeas corpus, filed July 21, 2004, Petitioner argued his sentence

26   violates double jeopardy protections and the prohibition against the dual use of the same facts.

27   For the reasons that follow, the petition is denied.

28

1   These claims simply restate and reformulate those previously rejected on direct appeal

2   and on habeas corpus review.  In 1983 the Court of Appeal found that Petitioner had been

3   "properly sentenced according to relevant statutes." (Decision, pg. 8.) The Court of Appeal also

4   rejected similar habeas corpus claims in 1997. (Fourth District Court of Appeal, Div. I, Case No.

5   D029361.  See also San Diego County Superior Court orders dated May 19, 1997 and March 13,

6   1998.)

7        Where an issue was previously raised and rejected on appeal and the petitioner does not

8   allege sufficient justification for renewal of the issue on habeas corpus, the petitioner is

9   procedurally barred from raising the issue again. (*In re Harris* (1993) 5 Cal. 4th 813, 825.)

10  Similarly, when a petition for writ of habeas corpus has once been denied, new applications

11  based on the same grounds will be denied unless there has been a change in the existing facts or

12  the law. (*In re Lynch* (1972) 8 Cal.3d 410, 439 fn.26; *In re Miller* (1941) 17 Cal.2d 734.)

13  Petitioner has not shown any justification for the repeated assertion of these claims or established

14  that recent changes in the law warrant further review.

15       Furthermore, to the extent that Petitioner's claims could be construed as raising new

16  issues, they are untimely.  Successive and/or piecemeal petitions are improper.  Unless a

17  petitioner can justify the filing of numerous habeas corpus petitions, the reviewing court may

18  summarily deny the current petition in its entirety. (*In re Clark* (1993) 5 Cal.4th 750, 767-75)

19  "[A] defendant is not permitted to try out his contentions piecemeal by successive proceedings

20  attacking the validity of the judgment against him." Id. [quoting *In re Connor* (1940) 16 Cal.2d

21  701, 705.] Petitioner knew the facts underlying the present claims no later than 1982. Petitioner

22  has not explained why any arguably new claims now being made were not asserted in his

23  previous petitions or on direct appeal.

24       A copy of this Order shall be served upon Petitioner and the San Diego Office of the

25  District Attorney (Kim-Thoa Hoang).

26       IT IS SO ORDERED.

27  DATED: ___9/3/04___                    _William H. Kennedy_
                                            WILLIAM H. KENNEDY
28                                          JUDGE OF THE SUPERIOR COURT

-2-

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102

FOR COURT USE ONLY

**F I L E D**
Clerk of the Superior Court

SEP 0 3 2004

By: J. EAGLIN, Deputy

PLAINTIFF(S)/PETITIONER(S)

The People of The State of California

DEFENDANT(S)/RESPONDENT(S)

NATHAN KEVIN TURNER

JUDGE: ____

DEPT: ____

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
**(CCP 1013a(4))**

CASE NUMBER

HC 14929

---

I, **STEPHEN LOVE**, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS COPRUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego  ☐ Vista  ☐ El Cajon  ☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

| <u>NAME</u> | <u>ADDRESS</u> |
|---|---|
| NATHAN KEVIN TURNER<br>C-44886 | CSP- SOLANO  C-44886  7-124L<br>VACAVILLE, CA 95696 |
| KIM-THOA HOANG, CHIEF<br>APPELLATE AND TRAINING DIVISION | HALL OF JUSTICE, SUITE 920<br>330 WEST BROADWAY<br>SAN DIEGO, CA 92101 |

STEPHEN LOVE
CLERK OF THE SUPERIOR COURT

By _____, Deputy

Date: 09/03/04

---

SDSC CIV-286(Rev 11-99)          **CLERK'S CERTIFICATE OF SERVICE BY MAIL**



CENTRAL OFFICE
233 "A" Street, Suite 500
San Diego, CA 92101-4009
(619) 338-4700
FAX (619) 338-4811

NORTH COUNTY BRANCH
400 S. Melrose Drive, Suite 200
Vista, CA 92083-6627
(760) 945-4000
FAX (760) 726-1308

SOUTH BAY BRANCH
765 Third Avenue, Suite 100
Chula Vista, CA 91910-5842
(619) 498-2001
FAX (619) 498-2039

EAST COUNTY BRANCH
250 E. Main Street, Sixth Fl.
El Cajon, CA 92020
(619) 579-3316
FAX (720) 441-4744

JUVENILE DELINQUENCY
8525 Gibbs Drive, Suite 105
San Diego, CA 92123-2709
(858) 974-5700
FAX (858) 974-5858

JUVENILE DEPENDENCY
8525 Gibbs Drive, Suite 300
San Diego, CA 92123-2709
(858) 974-5757
FAX (858) 974-5711

# County of San Diego

## DEPARTMENT OF THE PUBLIC DEFENDER

STEVEN J. CARROLL
PUBLIC DEFENDER

March 17, 2005

Mr. Nathan K. Turner
C44886
CCI 4BSHU
P.O.Box 1906
Tehachapi, CA. 93581
RE: PC1405 DNA Test Motion, CR56189

Mr. Turner:

The volunteer at Golden Gate University School of Law Innocence Project was finally able to review your federal case at the 9th Circuit. You should know that we have requested their assistance, on a volunteer basis, since July, 2004 and have contacted them in October and again in December and January to ask for the file review. They had considerable problems locating the file and having a volunteer available to review it. I am enclosing a copy of the documents sent to me from the federal file.

You did not serve the documents on the Superior Court of San Diego in your federal case. You did not request preservation of the evidence in your federal court filings.

We located the service of process on the Attorney General's office only on 10/19/91;10/19/91;7/21/92/7/27/92;7/30/92 and 11/3/93. The federal filings begin after the destruction of evidence order was issued by the Superior Court in 1987 and continue past the 2/93 destruction of evidence.

At indicated to you in 2/2004, the evidence has been destroyed so this office can not file a PC1405 motion. Now that we have finally finished the review of the federal court file it can not be shown that the evidence was wrongfully destroyed. We can not seek testing under PC 1405. We can not seek relief for the destruction of evidence.

I informed the court in January, 2004 that we could not request testing under PC 1405 because the evidence was destroyed. The presiding Judge recently contacted me about your letter to him requesting an update on the case. I will inform the court that our investigation is at an end and we have no basis for filing under PC1405 or for the wrongful destruction of evidence.

Sincerely,

Susan P. Clemens
Deputy Public Defender



**CENTRAL OFFICE**
233 "A" Street, Suite 500
San Diego, CA 92101-4009
(619) 338-4700
FAX (619) 338-4811

**NORTH COUNTY BRANCH**
400 S. Melrose Drive, Suite 200
Vista, CA 92083-6627
(760) 945-4000
FAX (760) 726-1308

**SOUTH BAY BRANCH**
765 Third Avenue, Suite 100
Chula Vista, CA 91910-5842
(619) 498-2001
FAX (619) 498-2039

**EAST COUNTY BRANCH**
250 E. Main Street, Sixth Fl.
El Cajon, CA 92020
(619) 579-3316
FAX (720) 441-4744

**JUVENILE DELINQUENCY**
8525 Gibbs Drive, Suite 105
San Diego, CA 92123-2709
(858) 974-5700
FAX (858) 974-5858

**JUVENILE DEPENDENCY**
8525 Gibbs Drive, Suite 300
San Diego, CA 92123-2709
(858) 974-5757
FAX (858) 974-5711

# County of San Diego

## DEPARTMENT OF THE PUBLIC DEFENDER

**STEVEN J. CARROLL**
PUBLIC DEFENDER

F I L E D
Clerk of the Superior Court
MAR 2 3 2005
By: J. Walsh, Deputy

March 17, 2005

Hon. Judge Michael Wellington
Presiding Judge, Criminal Courts
San Diego Superior Court
Dept. 11
San Diego Superior Courthouse
220 W. Broadway
San Diego, CA. 92101
RE: PC1405 DNA Test Motion CR56189

Judge Wellington:
   Thank you for the opportunity to review Mr. Turner's letter. We replied to his letter today, 3/17/05. We informed Presiding on 1/30/2004 and Mr. Turner on 2/13/2004 that all evidence had been destroyed and we would not be able to pursue testing per PC 1405.

   This office also reviewed the case for possible wrongful destruction of evidence which required the services of volunteers at Golden Gate University School of Law Innocence Project to obtain the federal case file. Our investigation is now complete on that matter and we have determined that it can not be shown that the evidence was wrongfully destroyed and therefore we will not seek testing or relief under PC 1405. We have informed Mr. Turner of this information.

   If you need additional information on this matter please feel free to contact Susan Clemens at (619)338-4777, or Gary Nichols, Supervisor, Writs & Appeals Unit, at (619)338-4768.
   Sincerely,

Susan P. Clemens
Deputy Public Defender

1

2

3

4

5

6

7

F I L E D

Clerk of the Superior Court

MAY 3 1 2005

BY: TERI SMITH

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF SAN DIEGO

10

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | HC 14929 – Fourth Petition |
| ) | |
| OF: ) | CR 56189 |
| ) | |
| ) | ORDER DENYING PETITION |
| ) | FOR WRIT OF HABEAS |
| NATHAN KEVIN TURNER, ) | CORPUS |
| ) | |
| Petitioner. ) | |

17          THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS,

18     AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

19          In March 1982, a jury convicted Petitioner of multiple counts of rape, burglary, robbery,

20     assault with the use of a weapon, and peeping Tom activity.  His conviction and sentence were

21     confirmed on appeal.  (Fourth District Court of Appeal, Div. I, Case No. 4 Crim. 13857).

22     Petitioner then filed a habeas corpus petition in the United States District Court, Southern

23     District of California.  This petition was denied on September 19, 1990.

24          Petitioner subsequently sought habeas corpus relief in this Court and the Court of

25     Appeal.  Each of these petitions was denied.  Petitioner filed his first habeas corpus petition,

1

1    raising 11 counts, including the argument that imposition of consecutive sentences violated the

2    prohibition against dual use of the same facts.  That petition was denied on May 19, 1997.

3    Petitioner then filed a petition with the Fourth District Court of Appeal on the same issues.  The

4    Court of Appeal denied the petition on October 30, 1997.  (Fourth District Court of Appeal,

5    Div. I, Case No. D029361).  Petitioner filed a second petition arguing for the introduction of

6    DNA evidence.  This petition was denied on March 13, 1998.  Petitioner then filed a third

7    petition arguing that imposition of aggravated and consecutive sentences violated the

8    prohibition against dual use of the same facts.  This petition was denied on September 3, 2004.

9         Petitioner has now brought a Fourth Petition for Writ of Habeas Corpus in this Court.

10    Petitioner is arguing the Court erred in sentencing Petitioner to both aggravated and consecutive

11    sentences on counts 5, 6, 8, 11, 14, 17, 20, 22, 25, 34, 38, 42, 45, 47, and 54.  For the reasons

12    that follow, the petition is denied.

13         The Court finds that this fourth petition raises arguments that were previously rejected

14    on direct appeal and on habeas corpus review.  In 1983, the Court of Appeal found that

15    Petitioner had been "properly sentenced according to relevant statutes." (Decision, p. 8).  The

16    Court of Appeal also rejected similar habeas corpus claims in 1997.  (Fourth District Court of

17    Appeal, Div. I, Case No. D029361; see also San Diego Superior Court orders dated May 19,

18    1997, March 13, 1998, and September 3, 2004).

19         Habeas corpus cannot serve as a second appeal. (*In re Huffman* (1986) 42 Cal.3d 552,

20    554-55; *In re Terry* (1971) 4 Cal.3d 911, 927).  When a petition has once been denied, the

21    policy of this court is to deny new applications based on the same grounds unless there has been

22    a change in the existing facts or the law. (*See In re Lynch* (1972) 8 Cal.3d 410, 439 fn.26; *In re*

23    *Miller* (1941) 17 Cal.2d 734).

24         Petitioner cites no new facts or law to justify reconsideration of the identical issue raised

25    and rejected in his previous petitions. The claim of aggravated and consecutive sentences has

2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102

PLAINTIFF(S)/PETITIONER(S)

The People of The State of California

DEFENDANT(S)/RESPONDENT(S)

NATHAN KEVIN TURNER

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**
**(CCP 1013a(4))**

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

MAY 31 2005

By: _____ Deputy

JUDGE: _____

DEPT: _____

CASE NUMBER
HC14929
CR56189

I, **STEPHEN LOVE**, certify that:  I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:    ☒ San Diego    ☐ Vista    ☐ El Cajon    ☐ Chula Vista    ☐ Oceanside    ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| NATHAN KEVIN TURNER<br>C-44886        4B/3A - 109L | CALIFORNIA CORRECTIONAL INSTITUTE<br>P.O. BOX 1906<br>TEHACHAPI, CALIFORNIA, 93581 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112 |

STEPHEN LOVE
CLERK OF THE SUPERIOR COURT

Date: 5/31/05 _____           By _____, Deputy

SDSC CIV-288(Rev 11-99)                    **CLERK'S CERTIFICATE OF SERVICE BY MAIL**



# Superior Court of California
## County of San Diego

CENTRAL COURTHOUSE
220 W. BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

August 3, 2005

Nathan Turner  C-44886
A5-135
CSP LAC
44750 6th Street West
Lancaster, CA. 93536-7619

RE: DNA testing
CR 56189

Dear Mr. Turner:

The Court is in receipt of your letter of June 4, 2005, requesting a final ruling on your request for DNA.

First, the Judge did not read your letter, because to do so would be a violation of the judicial code of ethics. There is no indication that you sent a copy of this letter to the prosecution in order for the People to respond, so the Judge cannot read just one side of an issue.

