1  Nathan Kevin Turner
   C-44886 - C2-125
2  Post Office Box 8500
   Coalinga, CA 93210-8500
3
   In Propria Persona
4

| 2254 ✓  1983 |
| FILING FEE PAID |
| Yes ___ No ✓ |
| IFP MOTION FILED |
| Yes ✓ No ___ |
| COPIES SENT TO |
| Court ✓ Pro Se ___ |

FILED

2007 OCT 19 PM 3:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

5

6

7

8            UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10                                '07 CV 2036 JLS AJB

11  Nathan Kevin Turner,              )   Civil No. _____
12        Petitoner-Appellant,        )
                                      )   SUPPLEMENTAL PETITION FOR
13        v.                          )   WRIT OF HABEAS CORPUS
                                      )
14                                    )
    James A. Yates, (Warden)          )
15                                    )
          Respondent-Appellee.        )
16  _____  )

17

18

19

20

21

22

23

24  In Propria Persona

25                                        Nathan Kevin Turner
                                          C-44886 - C2-125
26                                        Post Office Box 8500
                                          Coalinga, Ca 93210-8500
27

28

**PAGE**

CONTENTIONS . . . . . . . . . . . . . . . . . . . .    i-iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . .    IV-VII

INTRODUCTION . . . . . . . . . . . . . . . . . . .    1

JURISDICTIONAL STATEMENT . . . . . . . . . . . . .    1-2

STATEMENT OF FACTS . . . . . . . . . . . . . . . .    2-3

PRE -TRIAL MOTIONS . . . . . . . . . . . . . . . .    4

POST - TRIAL MOTIONS . . . . . . . . . . . . . . .    4-6

EXTRAORDINARY POST-CONVICTION CHALLENGE . . . . . . . . .    7-9

CONCLUSION . . . . . . . . . . . . . . . . . . . .    33-34

PRAYER FOR RELIEF . . . . . . . . . . . . . . . .    34

VERIFICATION . . . . . . . . . . . . . . . . . . .    35

EXHIBITS 1 - 18 . . . . . . . . . . [SEPARATELY BOUND] . .

EXHAUSTION OF STATE COURT REMEDIES .[EXHIBIT-18] . . . .

PROOF OF SERVICE BY MAIL . . . . . . . . . . . . . .

## TOPICAL INDEX

**Page**

CONTENTIONS:

### IV.

THE SENTENCING COURT COMMITTED AN ERROR AND ACTED IN EXCESS OF ITS
JURISDICTION WHEN IT SENTENCED PETITIONER TO THE UPPER, FULL,
SEPARATE, AND CONSECUTIVE TERM, PLUS ENHANCEMENT UNDER PENAL CODE
SECTION 667.6(c) IN COUNT FIVE AND COUNT SIX . . . . . . . . . . 11-12

### V.

IN ITS RENDITION OF JUDGMENT THE COURT ERRED BY SIMPLY REFERRING
TO ITS AGGRAVATION RULING AS A MEANS TO IMPOSE THE UPPER TERM ON
COUNTS EIGHT, ELEVEN, FOURTEEN, SEVENTEEN, TWENTY, TWENTY-TWO
TWENTY-FIVE AND TWENTY-EIGHT . . . . . . . . . . . . . . . . . . 12-15

### VI.

THE SENTENCING COURT ENGAGED IN A DUAL USE OF FACTS WHEN IT USED
ITS AGGRAVATION FINDING AS A MEANS OF IMPOSING CONSECUTIVE PRISON
TERMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-15

### VII.

THE IMPROPER CHARGING OF THE SAME OFFENSES IN NUMEROUS COUNT'S OF
THE INDICTMENT OF INFORMATION, MULTIPLICITY VIOLATES THE FIFTH
AMENDMENT PROTECTION AGAINST DOUBLE JEOPARDY, AS TO THE CRIMES
INDEPENDENT OF THE PRINCIPAL TERM CRIME . . . . . . . . . . . . 16

### VIII.

IMPOSITION OF AGGRAVATED AND CONSECUTIVE SENTENCES IN VIOLATION
OF PROHIBITION AGAINST DUAL USE OF SAME FACTS . . . . . . . . . 17

### XI.

CONSECUTIVE TERM AS SENTENCES ENHANCEMENT WITHIN DUAL USE OF FACTS
PROHIBITION . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

## TOPICAL INDEX
Continued

Page

### X.

THE SENTENCING PROCESS AS WELL AS TRIAL ITSELF MUST SATISFY RE-
QUIREMENT OF THE DUE PROCESS CLAUSE . . . . . . . . . . . . . . . . . 19

### XI.

PETITIONERS SENTENCE IS INVALID AND IN VIOLATION OF HIS FEDERAL
CONSTITUTIONAL RIGHTS TO A JURY TRIAL AND DUE PROCESS. BECAUSE
THE AGGRAVATING FACTORS USED TO JUSTIFY THE IMPOSITION OF THE
UPPER TERM WERE BASED ON FINDING MADE BY THE TRIAL COURT RATHER
THAN BY THE JURY: AND WERE IMPROPERLY BASED ON A REASONABLE DOUBT
OF THE EVIDENCE STANDARD . . . . . . . . . . . . . . . . . . . . . . 18-19

A. The Blakely v. Washington Decision . . . . . . . . . . . . . 20-21

B. The Holding in Blakely Is And Applies To The Instant
   Petition . . . . . . . . . . . . . . . . . . . . . . . . . . 21

C. Blakely Renders Portion Of California Determinate Sentencing
   Law Unconstitutional . . . . . . . . . . . . . . . . . . . 21-25

D. Application of Blakely to Petitioners Petition . . . . . . . 25-29

E. Petitioner Sentence Should Be Vacated And A Mid Term Sentence
   Should Be Imposed . . . . . . . . . . . . . . . . . . . . . 29-32

### XII.

THE SUPERIOR COURT'S DISPOSAL OF TRIAL EXHIBITS [PHYSIOLOGICAL
SAMPLES] PRIOR TO THE FINALITY OF PETITIONER'S DIRECT APPEAL
DENIED PETITIONER A PROCESS DUE . . . . . . . . . . . . . . . . . 32-33

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33-34

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . 34

VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

## TABLE OF AUTHORITIES

Page

### UNITED STATES SUPREME COURT

ALMENDAREZ - TORRES vs. UNITED STATES, 523 U.S. 224,
       118 S.Ct. 1219, 140 L.Ed. 2d 350 (1998) . . . . . .    27

APPRENDI vs. JEW JERSEY, 530 U.S. 466, 490, 120 S.Ct. 2348,
       147 L.Ed. 2d 435 (2000) . . . . . . . . . . . . .    20

BLAKELY vs. WASHINGTON, 542 U.S. ____, 124 S.Ct. 2531,
       158 L.Ed. 2d 403 (2004) . . . . . . . . . . . . .    20

GARDNER vs. FLORIDA, 430 U.S. 349, 97 S.Ct. 1197,
       51 L.Ed. 2d 393 (   ) . . . . . . . . . . . . .    19

GRIFFITH vs. KENTUCKY, 479 U.S. 314, 107 S.Ct. 708,
       93 L.Ed. 2d 649, 661 (1987) . . . . . . . . . . . 21

HICKS vs. OKLAHOMA, 447 U.S. 343, 346, 100 S.Ct. 2227,
       65 L.Ed. 2d 175 (1980) . . . . . . . . . . . . .    29

NEDER vs. UNITED STATES, 527 U.S. 1, 19, 119 S.Ct. 1827,
       144 L.Ed. 2d 35 (1998) . . . . . . . . . . . . .    31

### UNITED STATES DISTRICT

Turner vs. Compoy (9th Cir. 1987) 827 F.2d. 526 . . . . . . . . . .    6

United States v. Garcia-Guizar (9th Cir. 2000),
       234 F.3d. 483, 488-489 . . . . . . . . . . . .    31

### CALIFORNIA SUPREME COURT

In re Hobbinott (1996) 12 Cal. 4th 992, 50 Cal.Rptr. 2d 706 . . . . .    2

In re Huffman (1986) 42 Cal. 3d 552, 229 Cal. Rptr. 789 . . . . . . .    2

In re Kay (1970) 1 Ca. 3d. 930, 83 Cal. Rptr. 666 . . . . . . . . .    2

In re King (1970) 3 Cal. 3d. 226, 90 Cal. Rptr. 15 . . . . . . . . .    2

In re Rodriguez (1975) 12 Cal. 3d. 639, 122 Cal. Rptr. 552 . . . . . .    2

IV.

