cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHAN KEVIN TURNER, | ) | Civil No.07cv2036 JLS (AJB) |
| Plaintiff, | ) ) | |
| v. | ) ) | Order Denying Motion For Appointment Of Counsel |
| JAMES TILTON, Secretary, | ) ) | [Doc. No. 3] |
| Defendants. | ) ) | |

Petitioner, Nathan Turner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under § 2254 challenging his February 11, 1982, conviction in San Diego County Superior Court Case No. CR56189. Petitioner has filed a motion seeking the appointment of counsel in this case. For the reasons set forth below, Petitioner's Motion is DENIED.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is

discretionary when no evidentiary hearing is necessary. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah,* 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert,* 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of the fact that "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (*per curiam*)).

Petitioner argues that he is entitled to appointed counsel because of the level of complexity of his case and states that he is being denied reasonable access to a library, however, the Petitioner fails to anything in the way of facts or argument to support these contentions.

In light of the one paragraph motion and the Petition filed in this case, this Court finds that the issues presented in this habeas petition are not of sufficient complexity to warrant the appointment of counsel and that the Petitioner's unsupported request fails on its face. It appears from the petition, filed pro se, that Petitioner has an adequate grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying the Petitioner's request for appointment of counsel. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir.1987). At this stage of the proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

IT IS SO ORDERED.

DATED: March 20, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28