However, the Court is not clear what it is about your situation with DNA that you do not understand. The enclosed letter to the Court from Susan Clemens, dated March 17, 2005, a copy of which you state you also received, makes it very clear that there could not be any DNA testing in this case because evidence had been destroyed.

Therefore, the Court cannot make any final order regarding this testing if the evidence has been destroyed. It is impossible to test something that does not exist. It appears from the Court file that Ms. Clemens attempted to file a motion but her investigation revealed that this evidence had been destroyed. It also appears from the Minute Order of a hearing on February 6, 2004, (see copy attached) that medical records were opened and reviewed in open court. It is assumed that this is the approximate time when it was learned that the necessary evidence had been destroyed.

Thus, there is nothing further that this Court can do. You may direct any/all further questions regarding this issue to Ms. Clemens at the Office of the Public Defender.

Sincerely,

San Diego Superior Court

Cc: Susan Clemens

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

SE **CR 56189**  DA **A5552901**  BKG

DATE **02-06-04** AT **2:00 p.m.** IN DEPARTMENT **11**

)GE: **HON. FRANK A. BROWN**

ERK: **FRANCES L. MERCER**

REPORTER: **VERGIL CHRISTENSON, CSR # 2889**
REPORTER'S ADDRESS: P.O. BOX 120128, SAN DIEGO, CA 92112-0128

**LAMBORN, DANIEL G.**, Deputy District Attorney
COUNSEL FOR THE PEOPLE

IE **PEOPLE OF THE STATE OF CALIFORNIA,**
PLAINTIFF,

vs.

**CLEMENS, SUSAN**, Deputy Public Defender
COUNSEL FOR THE DEFENDANT

.THAN KEVIN TURNER,
DEFENDANT.

## OLATIONS

Ct(s):  Ct. 1 PC1320.5; Ct. 2 PC261(2); Ct. 3 PC261(2); Ct. 4 PC261(2); Ct. 5 PC261(2); Ct. 6 PC261(2); Ct. 7 PC261(2); Ct. 8 PC261(2); Ct. 9 PC261(2); Ct. 10 PC261(2); Ct. 11 PC261(2); Ct. 12 PC261(2); Ct. 13 PC261(2); Ct. 14 PC261(2); Ct. 15 PC261(2); Ct. 16 PC261(2); Ct. 17 PC261(2); Ct. 18 PC261(2); Ct. 19 PC261(2); Ct. 20 PC261(2); Ct. 21 PC261(2); Ct. 22 PC261(2); Ct. 23 PC261(2); Ct. 24 PC261(2); Ct. 25 PC261(2); Ct. 26 PC261(2); Ct. 27 PC261(2); Ct. 28 PC261(2); Ct. 29 PC261(2); Ct. 30 PC261(2); Ct. 31 PC220; Ct. 32 PC220; Ct. 33 PC220; Ct. 34 PC261(2); Ct. 35 PC261(2); Ct. 36 PC261(2); Ct. 37 PC261(2); Ct. 38 PC261(2); Ct. 39 PC261(2); Ct. 40 PC261(2); Ct. 41 PC261(2); Ct. 42 PC261(2); Ct. 43 PC261(2); Ct. 44 PC261(2); Ct. 45 PC261(2); Ct. 46 PC261(2); Ct. 47 PC261(2); Ct. 48 PC261(2); Ct. 49 PC647(h); Ct. 50 PC647(h); Ct. 51 PC220; Ct. 52 PC220; Ct. 53 PC220; Ct. 54 PC261(2); Ct. 55 PC261(2)

## THER MOTION HEARING

The defendant is not present.

The Court hears defendant's motion for release of subpoenaed records PC1405 DNA retest post conviction

## USTODY STATUS

## THER

The Court opens and reviews medical records in open court. It is stipulated that the Court release medical records from Alvardo hospital to the people to review with defense counsel.

The people copy the medical records and return them to the clerk. The clerk returns the records to the file.

Page: 1 of 1

ORIGINAL

*Frank A. Brown*
Judge of the Superior Court

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

In re NATHAN KEVIN TURNER

on

Habeas Corpus.

D047370

(San Diego County
Super. Ct. No. CR 56189)

F I L E D
Stephen M. Kelly, Clerk
DEC 3 0 2005
Court of Appeal Fourth District

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Justices McDonald, O'Rourke and Irion. We take judicial notice of the direct appeal (4 Crim. No. 13857) and previous petition (D029361).

In 1982 a jury convicted Nathan Kevin Turner of 17 counts of rape, 17 counts of burglary, 12 counts of robbery, two counts of assault with weapon use, and one count of peeping Tom activity. All but the latter crime were with use of a weapon. The court sentenced Turner to prison for 174 years and four months.

Turner appealed, claiming his confession should not have been admitted at trial, trial counsel was ineffective, the jury was improperly instructed and his sentence was cruel and unusual. We rejected his claims and affirmed the judgment on August 15, 1983.

In 1997 Turner petitioned for habeas corpus relief claiming evidentiary, instructional, sentencing and other error. We denied the petition on October 3, 1997. Turner now claims his sentence is illegal, primarily because the court imposed aggravated and consecutive sentences. Turner's sentence was reviewed on appeal and he has not established his sentence is illegal. His claim the sentence is unauthorized because a jury did not determine the facts necessary to permit the judge to impose aggravated and consecutive sentences was rejected in *People v. Black* (2005) 35 Cal.4th 1238, 1244, in which our Supreme Court decided "the judicial factfinding that occurs when a judge exercises discretion to impose an upper term sentence or consecutive terms under California law does not implicate a defendant's Sixth Amendment right to a jury trial."

MC-275

Name NATHAN KEVIN TURNER

Address D5-105

CSP-LAC P.O. BOX 8457

Lancaster, CA 93539-8457

CDC or ID Number C 44886

## CALIFORNIA COURT OF APPEAL

## FOURTH APPELLATE DISTRICT - DIV. ONE
*(Court)*

**PETITION FOR WRIT OF HABEAS CORPUS**

NATHAN KEVIN TURNER
Petitioner

vs.

C.M. HARRISON (WARDEN)
Respondent

No. _____
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 (Rev. January 1, 1999)

**PETITION FOR WRIT OF HABEAS CORPUS**

WEST GROUP
Official Publisher

Page one of six

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

- [ ] A conviction
- [✓] A sentence
- [ ] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: NATHAN KEVIN TURNER

2. Where are you incarcerated? California State Prison - Los Angeles County

3. Why are you in custody? [✓] Criminal Conviction  [ ] Civil Commitment

Answer subdivisions a. through l. to the best of your ability.

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

17 Cts rape with use of a deadly weapon, 15 Cts burglary with use of a deadly weapon, 14 Cts robbery with use of a deadly weapon, 2 Cts att. assult with the use of a deadly weapon, 1 Ct disorderly conduct.

b. Penal or other code sections: Pen. Code. §261.2, §459, §220, §647(b), §211, §12022.(b), 12022.3(a).

c. Name and location of sentencing or committing court: California Superior Court, in the County of San Diego

d. Case number: CR 56189

e. Date convicted or committed: Feb. 8-9, 1982

f. Date sentenced: March 22, 1982

g. Length of sentence: 174 yrs. 4 mos.

h. When do you expect to be released? 2156

i. Were you represented by counsel in the trial court? [✓] Yes.  [ ] No.  If yes, state the attorney's name and address:

Hodge E. Crabtree III, 303 "A" street San Diego CA 92101

4. What was the LAST plea you entered? (check one)

[✓] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[✓] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)* VII

THE IMPROPER CHARGING OF THE SAME OFFENSES IN NUMEROUS COUNTS OF THE INDICTMENT OF INFORMATION, MULTIPLICITY VIOLATES THE FIFTH AMENDMENT PROTECTION AGAINST DOUBLE JEOPARTY, AS TO THE CRIMES INDEPENDENT OF THE PRINCIPAL TERM CRIME.

a. **Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

§ 1170.1 [Aggregate and consecutive terms for multiple convictions; imposition of additional terms; limitations on terms and enhancements.]

(a) Except as provided in subdivision (b) and subject to section § 654 when any person is convicted of two or more felonies, whether in the same proceeding or court in different proceedings or counts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under section 669 and § 1170, the aggregate term of imprisonment for all such convictions (s)hall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to section 667.5 or 667.6. The principal term (s)hall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to section § 12022, 12022.3, 12022.5, 12022.6, or
(SEE ATTACHED Ground 1 CONTINUED)

b. **Supporting cases, rules, or other authority (optional):**

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

People v. Lawson 107 C.A. 3d 748 (1980), [165 C.R. 764]; People v. Roberts (1978) 81 C.A. 3d 890, 893 [146 C.R. 777]; People v. Garfield (1979) 92 C.A. 3d 475 [154 C.R. 869]; People v. Smith (1980) 101 C.A. 3d 964 [161 C.R. 787]

1

7. Ground **2** or Ground __1__ (if applicable):
(CONTINUED)

§ 12.022.8. The subordinate term for each consecutive offenses which is a "violent felony" as defined in subdivision (c) of section §667.5, including those offenses described in paragraph (8) of subdivision (c) of section §667.5, (s)hall consist of one-third of the middle term of imprisonment prescribed

a. Supporting facts:

For each other such felony conviction for which a consecutive term of imprisonment is imposed and (s)hall include one-third of any enhancement imposed pursuant to section § 12022, 12022.5, 12022.7. (

1. The improper charging of the same offenses in numerous counts of the indictment or information, multiplicity violates the Fifth Amendment Protection Against Double Jeoparty, as to crimes independent of the principal term crime. People v. Lawson, (1980) 107 C.A. 3d 748 [165 C.R. 764] disallowed multiplicity as to crimes independent of the principal term crime. In petitioners case the court selected count #31 as the principal term. The court also selected the upper term of six years and added to that one year for the knife, for a total term of seven years for count #31. The "principal term" consists of the aggregate term of imprisonment imposed by the court for [a]ny of the crimes of which the petitioner stands convicted, including any enhancements imposed (Penal Code §1170.1, subdivison (a)(1) and 12022.3. The court violated these statues by selecting the upper term of eight years and added three years for the knife, for a total term of eleven years to run consecutive to the principal term count #31. For counts #5, 8, 11, 14, 17, 22, 25, 28, 34, 38, 42, 45, 47, and 54. By using the identical same set of facts as he used for count #31 and 5 (see Exh. A)

b. Supporting cases, rules, or other authority:

California Constitution both state and federal 5th, 6th, 14th Amendment.

7. **Ground 2 or Ground ____** *(if applicable):*

IMPOSITION OF AGGRAVATED AND CONSECUTIVE SENTENCES
IN VIOLATION OF PROHIBITION AGAINST DUAL USE OF SAME FACTS

a. Supporting facts:

Imposition of aggregate and consecutive sentences in violation of prohib-
ition against dual use of same facts: The trial court violated Pen. Code, §1170.
subdivision(b) prohibiting the dual use of fact to both aggravate and enhance
a sentence. In sentencing petitioner to an aggravated term for the
principal term, the adding consecutive terms for unrelated convictions.
The court used all of the same facts as reasons for the imposition of both
aggravated and consecutive sentences. In People v. Lawson, (1980) 107
C.A. 3d 748, the court held that the imposition of both the aggravated
and consecutive sentences violated Pen. Code § 1170. subd.(b) which pro-
hibits the dual use of any fact, including petitioners bad character to both
aggravate and enhance a sentence. The court held that a consecutive term
constitutes an enhancement within the dual use of facts prohibition.
"From the premise that the dual use of facts prohibition of Pen. Code Section
§ 1170, subd.(b) applies to the imposition of aggravated and consecutive
sentences, petitioner contends that since the trial court expressly relied
on the same facts for Count # 5, 8, 11, 14, 13, 20, 22, 25, 28, 34, 38, 42, 45, 49, and 54,
for the sentencing choices. A forbidden dual use occurred. Pen. Code Sec.
§ 1170. subd(b) provides in pertinent part: "(b) the court may not impose
an upper term by using the same facts used to enhance the sentence under section

b. Supporting cases, rules, or other authority:     (SEE ATTACHED GROUND #2)

People v. Lawson, (1980) 107 C.A. 3d 748 [165 C.R. 764] Penal Code
Section § 1170.(b), § 667.5, § 1170.1, § 12022, § 12022.3, § 12022.5,
§ 12022.6, § 12022.7 . . . Blakely v. Washington (2004) 542 U.S. ___, [124 S Ct.
2531]; 159 L. Ed 2d 403]; Apprendi v. New Jersey (2000) 530 U.S. 466,
490 [120 S. Ct. 2348] 147 L. Ed 2d 435

ATTACHED SHEET Ground 2

§ 667.5, § 1170.1, § 12022, § 12022.3, § 12022.5, § 12022.6, or 12022.7.

ADDITIONAL GROUNDS FOR RELIEF

Ground #3

(3)    CONSECUTIVE TERM AS SENTENCE ENHANCEMENT
       WITHIN DUAL USE OF FACTS PROHIBITION

3) Consecutive term as sentence enhancement within dual use of facts Prohibition:

The same fact may not be used to give the upper term as well as enhance the sentence (Pen. Code, § 1170. subd.(b). People v. Roberts, (1978) 81 C.A. 3d 890, 893 [146 C.R. 777]; and People v. Garfield, (1979) 92 C.A. 3d 475 [154 C.R. 869] held that it was an error for the trial Court to have used as an element of the decision to impose the upper term weapons possession, for which a separate enhancement was imposed (citing Pen. Code, Sec. § 1170. subd.(b) and California Rules of Court rule 441). In People v. Smith, (1980) 101 C.A. 3d 945 [161 C.R. 787] held that the fact of cocking a pistol could not justify the upper term in imposition of a "use" (Pen. Code Sec. § 12022.5) enhancement. Under Pen. Code Section § 669 and § 1170.1 subd. (a) the Judge has discretion to make each multiple count consecutive or concurrent, in choosing to make a multiple count consecutive herein after referred to as a "subordinate term" Pen. Code Sec. § 1170.1 Subd. (a) the Judge is exercising a "sentence choice" under rules § 405, subd.(b) and 425, and must ordinarily state his or her reasons on the record. Imposition of a subordinate term "for all of the same reasons" as listed for an upper term was held to violate the dual use of facts Prohibition. In this particular Petition,

4.