## TABLE OF AUTHORITIES   (Cont.)

**Page**

In re Zerba (1964) 60 Cal. 2d 667-67, 36 Cal. Rptr. 296,
388 P. 2d 182 . . . . . . . . . . .   2

**People v. Ernst (1994)** 8 Cal. 4th 441, <u>34</u>  Cal. Rptr. 2d. <u>238</u> . . . .   29

### CALIFORNIA COURT OF APPEALS

In re Birdwell (1996) 50 Cal. App. 926, 59 Cal. Rptr. 2d. 244 . . . . .   2

In re Garmignani (1925) 71 Cal. App. 632 . . . . . . . . . . . .   2

People v. Bowen (1992) 11 Cal. App. 4th 411 <u>14</u> Cal. Rptr. 2d. <u>40</u> . . . .   22

People v. Flores (1981) 115 Cal. App. 3d. 67, 171 Cal. Rptr. 365 . . .   15

.People v. Karsai (1982) 131 Cal. App. 3d. 224, <u>182</u>  Cal. Rptr. <u>486</u>  .   11

People v. Lawson (1980) 107 Cal. App. 3d 748, 165 Cal. Rptr. . . . . .   17

People v. Orelland (2000) 79 Cal. App. 4th 179, 186, <u>93</u>  Cal. Rptr. 2d
866, . . . . . . . . . . . . .   30

People v. Ratcliffe (1981) 124 Cal. App. 3d . 808, 177 Cal. Rptr. 627 .   14

People v. Roberts (1978) 81 Cal. App. 3d. 890, 146 Cal. Rptr. 772 . . .   18

People v. Scott (2001) Cal. App. 4th 1197-1121, <u>111</u> Cal. Rptr 2d <u>318</u>  .   31

People v. Sengpadychith (2000) 26 Cal. App. 4th 316, 324,
<u>109</u> Cal. Rptr. 2d <u>851</u> . . . . .   30

People v. Smith (1980) 101 Cal. App. 3d. 954, 161 Cal. Rptr. 787 . . .   18

People v. Stought (1981) 115 Cal. App. 3d. 740, 171 Cal. Rptr. 501 . .   11

People v. Whitehouse (1980) 112 Cal. App. 3d. 479, 169 Cal. Rptr. 199 .   15

### CONSTITUTIONAL PROVISIONS

United States Constitution, Amendment V. . . . . . . . . . . . . . . .   28

United States Constitution, Amendment VI. . . . . . . . . . . . . .21.28,29,30

v.

| CONSTITUTIONAL PROVISIONS (Cont.) | Page |
|---|---|
| United States Constitution, Amendment XIV. . . . . . | 29 |
| United States Constitution  Amendment VI . . . . . . | 29,30 |

## CALIFORNIA CONSTITUTIONAL PROVISION

| | |
|---|---|
| Article 6, Section 13 . . . . . . . . . . . . . . . | |
| Article 1, Section 16 . . . . . . . . . . . . . . . | 29 |

## CALIFORNIA PENAL CODE, (WEST (1982)

| | |
|---|---|
| 261.(2) . . . . . . . . . . . . . . . . . . . . . | 10 |
| 654 . . . . . . . . . . . . . . . . . . . . . . . | 15, 16 |
| 667.5 . . . . . . . . . . . . . . . . . . . . . . | 15, 16,17 |
| 667.6 . . . . . . . . . . . . . . . . . . . . . . | 16 |
| 667.6 (c) . . . . . . . . . . . . . . . . . . . . | 10 |
| 667.6 (d) . . . . . . . . . . . . . . . . . . . . | 10 |
| 669. . . . . . . . . . . . . . . . . . . . . . . | 16, 18 |
| 1170. . . . . . . . . . . . . . . . . . . . . . . | 16 |
| 1170.(a) . . . . . . . . . . . . . . . . . . . . . | 18 |
| 1170.(a)(3) . . . . . . . . . . . . . . . . . . . | 22 |
| 1170. (b) . . . . . . . . . . . . . . | 15,16,17,21,22,23,31 |
| 1170.1 . . . . . . . . . . . . . . . . . | 10,15,16,17,18 |
| 1170.1(a) . . . . . . . . . . . . . . . . . . . . | 18 |
| 1203.065(a) . . . . . . . . . . . . . . . . . . . | 4 |
| 1714. . . . . . . . . . . . . . . . . . . . . . . | 33 |
| 12022. . . . . . . . . . . . . . . . . . . . . . | 15,16,17, |
| 12022.3 . . . . . . . . . . . . . . . . . . . . . | 16,17 |
| 12022.5 . . . . . . . . . . . . . . . . . . . . . | 15,16,17,18 |
| 12022.6. . . . . . . . . . . . . . . . . . . . . | 15,16,17 |
| 12022.7. . . . . . . . . . . . . . . . . . . . . | |

## CALIFORNIA LOCAL RULE, RULE

| | |
|---|---|
| 405(b). . . . . . . . . . . . . . . . . . . . . . | 18 |
| 421(a)(8) . . . . . . . . . . . . . . . . . . . . | 5,11,12 |
| 421(b)(2) . . . . . . . . . . . . . . . . . . . . | 5,11,12 |
| 421 (b)(3) . . . . . . . . . . . . . . . . . . . . | 11,12 |
| 421(b)(1) . . . . . . . . . . . . . . . . . . . . | 5,11,12 |
| 421(b)(d) . . . . . . . . . . . . . . . . . . . . | 5, |

VI.

## CALIFORNIA LOCAL RULE, RULE (Cont.)                    **Page**

421(b)(d)(3) . . . . . . . . . . . . . . . . . . . . .              5,
425 . . . . . . . . . . . . . . . . . . . . . . . . .              18
441 . . . . . . . . . . . . . . . . . . . . . . . . .           15,18
4.420. . . . . . . . . . . . . . . . . . . . . . . .              21
4.420. (b)(c) . . . . . . . . . . . . . . . . . . . .              23
4.420.(c)(d) . . . . . . . . . . . . . . . . . . . .              31
4.420. (b)(d) . . . . . . . . . . . . . . . . . . .        22,23,24
4.420. (d) . . . . . . . . . . . . . . . . . . . . .              24


## WELFARE AND INSTITUTION CODE

6300 . . . . . . . . . . . . . . . . . . . . . . . . .               4

1  Nathan Kevin Turner
   C-44886 - C2-125
2  Post Office Box 8500
   Coalinga, CA 93210-8500
3
   In Propria Persona
4

5

6

7

8                  UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 Nathan Kevin Turner,              )     Civil No. _____
                                     )
12        Petitioner-Appellent,      )     SUPPLEMENTAL PETITION
                                     )     FOR WRIT OF HABEAS CORPUS
13        v.                         )
                                     )
14 James A. Yates, (Warden)          )
                                     )
15        Respondent-Appellee.       )
                                     )
16                                   )

17 _____

18                          I.

19                     INTRODUCTION

20   Comes now petitioner, Nathan Kevin Turner, without counsel in

21 his quest for a jurist of reason. Wherefore, he may have these

22 specific claims formally adjudicated in a Judicial form.