1  the judge violated the dual use of facts prohibition. "when he for all
2  the same reasons sentenced petitioner to the upper term of eight years
3  and enhanced petitioner for three years on Counts #5, 8, 11, 14, 17, 20,
4  22, 25, 28, 34, 38, 42, 47, and 54.(See Exhibit - B). See <u>People v. Lawson</u>
5  (1980) 107 C.A. 3d 748. Which is applicable to imposition of subordinate
6  Counts. People v. Lawson, supra, see note 22 (a subordinate term
7  is an enhancement and thus subject to such prohibition.

8              Ground #4 Ground for relief    XVIII

9          THE SENTENCING PROCESS AS WELL AS THE TRIAL
10         ITSELF MUST SATISFY REQUIREMENT OF THE DUE
11         PROCESS CLAUSE

12  #
13  #4. The sentencing process, as well as the trial itself must satisfy
14  requirements of the due Process Clause. Sentencing was a critical Stage
15  of a criminal proceeding at which the Petitioner was entitled to the
16  effective assistance of counsel, <u>Gardener v. Florida</u> 430 US. 349,
17  51 L. ed 2d 393, 97 S. Ct. 1197. Petitioner in the same case at bar was
18  denied due process when the judge for all the same reasons, violated the
19  dual use of facts prohibition, multiplicity violates the Fifth Amendment's
20  Protection against double jeopardy, as to crime. The Eight Amendment's
21  ban on cruel and unusual punishment was violated by the use of dual
22  facts in imposing 174 years which is a death sentence without the possi-
23  bility of parole.

24  //
25  //
26  //
27  //

5.

5.

PETITIONER'S UPPER TERM SENTENCE IS INVALID
AND IN VIOLATION OF HIS FEDERAL CONSTITUTIONAL
RIGHTS TO A JURY TRIAL AND DUE PROCESS,
BECAUSE THE AGGRAVATING FACTORS USED
TO JUSTIFY THE IMPOSITION OF THE UPPER
TERM WERE BASED ON FINDING MADE BY THE
TRIAL COURT RATHER THAN BY THE JURY AND
WERE IMPROPERLY BASED ON A REASONABLE
DOUBT OF THE EVIDENCE STANDARD

A.  Introduction

Following his conviction in the instant petition,
Petitioner was sentenced to State Prison for a term of
174 years 4mos. The sentence includes the imposition of
an upper term of eight Years on Counts 5, 8, 11, 14, 17, 22,
25, 28, 34, 38, 42, 45, 47 and 54 by using the identical same set of
facts as he used for Count #31. Exhibit-A) As discussed below,
Petitioner contends that this sentence is unconstitutional
and invalid, because it was based on factual determination
made by the Judge rather than the Jury, and was improperly
based on a reasonable doubt standard. This Court should
remand the matter for resentencing, with directions to the
Court to replace the upper term sentence of eight Years with
the midterm sentence of six Years.

B.  Petitioner's Upper Term Sentence is
Unconstitutional and Invalid Because
It is Based on Findings Made by The
Trial Court by an Improper Standard
of Evidence.

6


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   Pursuant to California Rule of Court, rule 4.

2        1.    The Blakely v. Washington Decision

3   In Blakely v. Washington (2004) 542 U.S. ___, [124 S.Ct 2531];
4   159 L.Ed 2d 403], the United States Supreme Court held that
5   Washington's sentencing scheme, which provides for one
6   maximum sentence for the usual cases, and a higher maximum
7   sentence in cases in which the sentencing Court finds aggravating
8   factors by a reasonable doubt of the evidence, was unconstitutional.
9   The Court reached this conclusion by applying the rule of Apprendi v.
10  New Jersey (2000) 530 U.S. 466, 490 [120 S.Ct. 2348, 147 L.Ed 2d
11  435], that "[o]ther than the fact of a prior conviction, any fact that
12  increases the penalty for a crime beyond the prescribed statutory
13  maximum must be submitted to a jury, and proved beyond a rea-
14  sonable doubt." (See Blakely v. Washington, supra, 124 S.Ct. at p.
15  2536; 159 L.Ed 2d at PP. 412.)

16       The Court explained in Blakely:

17       ... the relevant "statutory maximum" is not the
18       maximum sentence a judge may impose after finding
19       additional facts but the maximum he may impose
20       without any additional findings. When a judge inflicts
21       punishment that the jury's verdict alone does not
22       allow, the jury has not found all the facts "which
23       the law makes essential to the punishment," [Citation]
24       and the judge exceeds his proper authority.

25  (Blakely v. Washington, supra, 124 S.Ct. at p. 2537; 159 L.Ed 2d
26  at PP. 413-414.)

27       The Blakely Court held that where state law establishes a

7

1  presumptive sentence for a particular offense, and authorizes a

2  greater term only if certain additional facts are found, the Sixth

3  Amendment entitles the Petitioner to a jury determination of those

4  additional facts by the beyond a reasonable standard of proof. It is

5  thus evident that portions of the California Determinate Sentencing

6  Law violate the holding in Blakely, because the middle term is

7  the presumptive sentence, and a petitioner may not be sentenced

8  to the upper term unless the court determines by a reasonable doubt

9  of the evidence that there are circumstances in aggravation of the

10  crime. (§1170, Cal. Rules of Court, rule 4.420.)

11

12      2.  The Holding in Blakely Is and
        Applies to the Instant Petition

13

14      The holding in Blakely v. Washington, supra, to Petitioner's case

15  at hand on review, is promulgates a new rule for the conduct of

16  criminal prosecutions. Griffith v. Kentucky (1987) 479 U.S. 314

17  [107 S.Ct. 708, 93 L.Ed 2d 649, 661].) Since Petitioner's petit-

18  ion is currently pending, the Blakely opinion clearly applies to his

19  case.

20      3.  Blakely Renders Portions of

21         California Determinate

22         Sentencing Law Unconstitut-
       ional

23      In California, "[W]hen a judgment of imprisonment is to be

24  imposed and the statute specifies three possible terms, the court

25  shall order imposition of the middle term, unless there are circum-

26  stances in aggravation or mitigation of the crime." §1170, subd.

27  (b).) The court must further state its reasons for imposing the

        8

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  upper term. Those reasons may be based upon the evidence at
2  trial, evidence introduced at the Sentencing hearing, and the Pro-
3  bation officer's reports among other things (§ 1170. subd.(b).) They
4  must be proved beyond a reasonable doubt of the evidence and
5  may not be based upon a fact that is an element of the crime.
6  (§ 1170, subd. (a)(3) [the sentencing court shall apply the rules im-
7  posed by the Judicial Counsel]: Cal. Rules of Court rule 4.420
8  (b),(d); See People v. Bowen (1992) 11 C.A. 4th 102, 105.)

9     Section 1170. subdivision (b), provides in pertinent
10    Part:

11        When a judgment of imprisonment is to be imposed
           the statute specifies three possible terms, the court
12         shall order, imposition of the middle term unless
           there are circumstances in aggravation or miti-
13         gation of the crime.... In determining whether
           there are circumstances that justify imposition of
14         the upper or lower term, the court may consider the
           record in the case, the probation officer's report, other
15         reports... and statements in aggravation or miti-
           gation submitted by the prosecution, the petitioner, or
16         the victim, or the family of the victim if the victim is
           deceased, and any further evidence introduced at the
17         Sentencing hearing. The court shall set forth on the
           record the facts and reasons for imposing the upper
18         or lower term.
19

20    In Apprendi v. New Jersey supra 530 u.s. 466, the United States
21  Supreme Court held that, "other than the fact of a prior conviction,
22  any fact that increases the penalty for a crime beyond the prescribed
23  statutory maximum must be submitted to a jury, and proved beyond a
24  reasonable doubt.(Id at p. 490.) In light of Blakely, it is now
25  apparent that there is a federal constitutional right to a jury
26  trial, and proof beyond a reasonable doubt, on aggravating factors
27  other than perhaps the fact of a prior conviction, used to impose

9.

1 the upper term under the determinate sentencing law.

2 The factors set forth in section 1170. and the implementing

3 rule 4.420 of the California Rules of Court violates the Apprendi

4 and Blakely mandates. The term of imprisonment that may be

5 imposed based solely on the jury's verdict is the middle term.

6 The Judge may not impose the upper term unless he finds that

7 there are additional aggravating factors. By statute and regulation,

8 however these aggravating factors cannot be found true beyond a

9      Rule 4.420 of the California Rules of Court Provides in

10 Pertinent Part, with italics added:

11 "(a) When a sentence of imprisonment is imposed, or the
execution of a sentence of imprisonment is ordered suspended,

12 the sentencing judge shall select the upper, middle, or lower
term on each count for which the Petitioner has been convicted,

13 as provided in section 1170(b) and these rules. The middle

14 term shall be selected unless imposition of the upper or lower
term is justified by circumstances in aggravation or Mitigation.

15

16 "(b) Circumstances in aggravation shall be established by a
beyond a reasonable doubt of the evidence. Selection of the

17 upper term is justified only if, after a consideration of all the
relevant facts, the circumstances in aggravation outweigh

18 the circumstances in mitigation. The relevant facts are includ-
ed in the case record, Probation officer's report, other reports and

19 statements properly received, statements in aggravation or

20 mitigation, and any further evidence introduced at the sentencing
hearing.

21        * * *

22 (d) A fact that is an element of the crime shall not be used

23 to impose the upper term.

24 (e) The reasons for selecting the upper, or lower term shall
be stated orally on the record, and shall include a concise

25 statement of the ultimate facts which the Court deemed to

26 Constitute circumstances in aggravation or mitigation
justifying the term selected.

27

10.

1  reasonable doubt by a unanimous jury. They are factors reserved

2  solely for the trial Judge, and are based upon a preponderance of

3  the evidence standard and gleaned from material that the jury never

4  considered (e.g., probation reports). By virtue of rule 4.42b, subdi-

5  vision(d), the Judge is specifically prohibited from imposing the

6  upper term based on an element of the underlying offense, which is

7  one of the very things that the jury must unanimously find to be true

8  beyond a reasonable doubt.

9      The California Supreme Court has not yet addressed the appli-

10  cability of Blakely to California determinate sentence law.

11     However, on July 14, 2004, the Court granted review in People v.

12  Towne, California Supreme Court No. S125677, to review the

13  applicability of Blakely to California upper term sentences. The Court's

14  order granting review indicates that in addition to the issue raised[2]

15  in the petition for review, the parties shall address the following issues:

16  (1) Does Blakely v. Washington preclude a trial court from making

17  the required findings on aggravating factors for an upper term sentence?

18  (2) If so, what standard of review applies, and was the error in

19  this petition prejudicial?

20     On Jul, 28, 2004, the California Supreme Court granted review in

21  People v. Black, California Supreme Court No. S126182. The issues

22  on review in Black are: (1) What effect does Blakely have on the

23  validity of the defendant's upper term sentence? (2) What effect does Blakely

---

[2]   The issue raised in the petition for review was whether a

sentencing court may use the facts underlying counts of

which the petitioner was acquitted as a basis for imposing the upper term.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1   have on the trial Court's imposition of Consecutive Sentences?

2       **4. Application of Blakely to**
        **Petitioner's Petition**
3

4   Petitioner filed a motion to dismiss Counts 9, 19, 23, 26, 32, 43, and

5   51 in the interests of justice (CT-98) During the sentencing hearing the

6   Court denied motion. But dismissed Counts 1, 2, 3, 19 and 40 (CT-23-24)

7   (RT-674-675) in the interest of justice. Petitioner was thereafter sentenced

8   to 174 years 4 months in state prison, which includes the upper term

9   of 8 years on Counts 5, 8, 11, 14, 17, 20, 22, 25, 28, 34, 38, 42, 45, 47, and 54 that

10  was enhanced with 3 years for use of weapon(RT-664-673; CT-101-

11  104.) Just Prior to imposing sentence the court stated that it was

12  adopting the aggravating circumstances in the Probation report, and

13  the remorse in the Probation report does not reflect the mitigating cir-

14  cumstances as "only being reflected not being founded in fact(RT-664.)

15  The Court stated that logic and reason it was sentencing Petitioner

16  to the upper term on Counts 5, 8, 11, 14, 17, 20, 22, 25, 28, 34, 38, 42, 45,

17  47, and 54, "because the aggravating circumstances were not stated.

18  The Probation report recommended an upper term sentence, and

19  listed the following aggravating factors:

20      1. The crimes involved great violence
           great bodily harm threat of great
21         bodily harm, or other acts disclosing a
           high degree of cruelty, viciousness or
22         callousness.

23      2. The victims was Particularly Vulnerable.

24      3. The manner with which the crimes were
           carried out suggest planning which indi-
25         cates Premeditation.

26      4. The Petitioner used a weapon at the time
           of the commission of the crimes(enhance-
27         ment).

<center>12.</center>

5. The crimes that Petitioner was Convicted of display a pattern of violence conduct which indicates a serious danger to society.

6. The Petitioner's Prior Convictions are numerous and of increasing seriousness.

7. The Petitioner has served a prior Federal Prison term.

8. The Petitioner was on a pre-release program from federal prison when he committed the crimes.

9. The Petitioner was returned to federal prison on a Parole violation, indicating that his performance on parole was unsatisfactory.

(CT 85.)