23

24                          II.

25                      JURISDICTION

26   A Writ of Habeas Corpus will be entertained when a petitioner

27 raises issues showing that the court has acted outside of its

28

                          -1-

authority. That is to say, actions taken is excess of a court's authority may be challenged on habeas corpus even though there has been a delay or a prior affirmance on direct appeal (See, e,g., In re Birdwell (1996) 50 C.A. 926, 59 C.R. 2d 244; In re Hoddinott (1996) 12 C. 4th 992, 50 C.R. 2d 706.) In terms of convictions them- selves, relief has been granted in habeas corpus proceeding for convictions brought forth by the unconstitutional application of a statute. (In re Kay (1970) 1 C. 3d 930, 83 C.R. 666; In re King (1970) 3 C. 3d 226, 90 C.R. 15.)

Habeas corpus is also available in cases where a court has clearly acted in excess of the court's authority include uncon- stitutional sentencing (In re Rodriguez (1975) 12 C. 3d 639, 122 C.R. 552,) and a sentence unauthorized by statue (In re Carmignani (1925) 71 C.A. 632;) (In re Huffman (1986) 42 C.3d 552, 229 C.R. 789). ,For the purposes of [the writ of habeas corpus], the term "juris- diction" is not limited to its fundamental meaning and in such pro- ceeding judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by constitutional provisions, statue, or rules developed by courts (In re Zerbe 60 C. 2d at 667-68, 36 C.R. 296, 388 P.2d 182).

## III.

### STATEMENT OF FACTS

Petitioner was arrested by the San Diego Police and a Criminal Complaint (#F-70355) was filed in Municipal Court on October 23, 1981.

Wherefore, petitioner was formally charged with fifty-five counts, ranging from peeping, burglary, rape, and robbery while Armed with a deadly weapon. Petitioner pled not guilty to those charges. And during his jury trial petitioner was represented by E.Hodge Crabtree III.

Evidence collected by detectives and local hospitals were categorically inventoried and made readily available, via the use of property tags. Said property tags were assigned a specific number and keep in the custody and care of designed Storekeeper III, John R. Trebil, who was employed by the San Diego Police Department.

Petitioner's jury trial commenced on January 11, 1982. Wherefore at varies times during the trial evidence kept in the Police Department's Property Room were released to the detective initially assigned to investigate any one of the fifty-five charges alleged in the information filed against petitioner. The detective, inturn, would turn the evidence over to a court clerk so that the item(s) could be presented to the jury in petitioner's trial. And according to department policy or protocal the detective is to have a "court evidence receipt" if the court retain the evidence delivered by the detective. Thus, during petitioner's trial nine (9) out of eleven (11) exchanges of evidence between the court clerk and police detective were procedurally correct. Thereby accounting for (11) out of twenty (20) registered items of property.—1/

_____

Fn.1/ There were 18 victims and each individual case was assigned its own property number. The property and physiological samples

-3-

**Pretrial Motions:**

Prior to trial petitioner brought a Motion for New Counsel which was denied, and a motion to exclude evidence of his confession. A hearing was held on the latter motion. At the conclusion of the hearing the trial court found that petitioner had made a statement and that those statements were freely and voluntarily given.

**Post-Trial Motion**

A motion for new trial, or in the alternative, a motion to dismiss counts 1,2,3,18,and 40, mistrial declared (robbery, 211, to count 32 and to dismiss count 15; motion to strike the armed allegation on counts thirty-three, thirty-four, thirty-five, and thirty-six. And a motion to suspend proceedings pursuant to section 6300 of the Welfare and Institution Code. Each motion was subsequently denied on or about March 22, 1982. And Petitioner was sentenced, in Department 2 by Superior Court Judge Donald W. Smith. Wherefore, the sentence was pronounced, as follows:

The Court: the defendant, of course, is ineligible for probation pursuant to 1203.065(a). But even if he were not, this

----

Fn.1/ Continued
belonging to petitioner was assigned two separate property tag numbers. The two property tags slips indentifying petitioner's property specifically state: " hold on appeal." (See Exhibit. 1 and 1(a).)

Defendant would not get probation from this court. There is certainly danger to others if he were not imprisoned. His conduct clearly demonstrates that, the crimes are serious, they can't be very much serious, there were seventeen victims, suffering substantial psychological damage as a result of this defendant's behavior. He was armed during the commission of all of these acts it was done in a professional manner, it was only excellent police work that cased (sic) the apprehension of this particular defendant, and his record indicates a pattern of regular increasingly violent criminal conduct. (R.T. p. 12, lines 14-28), for those reasons, of course, the state prison will be imposed. . (See Exhibit - 18).

In setting the terms the court in considering the violent sex crimes on count five finds that though counsel argued to one circumstance in mitigation, that is , early acknowledgment of guilt, the remorse in the probation report does not reflect that nor does his testimony in the outer court court hearing, so the court is going to reflect that, logic and reason would support these circumstances in aggravation minimally, the manner of the crimes indicated premeditation and planing, 421(a)(8), 421 (b)(2), the defendant's prior convictions are numerous and of seriousness, 421 (b)(d)(3), he served a prior prison term in federal custody, 421 (b)(4), he was on a pre-release, akin to parole, at the time he committed these offenses, and certainly, 421(b)(1) applies. There is a pattern of violent conduct and behavior rampart through these so the court selects the upper term of eight years and add to that should be added three years for the knife, for a total of eleven

years. (R.T. p. 13, lines. 1-19).(See Exhibit - 18).

**Direct Appeal from The Conviction:**

On March 30, 1983, the Fourth District of the California Court of Appeals, Division I, [Case No. 4 Crim. 13357] affirmed petitiner's conviction and sentence.

On September 26, 1983, petitioner's petition for review to the California Supreme Court was denied.

On June 19, 1985, petitioner's petition for writ of habeas to the United States District Court (Southern District of California) Case No. (CV-85-0783-G) was denied.

On September 25, 1997, the Ninth Circuit Court of Appeal reversed and remanded the District Court's denial of petitioner's petition for writ of habeas corpus (See Turner v. Compoy (1987) 827 F.2d 526).

On September 19, 1990, the United States District Court (Southern District of California), on remand, denied **petitioner's petition**

On January 8, 1993, the Ninth Circuit of Appeals affirmed the (second) Judgment of the United States District Court (See 1993 U.S. App. LEXIS 27560).

**Collateral Challenge To The Conviction:** (Exhibit "2")

Superior Court, Writ of Habeas Corpus HC14929. Issues raised: 11, Petition denied May 19, 1997.

4th District of Appeal, Writ of Habeas Corpus D29361. Petition Denied October 3, 1997.

Superior Court, Writ of Habeas Corpus H14929(2d petition). Denied March 13, 1998.

A Motion was filed to introduce new DNA Evidence with petition was denied. (See Exhibit 3 ).

EXTRAORDINARY POST CONVICTION CHALLENGES:

In his non-exhaustive quest to provide the court a prima facie pleading, via direct appeal from his conviction, petitioner contacted his trial attorney, E Hodge Crabtree III, petitioner sought the trial attorney's files to no avail. (See Exhibit # 4 ), and as petitioner continued to challenge his conviction, collaterally, he contacted the Innocence Project at Cardoza School of Law, 55 5th Avenue, New York, N.Y. and a Ms. Jane Green subsequently contacted the office of the District Attorney in San Diego California (Exhibit 5). Wherefore, a Ms. Elizabeth Guerrero the District Attorney's DNA Project provided Ms. Green "all the destruction orders for this case."

On December 04, 2002, petitioner motioned the Superior Court in and for the County of San Diego for; DNA Testing (Pursuant to California Penal Code Section §1405 and 1417.9]; appointment of counsel; and for a New Trial. (Exhibit 6).

On December 13, 2002, the Superior Court denied petitioner's motion for DNA Testing Without Prejudice. ; Ordered the Preserevation of Evidence (Exhibit 7 ).