These aggravating Factors used to impose the upper term were based on findings made by the trial Court, rather than by a Jury, and were based on a preponderance of the evidence standard instead of a beyond a reasonable doubt standard. In light of Blakely, Petitioner's upper term sentence is unconstitutional.

In Apprendi v. New Jersey, supra, 530 U.S. 466, the United States Supreme Court held that, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a Jury, and proved beyond a reasonable doubt. (Id. at p. 490.) The United States Supreme Court has not yet applied Apprendi to recidivist based sentencing factors, even when the fact of such Prior Convictions is used to increase the Statutory maximum sentence for an offence. Almendarez-Torres v. U.S. (1998) 523 U.S. 224 [118 S. Ct. 1219; 140 L. Ed 2d 350]

Here the sentencing court apparently found eight aggravating circumstances to be present, which may have included one recidivist factor for the current offenses being committed while Petitioner was

13.

1   on probation or parole. However, if an exception applies to the Apprendi/
2   Blakely rule, it should apply to the actual "fact of a prior conviction,"
3   rather than to other recidivist based aggravating factors. In Apprendi
4   v. New Jersey, supra, 530 U.S. 466, the high Court stated:

5       Even though it is arguable that Almendarez-Torres
        was incorrectly decided, and that a logical application
6       of our reasoning today should apply if the recidivist
        issue were contested, Apprendi does not contest the
7       decision's validity and we need not revisit it for pur-
        poses of our decision today to treat the case as a nar-
8       row exception to the general rule we recalled at the
        onset.
10  (Id. at p. 490 [Emphasis added.])

11      It should be noted that a majority of the United States Supreme
12  Court Justices now appear to agree that Almendarez-Torres was
13  incorrectly decided, and Petitioner maintains that he had a constitut-
14  ional right to a jury trial on all of the aggravating factors applied
15  in his case. Justice Thomas has been in the majority in Almendarez-
16  Torres, but switched his position to provide the crucial fifth vote in
17  Apprendi. In his separate concurrence in Apprendi, Justice Thomas
18  indicated that he regretted his Almendarez-Torres vote and made it
19  known that he saw a right to jury trial to any fact increasing the
20  maximum sentence, including a prior conviction, Apprendi v. New Jer-
21  sey, supra, 530 U.S. at 520-521 Thomas, J., concur.].) Consequently,
22  there should be five votes to overrule Almendarez-Torres - the four
23  original dissenters plus Thomas (the same five who comprised the
24  majority in both Apprendi and Blakely).

25      Here the aggravating factors used to justify the imposition of
26  Petitioner's upper term sentence were based on findings by the
27  trial court, rather than by a jury, and were based on a preponde-

14.

1   rance of the evidence standard instead of a beyond a reasonable doubt
2   standard. In light of Blakely, Petitioner's upper term sentence is uncon-
3   stitutional and in violation of his federal constitutional rights to a jury
4   trial and to due process. (U.S. Const., 5th, 6th, 14th Amends.) This
5   is true regardless of whether recidivist factors constitute an except-
6   ion to Apprendi/Blakely rule, because the court used at least nine
7   non-recidivist aggravating factors to justify the imposition of Petitioner's
8   upper term sentence.

9        Petitioner contends that he also had the constitutional right to
10  have a jury determine beyond a reasonable doubt, of the existence
11  of sentencing factors used to impose both an upper and a consecutive
12  term. (U.S. Const., 6th, and 14th Amends.; Cal. Const. art. 1, § 16;
13  Blakely v. Washington, supra, 542 U.S. ___ 124 S.Ct. 253]);
14  Apprendi v. New Jersey, 530 U.S. 466, 490; People v. Ernst (1994)
15  8 Cal. 4th 441 [waiver of a jury trial must be expressly made on
16  the record].) Here Petitioner never waived his right to have a
17  jury trial on the sentencing factors, and as such, his sentence
18  violates his constitutional right to due process. (Hicks v. Okla-
19  homa (1980) 447 U.S. 343, 346 [100 S.Ct 2227; 65 L.Ed. 2d 175]
20  [where "a State has provided for the imposition of criminal
21  punishment in the discretion of the trial jury . . . [t]he Petitioner
22  . . . has a substantial and legitimate exception that he will be
23  deprived of liberty only to the extent determined by the jury
24  in the exercise of its statutory discretion[citation], and that liberty
25  interest is one that the Fourteenth Amendment preserves against
26  abitrary deprivation by the States".)
27

URT PAPER
TE OF CALIFORNIA
. 113 (REV. 3-95)
98 10924

## C. Petitioner's Sentence Should Be Vacated and a Mid Term Sentence Should Be Imposed

The disposition in Blakely was a remand to the Washington appellate court "for proceedings not inconsistent with this opinion." The opinion did not address whether the error automatically required reversal of the sentence or was susceptible to harmless error review.

Under either view, reversal is required in this case.

Here the error is a "structural defect," not amenable to harmless error review, because the wrong entity, the judge rather than the jury, adjudicated the aggravating factor and applied the wrong standard of proof. (Cf. Sullivan v. Louisiana (1993) 508 U.S. 275.) In Sullivan, Justice Scalia explained that the error in that case - misinstruction on the definition of proof beyond a reasonable doubt - was structural error because the verdict was based upon proof beyond a reasonable doubt. Harmless error analysis, under Chapman v. California, supra, 386 U.S. 18, 24, examines not what effects the constitutional error might generally be excepted to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand." (Sullivan, 508 U.S. at 279.) Because the error with respect to the reasonable doubt instruction meant, "there has been no jury verdict within the meaning of the Sixth Amendment the entire premise of Chapman review is simply absent." (Id. at 280.) In this case, as in Sullivan, there is no verdict -- by judge or jury -- based upon reasonable doubt. "There is no object, so to speak, upon which harmless-error scrutiny can operate," and reversal is mandatory." Id; see also People v. Orellana (2000) 79 C.A.4th

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

179, 186 ["Since we have no way of knowing whether the jury applied the correct burden of proof, the convictions must be reversed . . . so that Petitioner can be retried before a properly instructed jury"].)

If this court concludes that the error was not structural, reversal is still required because the error was not harmless. The California Supreme Court and federal courts have held that conventional Apprendi errors on enhancements are subject to Chapman standard. (People v. Sengpadychith (2001) 26 Cal. 4th 316, 324; People v. Scott (2001) 91 C.A. 4th 1197-1211; United States v. Garcia-Guizar (9th Cir 2000) 234 F. 3d 483, 488-489.) Under Chapman, the states must prove that the error is harmless beyond a reasonable doubt. Chapman v. California, supra, 386 U.S. 18, 24.) But, in the context of an error affecting the right to a jury trial on elements of enhancements, a reviewing court cannot simply ask whether there was "overwhelming evidence" supporting the finding in question. A far more rigorous form of Chapman analysis is required in this context focusing on what facts the fact-finder necessarily found in reaching a decision. The error, in dispute. Neder v. United States (1999) 527 U.S. 1, 19 [119 S. Ct. 1827; 144 L. Ed 2d 35].)

But even under a more traditional Chapman analysis, the state cannot prove the error harmless beyond a reasonable doubt. There were no properly determined aggravating factors of specific findings justifying the imposition of consecutive terms, and it can not be concluded that a jury would have necessarily found all of these factors to be true beyond a reasonabl doubt.

URT. PAPER
TE OF CALIFORNIA
. 113 (REV. 3-95)
99. 10924

Even though one of the aggravating factors included the crime involving great bodily harm or a threat thereof, it was necessary to find the additional facts in that factor such as the high degree of cruelty, viciousness or callousness, because a court can not base an aggravated term on a fact that is either an element of the underlying offense or the basis for an enhancement. (§ 1170. subd. (b), Cal Rules of Court, Rule 4.420, subd. (c) and (d).)

Here Petitioner received a eight year term for personally inflicting bodily injury on the victims added three year more for weapon consecutive terms. Accordingly, the error can not be found to be harmless beyond a reasonable doubt, and Petitioner's sentence should be vacated. The case should be remanded for resentencing with directions to the court to impose the midterm sentence. .

18.

PRAYER FOR RELIEF

Wherefore, Petitioner respectfully request that this court:

1. Issue a Writ of Habeas Corpus or order respondent to show cause why Petitioner is not entitled to the relief sought;

2. After a fair hearing in consideration of the issues raised in this petition, grant the petition and re-sentence Petitioner;

3. Grant petitioner such further relief as is appropriate in the interest of Justice.

DATED: 10/18/2005

Respectfully Submitted,

Nathan Kevin Turner
C-44886-D5-105
CSP-LAC
P.O. Box 8457
Lancaster, CA 93539-8457

IN Pro. Per.

19.

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No.   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

*FOURTH APPELLATE COURT DISTRICT, DIVISION ONE*

b. Result: *Affirmed*                         c. Date of decision: *8/15/1983*

d. Case number or citation of opinion, if known: *4 Crim. 13857*

e. Issues raised: (1) *INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL*

   (2) _____

   (3) _____

f. Were you represented by counsel on appeal? ☑ Yes. ☐ No.   If yes, state the attorney's name and address, if known:

*MERLE N. SCHNIDEWIND, 110 West "A" Street · Suite 1160, San Diego, CA 92101*

9. Did you seek review in the California Supreme Court? ☑ Yes. ☐ No.   If yes, give the following information:

a. Result: *DENIED*                          b. Date of decision: *11/26/1983*

c. Case number or citation of opinion, if known: *4 CRIM. 13857*

d. Issues raised: (1) _____ *SAME* _____

   (2) _____

   (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

*THE*

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

*N/A*

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]             **PETITION FOR WRIT OF HABEAS CORPUS**    | WEST GROUP Official Publisher |    Page five of six

20.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: __United States District Court D.C. No. 85-0783-G__

(2) Nature of proceeding (for example, "habeas corpus petition"): __Habeas Corpus Petition__

(3) Issues raised: (a) __INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL__

(b) _____

(4) Result (Attach order or explain why unavailable): __DENied__

(5) Date of decision: __September 18, 1987__

b. (1) Name of court: __NiNTH CIRCUIT Court OF APPEALS__

(2) Nature of proceeding: __HEARING__

(3) Issues raised: (a) __Same as above__

(b) _____

(4) Result (Attach order or explain why unavailable): __DENied__

(5) Date of decision: __10/1991__

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

__United States Supreme Court - Writ of Certiorari was denied 1995__

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
__No one ever made me aware of this line of defense, and it was just recently brought to my attention by a fellow inmate.__

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

__New rule of law__

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: __OCTOBER 18, 2005__                    ▶ _Nathan Kevin Turner_
                                                (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    WEST GROUP Official Publisher    Page six of six

## VERIFICATION

1
2
3
4
5      I, Nathan Kevin Turner declare as follows:
6      I am the Petitioner in this action. I have read the
7  foregoing petition for writ of habeas Corpus and the facts
8  stated therein are true of my knowledge, except as to
9  matters that are therein stated to my own information and
10  behalf, and as to those matters I believe them to be true.
11
12
13
14      I declare under penalty of perjury that the foregoing
15  is true and correct and that this declaration was executed
16  at California State Prison· Los Angeles County, Lancaster,
17  California. 93539-8457
18
19  DATED: OCTOBER 18  2005
20
21
22
23                          Submitted
24
25                          Nathan Kevin Turner
26
27
28

## PROOF OF SERVICE BY MAIL

I declare that: I am a resident of Lancaster, California. I am over the age of 18 years and am/am not a party to the within entitled cause. My address is California State Prison, Los Angeles County, 44750 60th Street West, Lancaster, California 93536-7619.

On _OCTOBER 18, 2005_, I served the attached

_(1) original Habeas Corpus And (3) copies_

_____

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail by delivering to prison officials at Lancaster, California, addressed as follows:

CALIFORNIA COURT OF APPEAL

FOURTH APPELLATE DISTRICT

DIVISION - ONE
750 "B" STREET., #300
SAN DIEGO, CA 92101-8189

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _OCTOBER 18, 2005_, at Lancaster, California.

NATHAN KEVIN TURNER
C-44886- D5- 105
PO BOX 8457

California State Prison, Los Angeles County
44750 60th Street West
Lancaster, California 93536-7619

1  Nathan Kevin Turner
    C-44886-D9-105
2      CSP-LAC
    P.O. Box 8457
3  Lancaster CA 93539-8457

4  In Pro. Per.

5

6

7

8          IN THE COURT OF APPEAL, STATE OF CALIFORNIA

9              FOURTH APPELLATE DISTRICT

10                  DIVISION ONE

11  Nathan Kevin Turner,              )      CASE NO._____
12          Petitioner,               )      MOTION FOR APPOINTMENT
                                       )      OF COUNSEL AND
13      v.                            )      DECLARATION THERE-
                                       )      OF
14  C.M. Harrison, (warden)           )
                                       )
15          Respondant.               )
                                       )
16  _____       )

17      TO THE HONORABLE PRESIDING JUSTICE, AND ASSOCIATE
18  JUSTICES OF THE COURT OF APPEAL, FOURTH APPELLATE DISTRICT,
19  DIVISION ONE:

20    Please Take Notice; That as soon as this matter may be heard by
21  the Court, the above named Petitioner will for 1 order of appointment
22  at the public EXPENCE in accordance with California rule of the
23  Court, rule 4.551 (c)(2). This motion is submitted based upon: (1)
24  The level of complexity in this Petition, and (2) Petitioner is DENIED
25  reasonable access to physical legal library.
26  This motion is based on all the records and filed listed under the
27  above mentioned case number, and Attached declaration of the
28  Petitioner.