On or about September 02, 2003, petitioner was informed that Deputy Public Defender, Susan P. Clemems, was assigned to assist petitioner in the location and presentation of DNA evidence, Ms. Clemens, while working in conjunction with the Innocence Project, the San Diego Police Department's Property Room Supervisor, and the Senior Exhibit Custodian for the San Diego Superior Courts, discovered that the all evidence presented at petitioner's trial remained in the court's possession after petitioners conviction. And was destroyed after the California Court of Appeal

affirmed petitioner's conviction. And that other physical evidence
were released to the victims soonafter the trial was over. The
local hospitals that conducted examinations of the rape victims
had turned over all their evidence [discoveries] to Law Enforce-
ment.

On or about November 21, 2003, Ms. Clemens provided petitioner
with an update on the progress of her search for DNA evidence,
it is: at that time petitioner was inform that the two hospitals
that examined the victims could not produce the pertinent informat
ion or DNA evidence to be tested. Ms. Clemens forwarded declarat-
ions from the Senior Exhibit Custodian for the San Diego Superior
Court and the Property Room Supervisor at the San Diego Police
Department (See Exhibit 8), and Exhibit 9).

On or about February 13, 2004, Ms. Clemens informed petitioner
that: "(w)e are unable to proceed with DNA testing because all
the evidence is gone. We are now looking into the timing and
circumstances of the destruction of evidence to determine if
there is any relief available to you for illegal destruction
of evidence." (See Exhibit 10).

On July 21, 2004, the Superior Court filed petitioner's petit-
for Writ of Habeas Corpus (H/C 14929). Therefore, petitioner
raised four (4) claims for relief: (1) The improper charging
of the same offenses in numerous counts of the information, mul-
tiplicity violates the Fifth Amendment Protection Against Double
Jeopar.y, as to crime independent to the principal term crime;
(2) Imposition of aggravated and consecutive sentences in violat-
ion of Prohibition Against Dual Use of the Facts; (3) Consecutive
term as Sentence Enhancement within Dual Use of Facts Prohibition;
and (4) The Sentencing Process, as well as the Trial itself,

must satisfy requirements of Due Process Clause. (See Exhibit 10(a)

On March 17, 2005, Deputy Public Defender, Susan P. Clemens, decision to conclude her investigation was emhasized in a missive to both the Honorable Judge Michael Wellington on March 17, 2004, (Exhibit 11) and petitioner (Exhibit 12).

On March 31, 2005, the Superior Court denied petitioner's forth (4th) petition on July 21, 2004 (exhibit 13).

On August 03, 2005, the Superior Court confirmed the total destruction of Evidence . Therefore, the court could not make any final Order regarding the testing of DNA EVIDENCE (See Exhibit 14).

On October 24, 2005, petition for writ of Habeas Corpus was filed in the California Court of Appeals (Case #D047370).

On December 30, 2005, the California Court of Appeals denied petitioners relief (See Exhibit 15).

"

On November 29, 2006, the Supreme Court of California denied
"
Petitioners relief. (See Exhibit -16).
"

On December 09, 2006, petitioner submitted a petition for
"
reconsideration of Habeas Corpus. It was subsequently denied on
"
December 13, 2006. (See Exhibit - 17).
"

Petitioners Reporters Sentencing Transcripts are hereinto as
"
Exhibit - 18.
"


"


"


"


"

## IV.

**THE SENTENCING COURT COMMITTED AN
ERROR AND ACTED IN EXCESS OF IT S
JURISDICTION WHEN IT SENTENCED PETIT-
IONER TO THE UPPER FULL, SEPARATE,
AND CONSECUTIVE TERM, PLUS ENHANCE-
MENT UNDER PENAL CODE SECTION 667.
6(c) IN COUNT FIVE AND COUNT SIX**

The court stated its reasons for imposing its sentence as follows:

> "In setting the terms the court in considering
> the violent sex crimes on count five." (Sent.
> Trans. p. 13, lines 3-4.) (See Exhibit 15).
> As to count six, that was another act on
> the same victim, and in that particular case
> the court finds there is a circumstance in
> aggravation, that is, this defendant is being
> sentenced concurrently rather than consecut-
> ively and will select the upper term of eight
> years and add three years for the knife and
> orders that served concurrently." (Sent.
> Trans. p.13 lines 20-25.) (See Exhibit 15.)

During the year petitioner was sentenced Penal Code Section 667.6(d)

stated in pertinent part:

> "If the subordinate term offenses are any of the
> following forcible sex act... Penal Code Section
> 261.(2)(3) ... committed after January 1, 1980.
> In lieu of the term provided in section 1170.1
> a full, separate and consecutive term may be imposed
> for each violation. If there was separate victims
> or the same victims on separate occasions a full,
> separate and consecutive term shall be served for
> each violation."

By the same token, Subsection "C" of Penal Code Section 667.6 provided

for a permissive consecutive full term if the covered sex offenses

were committed in a single transaction (i,e., not on a "separate

occasion") the court may imposed a full term, lower, middle, or upper

or one- third of the base term. When the permissive imposition is

invoked no special pleading requirement, other than the separate

counts themselves, are necessary. However, once a court states that

it is proceeding under Penal Code Section 667.6(c), no further choice

need be made to consecutive or concurrent terms. . . and "an ad-
equate statement of reasons justifies a full term." (People v.
Stought (1981) 115 C.A. 3d 740, 171 C.R. 501; People v. Karsai,
(1982) 131 C.A. 3d 224, 182 C.R.406).)

**V.**

**IN ITS RENDITION OF JUDGMENT THE COURT
ERRED BY SIMPLY REFERRING TO ITS AGG-
RVATION RULING AS A MEANS TO IMPOSE
THE UPPER TERM ON COUNTS EIGHT, ELEVEN
FOURTEEN, SEVENTEEN, TWENTY, TWENTY-
TWO, TWENTY-FIVE, AND TWENTY-EIGHT**

The sentencing court stated:

> "The manner of the crimes indicated permed-
> itation and planning; 421(a)(8), 421(b)(2),
> the defendant's prior conviction are num-
> erous and increasing seriousness, 421(b)(3)
> he was on pre-release, akin to parole, the
> time he committed these offenses, and cer-
> tainly 421(b)(1) applies. There is a pattern
> of violent conduct and behavior rampart
> through these. So the court selects the up-
> per term of eight years and to that should
> be added three years for the knife, for a
> total of eleven." (Sent. Trans. p.13 lines
> 10-19.) (See Exhibit 1%).

> "The court finds the same circumstances in
> aggravation as to count eight as found in
> count five. Each circumstance in aggravation
> which applies to count five, applies to count
> eight. The court will select the upper term
> of eight years and add to that three years,
> for a total of eleven years." (.13,line 26,p.
> 14,lines 1-4.)As to count eleven, again the
> court finds the same, circumstances in aggra-
> vation heretofore, recited and feels the upper
> term is indicated inescapably, for a total
> of eight years, to that the court will add
> three years for the knife, for a total of
> eleven years." (p.14, lines 5-9.) "As to count
> fourteen the upper term for the same reasons
> that were set fourth in count five. The defend-
> ant be sentenced to the upper term of eight with
> the three years added for the knife, for a
> total of eleven years." (p. 14, lines 10-14.)
> (See Exhibit 1%).

-11-

" As to count seventeen the same circumstances
in aggravation; no circumstances of mitigation
to that will be added the three years for the
knife for a total of eleven years. (p.14, lns.
15-18.) (See Exhibit 18).

" As to count twenty the same circumstances in
aggravation;as recited in count five. The court
therefore sets the upper term of eight years
and add to that three years for a total of eleven.
(P. 14, lines 19-23.)(See Exhibit 18).

" As to count twenty-two the same circumstances
in aggravation that were heretofore recited, a-
gain the court will select the upper term of
eight years and add to it three years for the
knife, for a total of eleven years." (P. 14,
lines 24-26; P. 15, lines 1-2.)(See Exhibit 18).

" As to count twenty-five the same circumstances
in aggravation heretofore recited and sets the
upper term of eleven years."

" Each one of these is consecutive except the
count six."