                              Respectfully Submitted,

                              Nathan Kevin Turner

1  NATHAN KEVIN TURNER
   L-44886 - D5 - 105
2     CSP - LAC
   P. O. BOX 8457
3  LANCASTER, CA 93539-8457

4  IN PRO. PER.

5

6                          )
7  NATHAN KEVIN TURNER,     )        CASE NO. _____
        PETITIONER,         )        PETITIONER  REQUEST
8                           )        PENAL CODE SECTION § 1258
9        V.                 )        AND § 1404
10  L. M. HARRISON, (WARDEN) )       PRO. PER.
11       RESPONDANT.        )
12  ——————————————————————  )

13  TO: THE HONORABLE PRESIDING JUSTICE, AND TO THE ASSOCIATE
14      JUSTICES OF THE COURT OF APPEAL, FOURTH APPEALATE DISTRICT
15      DIVISION ONE:

16  California Constitution Article VI, SECTION 10 and Penal Code
17  Section 1508 specify the Powers of the California Courts in regards
18  to the issuance of a Writ of Habeas Corpus. Since the 1966 revision
19  of the California Constitution, the Supreme Court or any Justice there-
20  of, Courts of Appeal and Superior Courts all have the power to issue
21  writ of habeas Corpus throughout state. Griggs v. Superior Court (1976)
22  58 C.A. 3d [341 128 C.R. 257]

23  Petitioner sought habeas Corpus relief in Superior Court and Court
24  of Appeals and was subsequently denied as to all Provisions.

25  In petition at hand Petitioner, Petitions this Court for writ
26  of habeas Corpus.

27  On July 21, 2004, Petitioner filed a writ of habeas Corpus pet-
28  ition to the California Superior Court, County of San Diego. Petitioner

                              1

1  contends his sentence violates double jeopardy, Protection and
2  the Prohibition against the dual use of the same facts. (Hereinto as
3  Exhibit-C )

4     On September 3, 2004, Petition was denied (Exhibit -C)

5     Petitioner Nathan Kevin Turner, is a Prisoner currently incarcerated
6  at California State Prison - Los Angeles County at Lancaster California
7  He does by this Petition attack the validity of his conviction.

8     Since the Petition was filed on July 21, 2004, at CSP-Solano
9  State Prison, Petitioner has been transferred and endorsed to CCI.
10 California Correctional Institution, at Tehachapi, California, on August
11 26, 2004, Petitioner arrived at (CCI) he has been denied his Personal
12 Property and Physical access to Prison library as well as being denied
13 due to institutions lockdown status, and administrative Placement,
14 not for any disciplinary actions, but due to no available bed space
15 overcrowding, and at such times he continued to be denied access to
16 library because Petitioner had no known verified Court deadline to
17 file a writ of habeas Corpus. (Exhibit-D)

18    On June 3, 2005 Petitioner has been once again subjected to being
19 transferred to California State Prison - Los Angeles County, Lancaster,
20 California Petitioner again is being denied Physical access to library
21 due to not having a verified legal deadline, and Constant lockdowns
22 and Correctional officers trainning Modified lockdowns. This is the
23 reason Petition has been delayed. (Hereinto as Exhibit-E )

24    Petitioner does not simply restate nor reformulate his previously
25 rejected Petition as those that were on habeas Corpus review. In
26 1982, and 1997 Court of appeals found that Petitioner had been
27 "Properly sentenced according to the statues".

28    In the instant Petition if Petitioner would have had an effective

2.

1   assistance of both trial and appellant Counsel these errors in sen-
2   tencing would not have occured nor be attacked but such "cumula-
3   tive impact" of Counsels errors affected the outcome of Petitioners sen-
4   tence, therefore Petitioner without the financial means in which to
5   obtain an attorney, Petitions this Court for writ of habeas Corpus.
6       Wherefore, if a Statue Provides an remedy and an alternative
7   judicial remedy, I Choose the Judicial remedy. And this action is
8   Challenging the Constitutionality of Statutory Provisions which
9   created it. In re Serna, (1978) 76 C.A. 3d 1010.
10      This Petitioner respectfully request the wisdom of this appellate
11  Court to Correct this violation by way of accepting and granting
12  this Petition for writ of habeas Corpus. Petitioner is a ("Per. se")
13  litigant and not an attorney. Petitioner moves the Court to adopt
14  the Article III Federal Supreme Court standard when dealing
15  with Per. se. Prisoners and litigants.

16
17
18
19
20
21
22
23                          Respectfully Submitted,
24
25
26                          Nathan Kevin Turner
27
28                               IN Pro. Per.

3.

S143013

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re NATHAN TURNER on Habeas Corpus

---

Petition for writ of habeas corpus is DENIED.

SUPREME COURT
F I L E D

NOV 2 9 2006

Frederick K. Ohlrich, Clerk

DEPUTY

GEORGE
Chief Justice



MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
——
☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

December 13, 2006

Nathan Kevin Turner    C-44886
Pleasant Valley State Prison
Post Office Box 8503
Coalinga, CA 93210

**Re:  S143013 – Turner (Nathan Kevin) on Habeas Corpus**

Dear Mr. Turner:

     Returned herein is your document entitled "Petitioner's Motion for Reconsideration of the Court's Denial of His Habeas Corpus" received today.  The order of the court filed  November 29, 2006, denying the above-referenced petition, was final forthwith and may not be reconsidered or reinstated.  Please rest assured, however, that the entire court considered the petition for writ of habeas corpus, and the contentions made therein, and the denial expresses the court's decision in this matter.

               Very truly yours,

               FREDERICK K. OHLRICH
               Court Administrator and
               Clerk of the Supreme Court

By:  H. Miner, Deputy Clerk

HM/hm
Enclosures

Nathan Kevin Turner C-44886
Pleasant Valley State Prison
Post Office Box 8503
Coalinga, CA 93210

RECEIVED

DEC 13 2006

CLERK SUPREME COURT

SUPREME COURT

STATE OF CALIFORNIA

| | | |
|---|---|---|
| **In re Nathan Kevin Turner** | ) | Case No. S143013 |
| | ) | |
| | ) | |
| on | ) | PETITIONER'S MOTION FOR |
| | ) | RECONSIDERATION OF THE COURT'S |
| | ) | DENIAL OF HIS HABEAS CORPUS |
| | ) | |
| HABEAS CORPUS. | ) | |

December 09, 2006

    Petitioner files this Motion for Reconsideration of this Court's
denial of his habeas corpus filed by this Court on November 29, 2006.

    Petitioner files this motion in accord with the rules groverning
the Motion for reconsideration, and he files it timely pursuant to
the rules that govern such a motion.

-1-

## STATEMENT OF PRIOR FILING

On May 01, 2006, petitioner filed in this Court a writ of habeas corpus alleging specific sentencing violations that had accurred in his case .

On November 29, 2006, the California Supreme Court issued it's denial of the habeas corpus, citing procedural errors, thus, refusing to address the habeas on its merits.

On December 09, 2006, petitioner files the Motion for reconsideration.

## STATEMENT OF FACTS

Petitioner contends that the state courts decisions concerning his writ of habeas corpus, which raised specific sentencing error, incorrectly applied federal law in violation of **Williams v. Taylor,** (2000) 120 S.Ct. 1495. In other words, the state record shows that those courts adjudication of his federal claims resulted in decisions that was contrary to and involved an unreasonable application of clearly established U.S. Supreme Court precedent and it resulted in decisions that was based on an unreasonable factual determination in light of the evidence presented in the state courts.

The established legal principles that govern petitioner's claims of judicial fact finding error and/or unlawful increase beyond the statutory maximum allowed in pursuant to U.S. Supreme Court precedent cited in **Apprendi v. New Jersey,** (2000) 120 S.Ct. 2348; **United States v. Booker,** (2004) 125 S.Ct. 738; and **Blakely v. Washington,** (2005) 125 S.Ct. 2531.

-2-

S143013

Petitioner argues that the unlawful increase in his sentence violates the bright line rules set forth in **Blakely**, and **Apprendi**, supra, that judges **"CANNOT"** hand down enhance/increased sentences based on the facts that were not found by a jury beyond a reasonable doubt, or agreed upon by a defendant.

The mid-range of the sentence was **"THE GREATEST PUNISHMENT THE JUDGE COULD HAVE IMPOSED BASED SOLELY ON THE FACTS REFLECTED"** in the petitioner's proceedings. (id. U.S. Supreme Court).

The state courts have thus far took a different reading on the U.S. Supreme Court's precedents saying that: "A judge can increase the punishment even after trial has been conducted." This error requires of the Court to reconsider it's denial, and to apply the controlling governing federal law.

## STATE COURTS HAVE VIOLATED FEDERAL PRECEDENTS

Petitioner argues that the state courts thus far, have allowed the incorrect application of federal precedent to occur in violation of **Williams v. Taylor**, Supra,. The state records show that the state courts adjudication of petitioner's federal Constitutional claims resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, and thus, resulted in a decision that was based on an unreasonable application of the factual determination in light of the evidence presented in the state courts. The established legal principles that govern

-3-                              S143013

petitioner's claim of judicial factfinding error and/or unlawful
increase of his sentence enhancement is pursuant to the U.S.
Supreme Court precedent cited above.

Petitioner contends that the state court decisions conflicts
with **Apprendi, Booker, and Blakely**. The state courts decisions are
erroneously based on their determination in **People v. Black,** (2005)
25 Cal. 4th 1238, 29 Cal. Rptr. 3d 740, in which the California
Supreme Court stated that: **"Blakely,** was inapplicable..." Petitioner
disagrees with this assessment as does the federal courts.

Pursuant to **Williams v. Taylor,** Supra, our U.S. Supreme Court
has stated that relief can be granted when the state court decision
"resulted in a decision that was contrary to or involved an unreason-
able application of clearly established Federal law, as determined
by the U.S. Supreme Court."

Petitioner argues that the sentence he was given violated the
bright line rules set forth in **Blakely, Apprendi, Booker**. And that
based upon these clear violations, this Court t reconsider it's
erroneous denial of petitioner's claims. (See U.S. Supreme Court
Justice ruling in Daily Journal, D.A.R. October 12, 2006 at p. 6).

Lastly, petitioner supports his position by citing to those
statements in the Daily Journal given by a U.S. Supreme Court Just-
ice, i.e., that the "California Supreme Court has seriously mis-
read the **Booker,** decision." Since it is obvious that it has al-
ready been decided that the California Supreme Court is misreading
the federal law, petitioner must be granted a reconsideration of
the denial of his habeas corpus.

-4-                    S143013

Especially in light of the order issued to him by the Fourth Appel-
late District, Court of Appeals in which that court denied relief
erroneously based upon the California Supreme Court's holding in
**People v. Black.**
  The decision by both the court of appeal and the California
Supreme Court are erroneous and violates the federal law petitioner
relies on.

## CONCLUSION

  Based upon the above contentions, this Court should be compelled
to grant petitioner a reconsideration of his habeas corpus petition
and federal claims therein.

DATED: 12/09/2006

                                    Respectfully Submitted,

                                    *Nathan Kevin Turner*
                                    Nathan Kevin Turner

                    -5-            S143013

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2        IN AND FOR THE COUNTY OF SAN DIEGO

3    DEPARTMENT NO. 2        BEFORE HON. DONALD W. SMITH, JUDGE

4

5    _____

6    THE PEOPLE OF THE STATE OF     )
     CALIFORNIA,                    )
7                                   )
                                    )
8            Plaintiff,             )
                                    )
9        vs.                        )        CR NO. 56189
                                    )
10   NATHAN KEVIN TURNER,           )        SENTENCING PROCEEDINGS
                                    )
11           Defendant.             )
     _____       )

12

13            REPORTER'S TRANSCRIPT

14            March 22, 1982

15

16   APPEARANCES:

17       For the People:        EDWIN L. MILLER, JR.
                                District Attorney
18                              BY:  MICHAEL G. CARPENTER
                                Deputy District Attorney
19                              220 West Broadway
                                San Diego, California  92101
20

21       For the Defendant:     HODGE E. CRABTREE, III
                                Attorney at Law
22                              303 "A" Street
                                San Diego, California  92101
23

24                              JANIS D. McFARLAND, CSR #5141
                                Official Reporter
25

26

<u>SAN DIEGO, CALIFORNIA, MONDAY, MARCH 22, 1982, 9:00 A.M.</u>

THE CLERK:  People versus Nathan Kevin Turner.

MR. CARPENTER:  Michael G. Carpenter appearing for the People.  Your Honor, we are ready.

MR. CRABTREE:  Hodge Crabtree appearing with and on be-half of Mr. Turner who is present in custody.

THE COURT:  The Court has read and considered the probation report, read and considered the circumstances in aggravation and circumstances in mitigation filed by the respective parties.

Do the People wish to be heard?

MR. CARPENTER:  Your Honor, I would defer to counsel. I believe that there is a motion for a new trial, in the alternative for dismissal on certain counts if you wish to argue that at this time.

THE COURT:  You may, Counsel.

MR. CRABTREE:  At this time, I would like to withdraw the motion as to Count Nine.  I have had further discussions with Mr. Carpenter.  I think the evidence is sufficient.

I would ask the Court to grant it as to the other counts listed in my motion and to strike the armed allegation on Counts Thirty-three, thirty-four, thirty-five and thirty-six.  If you recall, the witness in that case testified that she did not see a knife and did not know a knife was used during the course of the transaction.  And for the reasons

stated in the moving papers and insufficiency of the evidence presented, I ask the Court to grant those motions.

THE COURT:  Thank you.

Counsel?

MR. CARPENTER:  Your Honor, as to the counts mentioned by Mr. Crabtree, I think that we can go over them one by one. As a preliminary matter, it would be easy to say that since it would appear as though Mr. Turner is going to prison for quite a deal of time that what difference does one count mean when it is connected with one of the other counts which is more serious, that being the violent sex crimes which take along with them robberies in some of the incidents.  My answer to that is that these counts are substantiated by the facts and the law, and the motion should, therefore, be denied.