" Count twenty-eight, eight years, selecting
the upper term for the reasons heretofore recited.
The court adds three years, for a total of eleven
to run consecutive with the terms already imposed.
(P.15.lns. 22-26.)(See Exhibit 18).

## VI.

**THE SENTENCING COURT ENGAGED IN A DUAL USE OF FACT
WHEN IT USED IT AGGRAVATION FINDING AS A MEANS OF
IMPOSING CONSECUTIVE PRISON TERMS**

The sentencing Court found that:

" The manner of the crime indicated  premeditation
and planing. 421(a)(8), 421(b)(2), the defendant's
prior convictions are numerous and of increasing
serious, 421(b)(3), he was on pre-release, akin to
parole, at the time he committed these offenses,
and certainly, 421(b)(1) applies. There is a pat-
tern violent conduct and behavior rampart through
these." (Sent. Trans. at p. 13, lines 10-17.)

Again, in its rendition of judgment the court emphasized that:

"In setting the terms the court in consideration the violent sex crimes

on count five." (Sent. Trans. at p. 13, lines 3-4.) The court then went

-12-

on to impose consecutive sentences and, in doing so, he specifically stated it . . . "finds the same circumstances in aggravation as to count eight as found in count five. Each circumstances in aggravation which applies to count five, applies to count eight." (Sent. Trans. p. 13. lines 26, p.14, lines 1-3.). . . "As to count eleven, again, the court finds the same circumstances in aggravation heretofore recited." (Sent. Trans. p.14, lines 5-6.). . . "As to count fourteen the upper term for the same reasons that were set forth in count five. (Sent. Trans. p.14, lines 10-12.). . . "As to seventeen the court agian finds the same circumstances in aggravation." (Sent. Trans. p.14, lines 15-16.). . . "As to count twenty the court again finds the same circumstances in aggravation as recited in count five."(Sent. Trans. p.14, lines 19-20.). . . "As to count twenty-two the court finds again the same circumstances in aggravation that were heretofore recited." (Sent. Trans. p.14,lines 24-26.)

"As to count twenty-five the court again finds agian circumstances in aggravation heretofore recited." (Sent. Trans. p.15, lines 3-4.). . . "count twenty-eight the court again orders eight years, selecting the upper term for reasons heretofore recited." (Sent. Trans. p.15, lines 9-11.). . ."As to count thirty-four the court again for the same reasons finds the upper term of eight years to be appropriate term. (See Exhibit 1%).

for the same reasons heretofore stated," (Sent. Trans. p. 15, lines 13-15.)(See Exhibit 18).

"As to count thirty-eight the defendant be sentenced to the upper term of eight years for the reasons heretofore recited." (Sent. Trans. p.15, lines 22-26.). . .(See Exhibit 18). .

"As to count forty-two the court selects the upper term for the reasons heretofore recited." (Sent. Trans. p.16, lines 1-2). . . (See Exhibit 18).

"As to count forty-five the court orders the upper term for the reasons heretofore recited." Sent. Trans. p.16, lines 5-6.). . . "As to count forty-seven the court again selects the upper term for the same reasons heretofore recited." (Sent. Trans. p.16 lines 9-10.). . . (See Exhibit 18)

"As to counts forty-four the court orders the upper term again for the reasons stated in aggravation as to count five which also apply here also." (Sent. Trans. p.16, lines 13-15.) (Exh.18)

In **People v. Ratcliffe,** (1981) 124 C.A. 3d 808, 177 C.R. 627, the court ruled that its is an error for the court to simply refer to its aggravation ruling to justify imposing a consecutive term. moreover , the imposition of a subordinate term, for all the same reasons; as indicated for an upper term was held to violate the duel use of facts prohibition. The court in (**People v. Lawson** (1980) 107 C.A. 3d 748, 165 C.R. 764 promulgated that a subordinate term is an enhancement and thus subject to such a prohibition.

The decision to impose the upper term is a sentencing choice and reasons must be stated. The upper term may not be imposed using the same fact upon which the weapons enhancement term

was imposed or a consecutive or prior term of imprisonment. (California Rules of Court, Rule 441; Penal Code Section §1170. (b).) Essentially, the same facts can not be used twice to impose the upper term and an enhancement. The court may not impose an upper term by using the same fact of any enhancement upon which sentence is imposed under Penal Code Section §667.5, §1170. 1, §12022, 12022.5, 12022.6, or 12022.7. (**People v. Whitehouse,** (1980) 112 C.A. 3d 479, 169 C.R. 199 [a stayed count of Penal Code §12022.5 may be used for aggravation as long as it is not necessary included in the base term for the Penal Code §12022.7 count].) The duel use prohibition does not expressly apply to two enhancements, weapons and consecutive sentences, as opposed to one enhancement and the upper term, but such duel use is barred by common sense and Penal Code Section §654. (**People v. Flores** 115 C.A. 3d 67, 171 C.R. 365.)

"

"

"

"

"

"

"

"

"

"

"

"

"

## VII.

**THE IMPROPER CHARGING OF THE SAME OFFENSES IN NUMEROUS COUNT'S OF THE INDICTMENT OF INFORMATION, MULTIPLICITY VIOLATES THE FIFTH AMENDMENT PROTECTION AGAINST DOUBLE JEOPARDY, AS TO THE CRIMES INDEPENDENT OF THE PRINCIPAL TERM CRIME**

§1170.1 [aggragate and consecutive terms for multiple convictions; imposition of additional terms; limitations on terms and enhancements.] (a) Except as provided in subdivision (b) and subject to section §654 when any person is convicted of two or more felonies, whether in in the same proceeding or court in different proceedings and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under section §669 and §1170, the aggregate term of imprisonment for all such convictions (s)hall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to section §667.5 or 667.6. The principal term (s)hall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to section §12022,12022.3., 12022.5,12022.6. or 12022.7. The subordinate term for each consecutive offenses which is a "violent felony" as defined in subdivision (c) of section §667.5, including those offenses described in paragraph (8) of subdivision (c) of section § 667.5, (s)hall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed and (s)hall include one-third of any enhancement imposed pursuant to section §12022, 12022.5, 12022.7. (See Exhibit17).

## VIII.

### IMPOSITION OF AGGRAVATED AND CONSECUTIVE SENTENCES IN VIOLATION OF PROHIBITION AGAINST DUAL USE OF SAME FACTS

Imposition of aggregate and consecutive sentences in violation of prohibition against dual use of same facts: The trial court violated Penal Code Section §1170.subdivision (b) prohibiting the dual use of fact to both aggravate and enhance a sentence. In sentencing petitioner to aggravated term for the principal term, then adding consecutive terms for unrelated convictions. The court used all the same facts as reasons for the imposition of both aggravated and consecutive sentences. In **People v. Lawson,** (1980) 107 C.A. 3d 748, the court held that the imposition of both the aggravated and consecutive sentences violated Penal Code Section §1170. Subd.(b) which prohibits the dual use of any fact, including petitioners bad character to both aggravate and enhance a sentence. The Court held that a consecutive term constitutes an enhancement within the dual use of facts, prohibition. "From the premise that the dual use of facts prohibition of Penal Code, Section § 1170.,Subd.(b) applies to the imposition of aggravated and consecutive sentences, petitioner contends that since the trial court expressly relied on the same facts for counts #5,8,11.14,17,20,22,25,28,34,38,42,45,47,and 54, for the sentencing choices . A forbidden dual use occurred. Penal Code. Section § 1170. Subd.(b), provides in Pertinent part: "(b) the court may not impose an upper term by using the same facts used to enhance the sentence under section § 667.5, 1170.1, 12022., 12022.3, 12022.5, 12022.6 or 12022.7."

IX.