As to Count Eighteen the victim in that case whose name was Gykza Fernandez, the evidence indicated Mr. Turner demanded money from her.  She said, "I don't have much money. It is in my purse.  You can take what is there."  The money was found thereafter outside of the purse, but inside of the door.  In other words, there was an asportation from where the money had been to the door.  The amount of money was somewhere less than $2.00.  I believe that there was a dollar bill and some change, and I would submit that that is sufficient asportation to substantiate the crime of robbery.  The jury found that in light of the instructions that you gave them, and I believe it has been substantiated by the evidence.

1          As to Count Twenty-three, the victim's name there is

2    Lucia Hailey.  There was no demand for money, however, she

3    found twenty to thirty dollars was taken from her purse.  I

4    believe that the cases indicate that once you have a violent

5    assault such as this -- in other words, a breaking into the

6    house and then the knife at the throat and then the sexual

7    assault, obviously anything taken thereafter would constitute

8    the crime of robbery because robbery, of course, is a com-

9    bination of a larcenous crime and an assaultive crime.  Once

10   you have the assaultive aspect of it taken care of, any

11   larceny attached to that would necessarily then become robbery.

12   That is exactly what you have in the case of Lucia Hailey.  It

13   doesn't have to be exactly from her bedroom from the -- within

14   her arms' reach.  It can be within her sight or within her hearing.

15         You have bank vault cases where the teller is forced

16   to give up the combination of the safe or the bank vault,

17   and then it is taken from their immediate presence but outside

18   of, perhaps, their hearing or their immediate touch, and that

19   has been called -- been held to constitute robbery.

20         I believe it is the same situation in Count Twenty-

21   six where the victim's name was Susan Scott, and I think that

22   the money was taken after the violent assault took place, and

23   once again, that assault was accompanied with the use of a

24   knife.  So I think that the motion should be denied on that

25   count as well.

26         As to Count Thirty-two, the victim's name there was

1    Debra Dworaczyk.  The money was taken from her purse.  The
2    purse had been in the hallway.  It was found in the kitchen
3    and the money was taken from it.  Once again, you have exactly
4    the same situation there.  If you will recall that situation,
5    there was a violent struggle between the victim and the
6    defendant there, and the money was takne, apparently, after
7    Mr. Turner fell off of the bed onto the victim and momentarily
8    rendered her unconscious.

9         As to Count Thirty-nine, the facts are stronger there.
10    The victim's name there was Natalie Sterne.  Mr. Turner
11    demanded money.  He was told where it was.  He left to get
12    it.  It was in the living room in the purse.  He came back
13    and committed the sexual assault, and then he left, and
14    there was some thirty to fifty dollars taken in that instance,
15    so once again, I would submit that the motion should be denied.

16         As to Count Forty-three, you will recall the victim's
17    name in that case was Judy Nelson.  The purse was actually
18    taken from her bedroom, so I think that the motion has little
19    if any merit in that particular instance.

20         As to Count Fifty-one, I believe that Counsel's motion
21    is directed  towards the indication by the victim that there was
22    nothing of a direct sexual manner done in the assault, however,
23    I believe that this was adequately argued by both parties
24    to the jury.  There were adequate instructions, and you cannot
25    take that count in a vacuum.  In other words, she woke up,
26    her hands were tied and she looked up and here is this man

1   standing over her with the knife.  The knife is at her throat

2   and that constitutes the assault.  Thereafter the struggle

3   ensues, and she is able to free herself.  As I indicated,

4   you can't take that count in a vacuum.  You have to take that

5   count in conjunction with all the other counts, and to deter-

6   mine exactly what his intent was, and it is obvious from the

7   sixteen other sexual assaults that he has been found guilty

8   of that his intent when he stuck the knife in her throat was

9   to sexually assualt her, so I think it is very clear the

10   motion should be denied on that count as well.

11         As to the Cathy Deleo incident, Counts Thirty-three,

12   -four, -five and -six and the indication or the allegation that

13   there was no knife, I believe that the evidence indicated that

14   she felt a sharp object at her neck.  She submitted because of

15   that.  The evidence indicated that thereafter her phone cord

16   was cut -- not ripped out or anything, but it was cut --

17   and once again, you can't take those counts in a vacuum.

18   You have to take into consideration what he did in all the

19   other incidences, and I think the evidence then is overwhelm-

20   ing that there was a knife on those four counts, so I would

21   ask the motion be denied on all four counts.

22         THE COURT:  Is the matter submitted?

23         MR. CRABTREE:  Submitted.

24         MR. CARPENTER:  Yes, sir.

25         THE COURT:  The Court has carefully considered defense

26   counsel's motion, and the Court fully instructed the jury on

1    all of those issues, and the jury made a finding in each one

2    of them adverse to the defendant.  I think the evidence would

3    support the finding made by the jury.  I might comment this

4    wwas a particularly careful and consciencious jury.  They were

5    a considerable length of time going over each one of these

6    counts and did it, I think, in an apropros manner considering

7    all of the facts and instructions.  The motion is denied.

8            On the issue of sentencing, Counsel?

9        MR. CARPENTER:  Yes, sir, thank you.

10       THE COURT:  Do you wish to hear the M.D.S.O. first?

11           I will hear counsel for the defense first if that

12   is satisfactory.

13       MR. CRABTREE:  In this matter, I ask the Court to excer-

14   cise is discretion and certify Mr. Turner for an examination

15   to determine whether or not he is a mentally disordered sex

16   offender.  I recognize the law has changed but these activities

17   all took place prior to the change in the law.  The People's

18   position, I think, is very clear that Mr. Turner ought to

19   be punished, that the sentence he can receive would, of course,

20   preclude him from ever getting out of custody.  I can only

21   point out to the Court it is clear from the probation officer's

22   report starting back in 1975, and if the Court will take into

23   account some of Mr. Turner's statements to the probation

24   officer about climbing into windows of his girlfriend, prob-

25   ably prior to that date, since 1975 Mr. Turner has definitely had

26   problems in the sexual area, acting out a series of hot trial

1  burglaries which culminated in this series of rapes, and I

2  would submit to the Court that an M.D.S.O. evaluation is

3  warranted by the facts.

4      THE COURT:  Thank you.

5          Counsel?

6      MR. CARPENTER:  Your Honor, I believe that I have fully

7  discussed this in my statement in aggravation, and I have --

8      THE COURT:  I read that.  Do you want to submit it on

9  that ground, Counsel?

10     MR. CARPENTER:  Just one other thing.  I did not have the

11 probation report --

12     THE COURT:  -- at the time you wrote it?

13     MR. CARPENTER:  -- when I did my statement in aggravation.

14 It is apparent he is not admitting any problem.  Therefore,

15 I don't think any therapy would help.  The bottom line is,

16 of course, if he wants and desires therapy, he can get it in

17 the state prison system, and I think that is exactly what is

18 called for by the new law.

19     THE COURT:  Is the matter submitted, gentlemen?

20     MR. CRABTREE:  Submitted, ;your Honor.

21     MR. CARPENTER:  Submitted, your Honor.

22     THE COURT:  The Court will not suspend proceedings

23 pursuant to 6300 for several reasons.  First, is the one

24 stated by counsel, that is, the defendant himself denies a

25 problem.  He would not appear to be the kind of person to be

26 amenable to treatment, but more importantly, the defendant is

1    to be sentenced in excess of one hundred years no matter how

2    you look at the facts of this case.  To send him up for treat-

3    ment at this time would seem futile in the Court's opinion.

4         The Department of Corrections has an option for

5    treatment and can give it during his term.  Perhaps, if at

6    any time at all the defendant would be eligible for parole,

7    it would be appropriate, which does not look to be the case.

8         This is the time and place for sentencing.

9         Do you waive arraignment for judgment?

10   MR. CRABTREE:  Yes.

11   THE COURT:  Any legal cause?

12   MR. CRABTREE:  No.

13   THE COURT:  Do the People wish to be heard?

14   MR. CARPENTER:  Thank you, your Honor.  I would aks you

15   when you determine the appropriate sentence for Mr. Turner to

16   begin by looking at each individual offense.  I believe that

17   when you do that, you will be lead inescapably to the conclu-

18   sion that each individual violent sex offense is an aggravated

19   offense.  I believe that both the probation officer and I

20   found seven factors in aggravation, and I don't see any fact-

21   ors in mitigation.  The only possible mitigating factor would

22   be that there was no violent injury to any of the victims.

23   That, of course, cuts both ways.  Had there been, there would

24   have been other enhancements to go along with it.  But the

25   bottom line there is that when you take a look at each

26   individual sexual offense, and you have fifteen of them, you

1    are simply lead inescapably to the conclusion that each

2    one is aggravated.

3          Now the fact that there are fifteen of these does

4    absolutely nothing to mitigate what should be the appropriate

5    term.  In fact, it does exactly the opposite.  It aggravates

6    it.  You have the seven factors in aggravation.  You have

7    them being committed fifteen different times on fifteen dif-

8    ferent victims.  The man, of course, was a one-man crime

9    wave.  He should be put away for the rest of his life, and he

10    should be sentenced to the maximum punishment that the law allows.

11          Now the argument can be made, "Well, Counsel, if

12    you do that, you are going to warehouse him or you are going

13    to take away his hope or you are going to absolutely put him

14    away for a life without possibility of parole."  My answer to

15    those arguments is that is exactly what society needs and

16    demands.  He has adversely effected the lives of at least

17    seventeen women.  He adversely effected them to the extent

18    that several of them bear permanent scars from his behaviour.

19    He should pay no less a price for causing these people to be

20    permanently effected.

21          In committing his crimes he gave his victim absolute-

22    ly no hope other than to engage in a degrading sex act.  He

23    should be treated accordingly.  You can accomplish this by

24    giving him the midterm for what was in fact an aggravated

25    offense.  In other words, you can simply say, I am going to

26    give him the midterm plus use of a knife, and that will come

1    to somewhere in the area of 150 years.  He must do two-thirds
2    of that before hie is eligible for parole, and that will take
3    care of it.
4            But I submit to you you have the duty to reflect
5    society's outrage at this type of behavior and in effect
6    throw the book at Mr. Turner so that Mr. Turner and others
7    of his ilk will get the message that this type of behavior
8    is not condoned.  Let the word go forth from this courtroom
9    here in San Diego, California and let the word go forth from
10   every courtroom in every state in the Union that this type
11   of behavior will not be tolerated by these peoples.  By
12   doing so you will not only protect society from his offense
13   of proclivities, but you will also give the word out to
14   others of his ilk that htis will not be tolerated, and you
15   will do one other thing.  You will give to the citizens of
16   this country some faith and some confidence in their laws.
17   In other words, so that they will be able to walk free on
18   the streets and not have to sit behind bars in order to
19   avoid crime.  They will read in the paper that this man was
20   sentenced to this enormous sentence, and they will say, "Good.
21   That has been done.  Now, perhaps he is not going to be out
22   there praying on me and people like me who are lawabiding
23   citizens."
24           As I indicated you could take care of this by
25   giving him the midterm, but I don't think  it is warranted.
26   You should give him the aggravated term to reflect society's

1   outrage.  In order to accomplish this, I have indicated to

2   you what I believe is the maximum legal sentence that the law

3   allows, taking into consideration the Rules of Court, and

4   that is, I did have recommended 195 years.  The probation

5   officer has recommended 198 years, four months.  I believe

6   the discrepancy involves the second rape of two of the

7   victims, and I believe you know which ones that I am talking

8   about.  It is my opinion that having used the factors in

9   aggravation on the first rape for the -- each of those two

10   individual victims that the aggravation has been used and

11   cannot be used again for the second act of rape.

12       However, the Penal Code calls for and I believe

13   the man should be sentenced to indicate that the incidents in-

14   volving tohse two particular victims were longer, more

15   terrifying and more humiliating, and that is why I believe

16   that the punishment is 195 years.  I would ask that be the

17   term imposed upon Mr. Turner.

18       THE COURT:  Thank you, Counsel.

19       Counsel?

20   MR. CRABTREE:  In mitigation, ;your Honor, I think it is

21   clear based on the testimony of the officers that testified

22   prior to the trial of the emotion; Mr. Turner, in fact, did

23   exhibit remorse for his actions and the victims when they

24   originally questioned him in the police station -- if the

25   Court will recall one detective said, "Nate, these were all

26   nice women," and he said, "Yes, I know," and looked down at

1    the ground.  Then he cooperated with them to the standpoint

2    of telling them where he had been.

3            I would point out that as to Counts -- the multiple

4    rape counts that I agree with counsel for the prosecution

5    you can't aggravate them twice.  I would ask the Court be-

6    cause they are so close in fact in time to run the sentences

7    concurrent as part of one transaction.

8            I submit, your Honor, that it just depends on how

9    big a book you want to throw at Mr. Turner.  He will be in

10   custody for the remainder of his life.

11        THE COURT:  Is the matter submitted, gentlemen?

12        MR. CARPENTER:  Yes, sir.

13        MR. CRABTREE:  Yes.

14        THE COURT:  The defendant, of course, is ineligible for

15   probation pursuant to 1203.065(a).  But even if he were not,

16   this defendant would not get probation from this Court, nor

17   do I believe another court.  There is certainly danger to

18   others if he were not imprisoned.  His conduct clearly

19   demonstrates that.  The crimes are serious.  They can't be

20   very much more serious.  There were seventeen victims,

21   suffering substantial psychological damage as a result of

22   this defendant's behavior.  He was armed during the commision

23   of all of these acts.  It was done in a professional manner.

24   It was only excellent police work that cased the apprehension

25   of this particular defendant, and his record indicates a

26   pattern of regular increasingly violent criminal conduct.

13

1    For those reasons, of course, the state prison will be

2    imposed.