**CONSECUTIVE TERM AS SENTENCE
ENHANCEMENT WITHIN DUAL USE
OF FACTS PROHIBITION**

Consecutive term as sentence enhancement within dual use of
facts prohibition:

The same fact may not be used to give the upper term as well as
enhance the sentence (Pen. Code, § 1170, Subd.(b) **People v. Roberts,**
(1978) 81 C.A. 3d 890, [146 C.R. 777];) **People v. Garfield,** (1979)
92 C.A. 3d 475 [154 C.R. 869] held that it was an error for the trial
court to have used as an element of the decision to impose the upper
term weapons possession, for which a separate enhencement was impos-
ed (Citing Pen. Code, Sec. §1170. Subd.(b) and California Rules of
Court rule 441). In **People v. Smith**, (1980) 101 C.A.3d 945 [161 C.
R. 787] held that the fact of cocking a pistol could not justify
the upper term an imposition of a "use" (Penal Code Section §12022.
5) enhancement. Under Pen. Code Section §669 and 1170 Subd.(a) the
judge has discretion to make each multiple count consecutive or
concurrent, in choosing to make a multiple count consecutive(here-
in after referred to as a "subordinate term.") Pen. Code Sec. §1170.
1 Subd.(a) the judge is exercising a "sentence choice" under rule
§405, Subd.(b) and 425, and must ordinarily state his reasons on
the record. Imposition of a subordinate term "for all of the same
reasons" as listed for an upper term was held to violate the dual
use of facts prohibition. In this particular petition, the judge
violated the dual use of facts prohibition.  When he, for all the
same reasons, sentenced petitioner to the upper term of eight years
and enhanced petitioner for three years on counts #5,8,11,14,17,20,

22,25,28,34,38,42,47, and 54. (See Exhibit 18). See **People v.Lawson**,

(1980) 107 C.A. 3d 748, which is applicable to imposition of subor-

dinate counts. (**People v. Lawson**, supra, see note **22**) [a subordinate

term is an enhancement and thus subject to such prohibition.]


## X.

### THE SENTENCING PROCESS AS WELL AS THE TRIAL ITSELF MUST SATISFY REQUIREMENTS OF THE DUE PROCESS CLAUSE

The sentencing process, as well as the trial itself must satisfy

requirements of the Due Process Clause sentencing was critical stage

of a criminal proceeding at which the petitioner was entitled to the

effective assistance of counsel **Gardner v. Florida,** 430 U.S. 349,

51 L.Ed. 2d 393, 97 S.Ct. 1197. In sentencing petitioner, the Court

violated the dual use of the facts prohibited, (multiplicity vio-

lates the Fifth Amendment's Protection Against Double Jeopardy.

The Eight Amendment's ban on Cruel and Unusual Punishment was

violated by the use of dual facts in imposing 174 years which is a

death sentence without the possibility of parole.


## XI.

### PETITIONER'S SENTENCE IS INVALID AND IN VIOLATION OF HIS FEDERAL CONSTITUTIONAL RIGHTS TO A JURY TRIAL AND DUE PROCESS. BECAUSE THE AGGRAVATING FACTORS USED TO JUSTIFY THE IMPOSITION OF THE UPPER TERM WERE BASED ON FINDING MADE BY THE TRIAL COURT RATHER THAN BY JURY AND WERE IM-PROPERLY BASED ON A REASONABLE DOUBT OF THE EVIDENCE STANDARD

Pursuant to California Rule of Court, rule 4.

Petitioners upper term sentence is unconstitutional and invalid because it is based on findings made by the trial court by and improper standard of evidence.

A. **The Blakely V. Washington Decision**

In Blakely v. Washington (2004) 542 U.S.___ [124 S. Ct. 2531]; 159 L. Ed. 2d 403]; the United States Supreme Court held that Washington's sentencing scheme, which provide for one maximum sentence for the usual case, and a higher maximum sentence in cases in which the sentencing court finds aggravating factors by a reasonable doubt of the evidence was unconstitutional. The Court reached this conclusion by applying the rule of **Apprendi v New Jersey,** (2000) 530 U.S. 466, 490 [120 S.Ct. 2348, 147 L.Ed. 2d 435] i.e., ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (See Blakely v. Washington, Supra, 124 S. Ct. at p. 253; 159 L.Ed. 2d at pp. 412.)

The Court explained in Blakely:

> ... the relevant "statutory maximun" is not
> the maximum sentence a judge may impose after
> finding additional facts but the maximum he may
> inpose without any additional findings. When
> a judge inflects punishment that the jury's ver-
> dict alone does not allow, the jury has not
> found all the facts "which the law makes essent-
> ial to the punishment," [Citation], and the
> judge exceeds his proper authority.

Blakely v. Washington, supra, 124 S. Ct. at p. 2537; 159 L. Ed.2d at pp. 413-414.) The Blakely Court held that where the state law establishes a presumptive sentence for a particular offense, and

-20-

authorizes a greater term only if certain additional facts are found, the Sixth Amendment entitles the petitioner to a jury determination of those additional facts by the beyond a reasonable doubt standard of proof. It is thus, evident that portion of the California determinate sentencing law violate the holding in Blakely, because the middle term is the presumptive sentence, and petitioner may not be sentenced to the upper term unless the court determines, by a reasonable doubt that the evidence shown are circumstances in aggravation of the crime. (§1170.CAl. Rules of Court, rule 4.420.).

**B.   The Holding in Blakely Is And
       Applies To The Instant Petition**

The holding in Blakely v. Washington, supra, promulgates a new rule for the conduct of criminal prosecutions. **Griffith v. Kentucky** (1987) 479 U.S. 314 [107 S.Ct. 708, 93 L.Ed.2d 649, 661].) As petitioner's petition is currently pending, the Blakely opinion clearly applies to his case.

**C.   Blakely Renders Portion of
       California Determinate Senten-
       cing Law Unconstitutional**

In California, "[W]hen a judgment of imprisonment is to be imposed and the statue specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." Penal Code Section §1170.(b).

-21-

The Court must further state its reasons for imposing the upper term. Those reasons may be based upon the evidence at trial, evidence introduced at the sentencing hearing, and the Probation Officer's reports among other things (§1170.Subd. (b)). They must be proved beyond a reasonable doubt of the evidence and may not be based upon a fact that is an element of the crime. (§1170, Subd. (a)(3)[the sentencing Court shall apply the rules imposed by the Judicial Counsel], Cal. Rules of Court, rule 4.420(b),(d); See **People v. Bowen** (1992) 11 C.A. 4th 102, 105.)

Section §1170. Subdivision (b), provides in pertinent part:

> When a judgment of imprisonment is to be imposed the statute specifies three possible terms, the Court Shall order, imposition of the middle term unless there are circumstances in aggravation or mitigation of the crime. . .In determining whether there are circumstances that justify imposition of the upper or lower term, the Court may consider the record in the case, the Probation Officer's report, other reports. . . and statements in aggravation or mitigation submitted by the prosecution, the petitioner, or the victim, or the family of the victims, if the victim is deceased, and any further evidence introduced at the sentencing hearing. The Court shall set forth on the record the facts and reasons for imposing the upper or lower term.

In Apprendi V. New Jersey, supra, 530 U.S. 466, the United States Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (Id at p. 490.) In light of Blakely, it is now apparent that there is a federal constitutional right to a

jury trial, and proof beyond a reasonable doubt, on aggravating

factors other than perhaps the fact of a prior conviction, used to

impose the upper term under the determinate sentencing law.

The factors set forth in section 1170, and the implementing rule

4.420 of the California Rules of Court violates the Apprendi and

Blakely mandates.[2/] The term of imprisonment that may be imposed

based solely on the jury's verdict is the middle term .

The judge may not impose the upper term unless he finds that

there are additional aggravating factors. By statue and regulation,

however, these aggravating factors cannot be found true bevond a

---

2/    Rule 4.420 of the California Rules of Court provides, in
pertinent part, with italics added:
"(a) When a sentence of imprisonment is imposed  or the exe-
cution of a sentence of imprisonment is ordered suspended,
the sentencing Judge shall select the upper, middle, or
lower term on each count for which the petitioner has been
convicted, as provided in section 1170,(b) and these rules.
The middle term shall be selected unless imposition of the
upper or lower term is justified by circumstances in aggra-
vation or mitigation.