3          In setting the terms the Court in considering the

4    violent sex crimes on Count Five finds that though counsel has

5    argued to one circumstance in mitigation, that is, early

6    acknowledgement of guilt, the remorse in the probation report

7    does not reflect that nor does his testimony in the outer

8    court hearing, so the Court is going to refect that.

9          Logic and reason would support these circumstances

10    in aggravation minimally.  The manner of the crime indicated

11    premeditation and planning, 421 (a)(8).  421 (b)(2), the

12    defendant's prior convictions are numerous and of increasing

13    seriousness.  421 (b)(3), he served a prior prison term in

14    Federal custody.  421 (b)(4), he was on a pre-release, akin

15    to parole, at the time he committed these offenses, and cer-

16    tainly, 421 (b)(1) applies.  There is a pattern of violent

17    conduct and behavior rampant through these.  So the Court

18    selects the upper term of eight years and to that should be

19    added three years for the knife, for a total of eleven.

20          As to Count Six, that was another act on the same

21    victim, and in that particular case the Court finds there is

22    a circumstance in aggravation, that is, this defendant is

23    being sentenced concurrently rather than consecutively and

24    will select the upper term of eight years and add three

25    years for the knife and orders that served concurrently.

26          The Court finds the same circumstances in aggravation

as to Count Eight as found in Count Five.  Each circumstance in aggravation which applies to Count Five, applies to Count Eight.  The Court will select the upper term of eight years and add to that three years, for a total of eleven years.

As to Count Eleven, again, the Court finds the same circumstances in aggravation heretofore recited and feels the upper term is indicated inescapably, for a total of eight years.  To that the Court will add three years for the knife, for a total of eleven years.

As to Count Fourteen the Court is forced inescapably to the upper term for the same reasons that were set forth in Count Five.  The defendant be sentenced to the upper term of eight years with three years added for the knife, for a total of eleven years.

As to Count Seventeen the Court again finds the same circumstances in aggravation; no circumstances in mitigation.  To that will be added the three years for the knife, for a total of eleven years.

As to Count Twenty the Court again finds the same circumstances in aggravation as recited in Count Five with no circumstances in mitigation, and the Court therefore sets the upper term of eight years and adds to that three years, for a total of eleven.

As to Count Twenty-two the Court finds again the same circumstances in aggravation that were heretofore recited, and again the Court will select the upper term of eight years and

1  add to it three years for the knife, for a total of eleven

2  years.

3          As to Count Twenty-five the Court again finds the

4  same circumstances in aggravation heretofore recited and

5  sets the upper term of eight years and adds to that three

6  years, for a total of eleven years.

7          Each one of these is consecutive except for Count

8  Six.

9          Count Twenty-eight the Court again orders eight

10 years, selecting the upper term for the reasons heretofore

11 recited.  The Court adds to that three years, for a total of

12 eleven to run consecutive with the terms already imposed.

13         As to Count Thirty-four the Court again for the

14 same reasons finds the upper term of eight years to be the

15 appropriate term for the same reasons heretofore stated, and

16 to that adds three years for the knife, for a total of eleven

17 years consecutive.

18         As to Count Thirty-five the Court finds that he

19 could be sentenced consecutively where he is sentenced

20 concurrently and selects the upper term of eight years and

21 adds to it three years and orders that to run concurrent.

22         Count Thirty-eight the Court again finds the upper

23 term is the appropriate term.  The defendant be sentenced

24 to the upper term of eight years for the reasons heretofore

25 recited and add three years for the knife, for a total of

26 eleven years consecutive.

1    As to Count Forty-two the Court selects the upper

2    term for the reasons heretofore recited of eight years and

3    adds to that three years for the knife and orders that to

4    run consecutive.

5    As to Count Forty-five the Court orders the upper

6    term for the reasons heretofore recited of eight years and

7    adds to that three years for the knife, for a total of eleven

8    years.

9    As to Count Forty-seven the Court again selects the

10   upper term for the reasons heretofore recited and adds to

11   that three years for the knife, for a total of eleven years

12   to run consecutively.

13   As to Count Fifty-four the Court orders the upper

14   term again for the reasons stated in aggravation as to Count

15   Five which apply here also, adds three years for the knife,

16   for a total of eleven years to run consecutive, for a total

17   of violent sex crimes, as I compute it, of 165 years.

18   MR. CARPENTER:  Your Honor, did you mention Count Eleven?

19   THE COURT:  If I did not, I will mention it now, Counsel.

20   MR. CARPENTER:  I may have missed it.

21   THE COURT:  As to Count Eleven again the Court would

22   find for the same reasons in Count Five --

23   It has already been recited?

24   THE CLERK:  It has, your Honor.

25   THE COURT:  It has.

26   MR. CARPENTER:  Thank you.  I am sorry.

1    THE COURT:   In taking care of the other crimes, the

2    Court selects as the principal term, Count Thirty-one,

3    attempted rape.   The Court finds again that the manner of the

4    crime indicates premeditation, 421 (a)(8).   The defendant's

5    prior crimes are numerous and of increasing seriousness, 421

6    (b)(2).   421 (b)(3), the defendant served a prior prison

7    term.   421 (b)(4), the defendant was on pre-release from

8    Federal custody when he committed this crime.   421 (b)(1),

9    the pattern of violent conduct is rampant throughout the

10   record of this particular case, and the Court will select the

11   upper term of six years and add to that one year for the

12   knife, for a total of seven years.

13       As to Count Fifty-one the Court finds that this was

14   a separate crime at a separate time and a separate victim

15   and orders it to run consecutive, selecting the middle term

16   and staying all but one year of the midterm, plus one year

17   for the knife, for a total of --

18       One year, would it not be?

19   MR. CARPENTER:   I don't --

20   THE COURT:   For a total of two?

21   MR. CARPENTER:   I don't believe the knife can be

22   sentenced consecutively.

23   THE COURT:   That's right.

24   MR. CARPENTER:   So one-third of the midterm of four years

25   would be one year,  four months.

26   THE COURT:   One year, four months, I beg your pardon.

1    The knife be stayed.

2        Count Nine the Court again considering this par-

3    ticular crime finds that it was a separate objective at a

4    separate time in the crime and orders one-third of the mid-

5    term or one year.  The knife should be stayed.  That would

6    add one year to the sentence.

7        As to Count Twelve the Court will order that --

8    finds for the same reasons stated heretofore in Count Thirty-

9    one, the manner of the crime indicated premeditation.  His

10   prior convictions are numerous and of increasing seriousness.

11   The defendant served a prior prison term.  He was on pre-

12   release from Federal custody when he committed the crime, and

13   the pattern of violent behavior, and orders the upper term of

14   six years and to that will be added one year for the knife,

15   to be served concurrent with the time heretofore imposed as

16   to Count Twenty-three for the same reasons.

17       MR. CARPENTER:  Excuse me, your Honor.  Count Twelve is

18   the robbery.

19       THE COURT:  Five years and order it served concurrently,

20   Counsel

21       MR. CARPENTER:  Okay.

22       THE COURT:  I said six.  It should be corrected to five.

23       Count Twenty-three the Court again finds the upper

24   term to be applicable as heretofore state in Count Thirty-

25   one, and again in Count Twelve orders the upper term of five years

26   to which be added one year for the knife and orders that be

1    served concurrent with the time heretofore imposed.

2           As to Count Twenty-six again the upper term of five

3    years with one year for the knife to be served concurrent

4    with the time heretofore imposed.

5           As to Count Twenty-four the Court orders -- finds

6    the upper term to be appropriate as heretofore stated, adds

7    one year for the knife, for a total of six years to run

8    concurrent with the term heretofore imposed.

9           As to Count Thirty-six the Court again selects the

10   upper term of six years -- five years for the reasons here-

11   tofore stated and adds one year for the knife, for a total

12   of six years to run concurrent.

13          Count Thirty-nine the Court again selects the upper

14   term of five years for the reasons heretofore stated and

15   adds one year for the knife and orders that served concurrent.

16          As to Count Forty-three the Court again finds for

17   the reasons in aggravation heretofore stated that the appro-

18   priate term is five years and adds one year for the knife

19   and orders that served concurrent.

20          As to Count Fifty-two the Court again finds the

21   upper term of five years is the appropriate term, adds one

22   year for the knife and orders it served concurrent.

23          As to Count Fifty-five the Court again selects the

24   upper term of five years for the reasons heretofore stated,

25   adds one year for the knife and orders it served concurrent.

26          As to Count Forty-nine, 647 (h), the defendant be

1    sentenced to six months in custody of the Sheriff concurrent.

2          As to Count Four the Court again for the reasons

3    stated, the Court finds that the manner of the crime indicat-

4    ed premeditation.  His prior convictions are numerous and of

5    increasing seriousness.  He served a prior prison term.  He

6    was on pre-release from Federal custody when he committed

7    the crime, and he has a pattern of violent behavior.  The

8    Court will select the upper term of six years and add one

9    year for the knife, and this count is stayed pursuant to

10   654 (b) of the Penal Code.  The stay to become permanent

11   upon affirmance on appeal.

12         As to Count Six, likewise, six years, plus one

13   year.  That be stayed pursuant to 654 (b) and the stay to

14   become permanent when affirmed on appeal.

15         As to Count Ten six years, plus one year.  Again,

16   stayed pursuant to 654 (b).  The stay to become permanent

17   upon the case being affirmed on appeal.

18         Likewise, as to Count Thirteen six years, plus one

19   year for a total of seven.  That be stayed pursuant to 654

20   (b).  It will be stayed until the case is affirmed on appeal.

21         As to Count Sixteen the upper term of six years,

22   plus one, and stayed pursuant to 654 (b).  The stay to become

23   permanent when affirmed on appeal.

24         Likewise, as to Count Fifteen six years, add one

25   year for the knife, for a total of seven years.  Stayed

26   pursuant to 654 (b).  That stay to become permanent when

1    appeal.

2        Count Twenty-one the Court orders the defendant be
3    confined for six years, the upper term, for the reasons
4    heretofore stated, plus one year for the knife, for a total
5    of seven years.  Stayed pursuant to 654 (b).  That stay to
6    become permanent upon affirmance on appeal.

7        Likewise, as to Count Twenty-four six years, the
8    upper term, be selected for the reasons heretofore stated,
9    plus one year for the knife.  The count stayed pursuant to
10   654 (b) and to become permanent upon affirmance on appeal.

11       Count Twenty-seven six years, plus one for the knife.
12   Again, the upper term for the reasons as heretofore stated.
13   To be stayed pursuant to 654 (b).  The stay to become
14   permanent upon affirmance on appeal.

15       Count Thirty the upper term of six years, plus one
16   year for the knife.  Again, stayed pursuant to 654 (b).
17   The stay to become permanent upon affirmance on appeal.

18       Count Thirty-three again the upper term for the
19   reasons heretofore stated, plus one year for the knife, for a
20   total of seven years.  That be stayed pursuant to 654 (b).
21   The stay to become permanent upon affirmance on appeal.

22       Count Thirty-seven the upper term of six years,
23   plus one year for the knife.  Stayed pursuant to 654 (b).  The
24   stay to become permanent upon affirmance on appeal.  The
25   same reasons for aggravation as heretofore stated in the
26   other counts.

Count Forty-one the upper term of six years, plus one year for the knife, for a total of seven years. Stayed pursuant to 654 (b). The stay to become permanent upon affirmance on appeal.

Count Forty-four the upper term of six years, plus one for the knife, for a total of seven years. Stayed pursuant to 654 (b). The stay to become permanent upon affirmance on appeal.

Count Forty-six the upper term of six years for the reasons heretofore stated for the other counts, plus one year for the knife, for a total of seven years. Stayed pursuant to 654 (b). The stay to become permanent upon affirmance on appeal.

Count Fifty the upper term of six years for the reasons heretofore stated, plus one year for the knife, for a total of seven years. Stayed pursuant to 654 (b). The stay to become permanent upon affirmance on appeal.

As to Count Fifty-three again the Court selects the upper term of six years, plus one year for the knife, for a total of seven years. Stayed pursuant to 654 (b). The stay to become permanent upon affirmance on appeal.

The defendant, therefore, be sentenced to the DEpartment of Corrections for 174 years, four months.

The defendant becomes eligible for parole when he serves two-thirds of that term. The defendant has a right to appeal the judgment of this court by filing a notice of

1  appeal within 60 days of today's date.  The notice of appeal

2  should be filed with the Clerk of this court and not any

3  other court.  He is entitled to a transcript upon appeal of

4  these proceedings or any other proceedings relevant to this

5  case.  If he can't afford counsel, he has a right to have

6  counsel appointed for him and to have the transcript prepared

7  without cost to himself.  He should keep the Court of Appeals

8  notified of his whereabouts during the pendency of the appeal.

9        Thank you, gentlemen.

10    THE PROBATION OFFICER:  Credit for time served, your

11  Honor?

12    THE COURT:  Credit for time served, yes.  He should be

13  given credit for --

14        Do you have the up-to-date credits?

15    THE PROBATION OFFICER:  It is as in the supplemental

16  report, your Honor, page six.

17    THE COURT:  169 actual; is that correct?

18    THE PROBATION OFFICER:  That's correct.

19    THE COURT:  169 actual days, plus 84 good-time, for a

20  total of 253 days.

21    MR. CARPENTER:  Your Honor, in light of the Court's

22  sentence, the People move to dismiss the remaining counts

23  in the furtherance of justice.  I believe that they are

24  Counts One, Two, Three, Forty, and what was the -- what was

25  the other remaining count?

26    THE CLERK:  Eighteen.

1      MR. CARPENTER:  Count Eighteen.  That is what I thought.

2  There was a motion on that, so we would move to dismiss that

3  in the furtherance of justice in light of the sentence

4  just pronounced by the Court.

5      THE COURT:  In view of any further --

6      MR. CARPENTER:  Sir?

7      THE COURT:  It would be a waste of the public money to

8  prosecute?