"(b) Circumstances in aggravation shall be established by
a beyond a reasonable doubt of the evidence. Selection of
the upper term is justified only if, after a consideration
of all the relevant facts, the circumstances in aggravat-
ion outweigh the circumstances in mitigation. The relevant
facts are included in the case record, Probation Officer's
report, other reports and statements properly received,
statements in aggravation or mitigation, and any further
evidence introduced at the sentencing hearing.

* * *

(c) A fact that is an element of the crime shall not be
used to impose the upper term.

The reasons for selecting the upper, or lower term shall
be stated orally on the record, and shall include a concise
statement of the ultimate facts which the court deemed to
constitute circumstances in aggravation or mitigation just-
ifying the term selected.

-23-

reasonable doubt by a unanimous jury. They are factors reserved solely for the trial judge, and are based upon a preponderance of the evidence standard and gleaned from material that the jury never considered (e.g., Probation Reports). By virtue of Rule 4.420, sub-division (d), the Judge is specifically prohibited from imposing the upper term based on an element of the underlying offense, which is one of the very things that the jury must unanimous find to be true beyond a reasonable doubt.

The California Supreme Court has not yet addressed the Appicability of <u>Blakely</u> to California determinate sentence law.

However, on July 14, 2004, the Court granted review in **People v. Towne.** California Supreme Court No.S125677, to review the applicability of <u>Blakely</u> to California upper term sentences. The court's order granting review indicated that, in addition to the issue raised in the petition for review, the parties shall add-ress the following issues: 3/ (1) Does <u>Blakely v. Washington</u> pre-clude a trial Court from making the required findings on aggravat-ing factors for an upper term sentence? (2) If so, what standard of review applies, and was the error in this petition  prejudicial?

On July 28, 2004, the California Supreme Court granted review in People v. Black, California Supreme Court No. S126182. The Issues

---

3/   The issued in the petition for review was whether a sentencing Court may use the facts underlying counts of which the petitioner was acquitted as a basis for imposing the upper term.

on review in <u>Black</u> are: (1) What effect does <u>Blakely</u> have on the
validity of the defendant's upper term sentence? (2) What effect
does <u>Blakely</u> have on the trial court's imposition of consecutive
sentences?

### D. <u>Application of Blakely To</u>
### <u>Petitioners Petition</u>

Petitioner filed a Motion to dismiss counts 9,18,23,26,32,43,
and 51 in the Interest of Justice (CT-98). During the sentencing
hearing the Court denied the motion, b.ut dismissed counts 1,2,3,18, and
40. In the interest of justice.(See CT 23-24)(RT 674-675.) Petitioner
was thereafter sentenced to 174 years and four months in State pri-
son, which includes the upper term of 8 years on counts 5,8,11,14,
17,20,25,28,34,38,42,45,47, and 54 that was enhanced with 3 years
for the use of a weapon (RT 664-673; CT 101-104.) Just prior to
imposing sentence the Court stated that it was adopting the aggra-
vating circumstances in the probation report, and the remorse in
the probation report does not reflect the mitigating circumstances
as "only being reflected not being founded in fact"(RT 664.).

The Court stated that reason and logic it was sentencing pet-
itioner to the upper term on counts 5,8,11,14,17,20,22,25,28,43,38,
42,45,47, and 54, because the aggravating circumstances were not
stated. (See Exhibit 18).

The probation report recommended an upper term sentence, and
listed the following aggravating factors:

1. The crimes involved great violence-

-25-

great bodily harm threat of great
bodily harm, or other acts disclosing a
high degree of cruelty, viciousness or
callousness;

2. The victims was particularly vulnerable;

3. The manner with which the crimes were
carried out suggest planning which indi-
cates premeditation;

4. The petitioner used a weapon at the time
of the commission of the crimes enhance-
ment;

5. The crimes that petitioner was convicted
of display a pattern of violent conduct
which indicates a serious danger to soc-
iety;

6. The petitioner's prior convictions are
numerous and of increasing seriousness;

7. The petitioner has served a prior
federal term;

8.  The petitioner was on a pre-release
program from federal prison when he com-
mitted the crimes;

9. The petitioner was and returned to federal
prison on a parole violation; indicating
that his performance on parole was unsat-
isfactory. (CT 85.)

These aggravating factors used to impose the upper term were

based on findings made by the trial court, rather than by a jury,

and were not based on a preponderance of the evidence standard

instead of a beyond a reasonable doubt standard. In light of

Blakely, petitioners upper term sentence is unconstitutional.

In Apprendi v. New Jersey, supra, 530 U.S. 466, the United

States Supreme Court held that, "other than the fact of a prior

conviction, any fact that increases the penalty for a crime

-26-

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (Id. at p. 490.) The United States Supreme Court has not yet applied Apprendi to recidivist based  sentencing factors, even when the fact of such prior con- victions is used to increase the statutory maximum sentence for an offense. **Almendarez-Torres v. United States** (1998) 523 U.S. 224 [118 S.CT. 1219; 140 L. Ed 2d 350.]

Here the sentencing court apparently found eight aggravating circumstances to be present, which may have included one recidi- vist factor for the current offenses being committed while petit- ner was on probation or parole. However, if an exception applies to the Apprendi, Blakely rule, it should apply to the actual "fact of  a prior conviction," rather than to other recidivist based aggravating factors. In Apprendi v. New Jersey 530 U.S. 466, the high court stated:

> Even though it is arguable that Almendarez - Torres was incorrectly decided, and that a logical applicat- ion of our reasoning today should apply if the recidi- vist issue were contested, Apprendi does not contest the decision's validity and we need not revist if for purposes of our decision today to treat the case as a narrow exception to the general rule recalled at the onset.

(id. at p. 490. [Emphasis added.])

It should be noted that a majority of the United States Supreme Court Jutices now appear to agree that Almendarez - Torres was in- correctly decided, and petitioner maintains that he had a consti- tutional right to a jury trial on all of the aggravating factors applied in his case. Justice Thomas has been in the majority in

Almendarez - Torres, but switched his position to provide the cru-
cial fifth vote in Apprendi. In his seperate concurrence in
Apprendi, Justice Thomas indicated that he regrets   his Almendarez
- Torres vote and made it known that he saw a right to jury trial
to any fact increasing the maximum sentence, including a prior con-
viction, Apprendi v New Jersey, supra, 530 U.S. at 520-521 Thomas,
J., Concur.).) Consequently, there should be five votes to over-
rule Almendarez - Torres - the four original dissenters plus
Thomas (the same five who comprises the majority in both Apprendi
and Blakely).

      Here the aggravating factors used to justify the imposition
of petitioner's upper term sentence were based on findings by
the trial Court, rather than by a jury, and were based on a pre-
ponderance of the evidence standard instead of a beyond a reason-
able doubt standard. In light of Blakely, petitioners upper term
sentence is unconstitutional and in violation of his federal con-
stitutional rights to a jury trial and to due process.(United
States Constitution 5th, 6th, 14th Amendments.) This is true,re-
gardless of whether recidivist factors constitute an exception
to Apprendi/Blakely rule, because the Court used at least nine
non-recidivist aggravating factors to justify the imposition of
petitioner's upper term sentence.

      Petitioner contends that he also had the constitutional right
to have a jury determine beyond a reasnable doubt,   the exist-
tance of sentencing factors used to impose both an  upper and a

consecutive term. (U.S. Const., 6th, and 14th Amends.; Cal. Const.
Art. 1, §16; Blakely v. Washington, supra, 542 U.S.__ 124 S.Ct.
253]); Apprendi v. New Jersey, 530 U.S 466, 490; People v. Ernst
(1994) 8 Cal. 4th 441 [waiver of a jury trial must be expressly
made on record].)        Petitioner never waived his right to have
a jury trial on sentencing factors, and as such, his sentence
violates his constitutional right to due process. (Hicks v. Okla-
homa (1980) 447 U.S. 343, 346 [100 S.Ct. 2227; 65 L.Ed.2d 175]
[When "a state has provided for the imposition of criminal pun-
ishment in the discretion  of the trial jury. . . (t)he petit-
ioner. . . has a substantial and legitimate exception that he
will be deprived of liberty only to the extent determined by the
jury in the exercise of its statutory discretion [citation], and
the liberty interest is one that the Fourteenth Amendment pre-
serves against arbitrary deprivation by the States"].)