9      MR. CARPENTER:  Yes, sir.

10     THE COURT:  The motion will be granted.

11        (Whereupon these proceedings were adjourned.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

385955

385955

## ABSTRACT OF JUDGMENT — COMMITMENT

FORM DSL 290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**

BRANCH

COURT I.D. **3 , 7**

PEOPLE OF THE STATE OF CALIFORNIA                   versus

DEFENDANT: **NATHAN KEVIN TURNER**          ☒ PRESENT   ☐ NOT PRESENT

AKA: **Nate Turner**

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT          ☐ AMENDED ABSTRACT

CASE NUMBER **CR-56189**

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03 , 22 , 82 | 2 | DONALD W. SMITH | T. G. DOUGHERTY |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| DENIS D. MC FARLAND | M. CARPENTER | HODGE CRABTREE | CAROLYN L. LEWINSKI |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT **Pages 2, 3 and 4**

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE FULL | CONSECUTIVE INCOMPLETE SENTENCE | S&STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | PC | 220 | ASSAULT TO RAPE | 81 | 02 | 08 | 82 | X | | U | | | PRINCIPAL | | | 6 | |
| 4 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 11 | 82 | X | | U | | | | | X | | |
| 5 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | | U | | | | X | | 8 | |
| 6 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | | U | X | | | | | (8) | |
| 7 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | | U | | | | | X | | |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I |
| 3 | | | | | | | | | | | | | | | | | | | | | | | | | | | 1 |
| 4 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | |
| 5 | | | | | | | X | X | | | | | | | | | | | | | | | | | | | 3 |
| 6 | | | | | | | X | X | | | | | | | | | | | | | | | | | | | (3) |
| 7 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | |

Date 12-21-88  I certify this to be a true copy of the official document on file. J. Beswick CCCS  Records Supervisor

3. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

5. A. NUMBER OF PRIOR PRISON TERMS:

| | S | C/F | S | I |
|---|---|---|---|---|
| 667.5(a) | | 0 | | |
| 667.5(b) | | 0 | | |
| 667.6(b) | | 0 | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | S | C/F | S | I |
|---|---|---|---|---|
| 667.6(a) | | 0 | | |

4. OTHER ORDERS:

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):     156   4

7. TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:

8. TOTAL TERM IMPOSED:  ———————————►     174   4

9. EXECUTION OF SENTENCE IMPOSED:

☒ A. AT INITIAL SENTENCING HEARING   ☐ B. AT RESENTENCING PURSUANT TO DECISION ON APPEAL   ☐ C. AFTER REVOCATION OF PROBATION   ☐ D. AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC§1170(d)]

| DATE SENTENCE PRONOUNCED: 03 22 82 | CREDIT FOR TIME SPENT IN CUSTODY: 253 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 169 | LOCAL CONDUCT CREDITS 84 | STATE INSTITUTIONS ☐ DMH   ☐ CDC |
|---|---|---|---|---|---|

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH   ☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:   ☐ CALIF. INSTITUTION FOR WOMEN — FRONTERA   ☐ CALIF. MEDICAL FACILITY — VACAVILLE   ☒ CALIF. INSTITUTION FOR MEN — CHINO
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS.   ☐ OTHER (SPECIFY):

CLERK OF SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| T. G. Dougherty | MAR 2 2 1982 |

This form is prescribed pursuant to Penal Code § 1213 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California
Effective July 1, 1981

## ABSTRACT OF JUDGMENT — COMMITMENT
FORM DSL 290

Pen.C. 1213.5.

DISTRIBUTION:     PINK COPY — COURT FILE,     YELLOW COPY — DEPARTMENT OF CORRECTIONS,     WHITE COPY — ADMINISTRATIVE OFFICE OF THE COURTS.

# ABSTRACT OF JUDGMENT – COMMITMENT
## ATTACHMENT PAGE

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __SAN DIEGO__
BRANCH _____

COURT I.D. 3 7

PEOPLE OF THE STATE OF CALIFORNIA    versus
DEFENDANT: NATHAN KEVIN TURNER    [X] PRESENT   [ ] NOT PRESENT
AKA: Nate Turner

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    [ ] AMENDED ABSTRACT    CASE NUMBER CR-56189

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03 22 82 | 2 | DONALD W. SMITH | T. G. DOUGHERTY |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| JANIS D. MC FARLAND | M. CARPENTER | HODGE CRABTREE | CAROLYN L. LEWINSKI |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [X] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT __pages 3 & 4__

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY | TERMINAL(U) | SENTENCE RELATION | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | consecutive X | 8 | |
| 9 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | M | concurrent X | 1 | |
| 10 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | 654 stay X | | |
| 11 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | X | 8 | |
| 12 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | U X | | (5) | |
| 13 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | X | | |
| 14 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | X | 8 | |
| 16 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | X | | |
| 17 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | X | 8 | |
| 19 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | X | | |
| 20 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | X | 8 | |
| 21 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 11 | 82 | X | U | X | | |
| 22 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | U | X | 8 | |
| 23 | PC | 211 | ROBBERY | 81 | 02 | 11 | 82 | X | U X | | (5) | |
| 24 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | X | | |

TOTAL 49

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) C/F S I | 12022(b) C/F S I | 12022.3(a) C/F S I | 12022.3(b) C/F S I | 12022.5 C/F S I | 12022.6(a) C/F S I | 12022.6(b) C/F S I | 12022.7 C/F S I | 12022.8 C/F S I | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | | | X | X | | | | | | |
| 9 | | X X | | | | | | | | 3 |
| 10 | | X X | | | | | | | | |
| 11 | | | X | X | | | | | | |
| 12 | | X X | | | | | | | | 3 |
| 13 | | X X | | | | | | | | (1) |
| 14 | | | X | X | | | | | | |
| 16 | | X X | | | | | | | | 3 |
| 17 | | | X | X | | | | | | |
| 19 | | X X | | | | | | | | 3 |
| 20 | | | X | X | | | | | | |
| 21 | | X X | | | | | | | | 3 |
| 22 | | | X | X | | | | | | |
| 23 | | X X | | | | | | | | 3 |
| 24 | | X X | | | | | | | | (1) |

Date 12-21-06 document on file [signature] I certify this to be a true copy of the official records Supervisor

TOTAL 18

3. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: ————▶ 67

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

## ABSTRACT OF JUDGMENT – COMMITMENT
ATTACHMENT FORM DSL 290-A

Pen. C. 1213.5

# ABSTRACT OF JUDGMENT – COMMITMENT
## ATTACHMENT PAGE

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __SAN DIEGO__

BRANCH _____

COURT I.D. | 3 | 7 |

PEOPLE OF THE STATE OF CALIFORNIA  **versus**

DEFENDANT: NATHAN KEVIN TURNER   [X] PRESENT   [ ] NOT PRESENT
AKA: Nate Turner

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT   [ ] AMENDED ABSTRACT   CASE NUMBER CR-56189

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03 22 82 | 2 | DONALD W. SMITH | T. G. DOUGHERTY |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| JANIS D. MC FARLAND | M. CARPENTER | HODGE CRABTREE | CAROLYN L. LEWINSKI |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. [X] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT **page 4**

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | CONVICTION BY (PLEA) | TERM (NU) | SENTENCE RELATION | PRINCIPAL OR CONSECUTIVE TIME IMPOSED (YEARS) | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | CONSECUTIVE 1/3 VIOLENT X | 8 | |
| 26 | PC | 211 | ROBBERY | 81 | 02 | 11 | 82 | X | U | CONCURRENT X | (5) | |
| 27 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 11 | 82 | X | U | 654 STAY X | | |
| 28 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | U | CONSECUTIVE 1/3 VIOLENT X | 8 | |
| 29 | PC | 211 | ROBBERY | 81 | 02 | 11 | 82 | X | U | CONCURRENT X | (5) | |
| 30 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | 654 STAY X | | |
| 32 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | U | | (5) | |
| 33 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | 654 STAY X | | |
| 34 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | CONSECUTIVE 1/3 VIOLENT X | 8 | |
| 35 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | CONCURRENT X | (8) | |
| 36 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | U | CONCURRENT X | (5) | |
| 37 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | U | 654 STAY X | | |
| 38 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | U | CONSECUTIVE 1/3 VIOLENT X | 8 | |
| 39 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | U | CONCURRENT X | (5) | |
| 41 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 11 | 82 | X | U | 654 STAY X | | |

**TOTAL 32**

2. ENHANCEMENTS CHARGED AND FOUND, STRICKEN, TIME IMPOSED:

| COUNT | 12022(a) C/F S I | 12022(b) C/F S I | 12022.3(a) C/F S I | 12022.3(b) C/F S I | 12022.5 C/F S I | 12022.6(a) C/F S I | 12022.6(b) C/F S I | 12022.7 C/F S I | 12022.8 C/F S I | YEARS |
|---|---|---|---|---|---|---|---|---|---|---|
| 25 | | | X   X | | | | | | | 3 |
| 26 | | X   X | | | | | | | | (1) |
| 27 | | X X | | | | | | | | |
| 28 | | | X   X | | | | | | | 3 |
| 29 | | X   X | | | | | | | | (1) |
| 30 | | X X | | | | | | | | |
| 32 | | X   X | | | | | | | | (1) |
| 33 | | | | | | | | | | |
| 34 | | | X   X | | | | | | | 3 |
| 35 | | | X   X | | | | | | | (3) |
| 36 | | X   X | | | | | | | | (1) |
| 37 | | X X | | | | | | | | |
| 38 | | | X   X | | | | | | | 3 |
| 39 | | X   X | | | | | | | | (1) |
| 41 | | X X | | | | | | | | |

Date /2-3/-80 certify this to be a true copy of the official document on file. _____ Records Supervisor

**TOTAL 12**

3. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: ⟶ **44**

This form is prescribed pursuant to Penal Code §1213 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

## ABSTRACT OF JUDGMENT – COMMITMENT
ATTACHMENT FORM DSL 290-A

Pen. C. 1213.5

# ABSTRACT OF JUDGMENT – COMMITMENT
## ATTACHMENT PAGE

FORM DSL 290-A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __SAN DIEGO__

BRANCH _____

COURT I.D. | 3 7

PEOPLE OF THE STATE OF CALIFORNIA **versus**

DEFENDANT: NATHAN KEVIN TURNER   XX PRESENT   ☐ NOT PRESENT

AKA: Nate Turner

COMMITMENT TO STATE PRISON   ☐ AMENDED ABSTRACT
ABSTRACT OF JUDGMENT   CASE NUMBER CR-56189

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 03 22 82 | 2 | DONALD W. SMITH | T. G. DOUGHERTY |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| JANIS D. MC FARLAND | M. CARPENTER | HODGE CRABTREE | CAROLYN L. LEWINSKI |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. ☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM (L&U) | CONCURRENT | CONSECUTIVE 1/2 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | SENTENCE ENHANCEMENTS 667.5 | 654 STAY | YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | | U | | | | X | | | | 8 | |
| 43 | PC | 211 | ROBBERY | 81 | 02 | 11 | 82 | X | | U | X | | | | | | | (5) | |
| 44 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | | U | | | | | | | X | | |
| 45 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | | U | | | | X | | | | 8 | |
| 46 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 11 | 82 | X | | U | | | | | | | X | | |
| 47 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 11 | 82 | X | | U | | | | X | | | | 8 | |
| 48 | PC | 211 | ROBBERY | 81 | 02 | 11 | 82 | X | | U | X | | | | | | | (5) | |
| 50 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | | U | | | | | | | X | | |
| 51 | PC | 220 | ASSAULT TO RAPE | 81 | 02 | 08 | 82 | X | | U | | X | | | | | | 1 | 4 |
| 52 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | | U | X | | | | | | | (5) | |
| 53 | PC | 459* | BURGLARY 1ST DEG | 81 | 02 | 08 | 82 | X | | U | | | | | | | X | | |
| 54 | PC | 261(2) | FORCIBLE RAPE | 81 | 02 | 08 | 82 | X | | U | | | | X | | | | 8 | |
| 55 | PC | 211 | ROBBERY | 81 | 02 | 08 | 82 | X | | U | X | | | | | | | (5) | |
| | | | | | | | | | | | | | | | | | **TOTAL** | 33 | 4 |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022 (a) C/F | 12022 (a) S | 12022 (a) I | 12022 (b) C/F | 12022 (b) S | 12022 (b) I | 12022.3 (a) C/F | 12022.3 (a) S | 12022.3 (a) I | 12022.3 (b) C/F | 12022.3 (b) S | 12022.3 (b) I | 12022.5 C/F | 12022.5 S | 12022.5 I | 12022.6 (a) C/F | 12022.6 (a) S | 12022.6 (a) I | 12022.6 (b) C/F | 12022.6 (b) S | 12022.6 (b) I | 12022.7 C/F | 12022.7 S | 12022.7 I | 12022.8 C/F | 12022.8 S | 12022.8 I | YEARS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | 3 |
| 43 | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | (1) |
| 44 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | |
| 45 | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | 3 |
| 46 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | |
| 47 | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | 3 |
| 48 | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | (1) |
| 50 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | |
| 51 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | |
| 52 | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | (1) |
| 53 | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | |
| 54 | | | | | | | X | | X | | | | | | | | | | | | | | | | | | | 3 |
| 55 | | | | X | | X | | | | | | | | | | | | | | | | | | | | | | (1) |
| | | | | | | | | | | | | | | | | | | | | | | | | | | | **TOTAL** | 12 |

Date 12-21-88 I certify this to be a true copy of the official document on file. [signature] Records Supervisor

3. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: ⟶ 45 | 4

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

## ABSTRACT OF JUDGMENT – COMMITMENT
ATTACHMENT FORM DSL 290-A

Pen. C. 1213.5