                **E. Petitioner Sentence Should be Vacated
                   And a Mid Term Sentence Should Be
                   Imposed**


     The disposition in Blakely was a remand to the Washington
Appellate Court "for proceedings not inconsistent with this opinion."
However, the opinion did not address whether the error automatically required
reversal of the sentence or was susceptible to harmless error review.
     Under either view, reversal is required in this case. Here the
error is a "structural defect," not amenable to harmless error re-
view, because the wrong entity, the Judge rather than the jury,

adjudicated the aggravating factor and applied the wrong standard of proof. (Cf. Sullivan v. Louisana, (1993) 508 U.S. 275.) In Sullivan, Justice Scalia explained that the error in that case - misinstruction on the definition of proof beyond a reasonable doubt - was structural error because the verdict was based upon proof beyond a reasonable doubt. Harmless error analysis, under Chapman v. California, supra, 386 U.S. 18, 24, examines not what effect the constitutional error might generally be excepted to have  upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand." (Sullivan, 508 U. S. at 279.) Because the error with respect to the reasonable doubt instruction, meant, " there has been no jury verdict within the meaning of the Sixth Amendment the entire premise of Chapman review is simply absent". (Id. at 280.) In this case as in Sullivan, there is no verdict -- by Judge or jury-- based upon reasonable doubt. "There is no object, so to speak, upon which harmless - error scrutiny can operate," and reversal is mandatory."(Id; see also People v. Orelland (2000) 79 C.A. 4th 179, 186 ["Since we have no way of knowing whether the jury applied the correct burden of proof, the convictions must be reversed. . . so that petitioner can be re-tried before a properly instructed jury"].)

If this court concludes that the error was not structural, re-versal is still required because the error was not harmless. The California Supreme Court and Federal Courts have held that convent-ional Apprendi errors on enhancements are subject to Chapman stan-dard. (People v. Sengpadychith, (2000) 26 C.A. 4th 316, 324; People

**Scott** (2001) 91 C.A. 4th 1197 - 1211; **United States v. Garcia-**

**Guizar** (9th Cir. 2000) 234 F.3d 483, 488-489.) Under **Chapman**, the

State must prove the error is harmless beyond a reasonable doubt.

**Chapman v. California**, supra, 386 U.S. 18, 24.) But, in the context

of an error affecting the right to a jury trial on elements of en-

hancements, a reviewing Court cannot simply ask whether there was

"overwhelming evidence" supporting the finding in question. A far

more rigorous form of **Chapman** analysis is required in this context

focusing on what facts the fact-finders necessarily found in reach-

ing a decision. The error, in this context, is not harmless if the

omitted element is susceptible to dispute. **Neder v. United States**

(1999) 527 U.S. 1,19 [119 S.Ct. 1827; 144 L.Ed.2d 35].)

But even under a more traditional **Chapman** analysis, the state

cannot prove the error harmless beyond a reasonable doubt. There

were no property determined aggravating factors of specific find-

ings justifying the imposition of consecutive terms, and it can

not be concluded that a jury would have necessarily found all of

these factors to be true beyond a reasonable doubt.

Even though one of the aggravating factors included the crime

involving great bodily harm or a threat, it was necessary to find

the additional facts in that factor such as the high degree of

cruelty, viciousness or callousness, because a Court can not base

an aggravated term on a fact that either an element of the under-

lying offense of the basis foe an enhancement. (§1170, subd.(b),

Cal. Rules of Court, rule 4.420, subd.(c) and (d).)

Here petitioner received a eight year term for rape on the

-31-

victim  added three years more for the weapon consecutive terms.

Accordingly, the error can not be found to be harmless beyond a reasonable doubt, and petitioners sentence should be vacated. The case should be remanded for resentencing, with directions to the Court to impose the mid-term sentence.

## XII

### THE SUPERIOR COURT'S DISPOSAL OF TRIAL EXHIBITS [PHYSIOLOGICAL SAMPLES] PRIOR TO THE FINALITY OF PETITIONER'S DIRECT APPEAL DENIED PETITIONER A PROCESS DUE

Physiological samples taken from rape victims by community hospitals were turned over to the San Diego Police Department.  Property Room released the physiological samples to the Superior Court Clerk as Exhibits in petitioner's jury trial. Petitioner was found guilty on March 2, 1982, based    primarily on the use of physiological samples (i.e., reliance on expert testimony validating the samples.).

Physical evidence taken from petitioner on the date of his arrest was stored in the San Diego Police Department's Property Room. Said property, namely physiological samples, was logged as items #264036 on October 5, 1981. A detective assigned to the case, detective Fragosa, specified on the property tag "hold-case pending appeal per Fragosa 5/18/83" case(exhibit. 1). However, on October 31, 1985 the physiological samples were disposed of as contraband by the San Diego Police Department (See Exhibit.1a). Other physical evidence taken from petitioner upon his arrest October 5, 1981,

[i.e., wire rim glasses, pants, socks, shoes, and a leather jacket)
was logged as items #264037. Detective Fragosa also specified on
property tag "hold-case pending appeal per-Fragosa 9/7/83." However,
on October 31, 1981, the property was disposed of by the San Diego
Police Department because "space" was needed in the Property Room.
(See Exhibit 1a ).

August 18, 1987, a Notice and Order for the Disposal of crim-
inal Exhibits [Pen. Code §1417 et, seq.] was filed in the Superior
Court of San Diego County. A copy of Notice and Order was sent to
the District Attorney, Edwin L. Miller, Jr. and petitioner's trial
Attorney E. Hodge Crabtree, III. (See Exhibit  ). Upon inquiry about
Attorney Crabtree's file petitioner was told that Attorney Crabtree's
files, pertaining to petitioner, had been destroyed. (See Exhibit 4 ).

Sometime during the month February, 1993, the physiological sam-
ples taken from the rape victims were destroyed by the San Diego
Superior Court (See Exhibit 9 ), and as outlined before hand
(supra) petitioner's direct appeal from his conviction did not become
final until the United States Supreme Court denied petitioner's
petition on October 10, 1995, (510 U.S. 919).

## IN CONCLUSION

The foundation of the aforementioned claims has always been
just beyond petitioners grasp. Now that he is on the level, is there
no avenue available[?]

Petitioner's trial was fraught with technical error of constitut-

ional dimension. It is respectfully requested that the Court hear this case to clarity important questions of law and to see if a man who faces 174 years in prison was given the fair trial as constitutionally guaranteed.


## PRAYER FOR RELIEF


Petitioner now makes his call to a higher law, and in so doing, petitioner seek (1) a judicial forum; [or, in the alternative]: (2) For this Court to designate and define the record for appeal.


Dated: OCT. 15, 2007

Respectfully Submitted,

*Nathan Kevin Turner*
Nathan Kevin Truner

## VERIFICATION

I, Nathan Kevin Turner, declare as follows:

I, am the petitioner in this action, I have read the for-
going petition for Writ of Habeas Corpus, Supplemental Petition
for Writ of Habeas Corpus and each Exhibit annexed thereto.
ergo, the facts stated there in are true of my knowledge, except as
to those matters that are therein stated on my own information and
behalf, and as to those matters I believe them to be true.

I, declare under of penalty of perjury that the foregoing is true
and correct and that this declaration was executed at Pleasant
Valley State Prison, Coalinga, California. 93210-8500

Dated: _OCT. 15, 2007_

Respectfully Submitted,

_Nathan Kevin Turner_
Nathan Kevin Turner