1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GARY W. SCHONS
    Senior Assistant Attorney General
4   KEVIN VIENNA
    Supervising Deputy Attorney General
5   RAQUEL M. GONZALEZ, State Bar No. 98992
    Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-2281
     Fax: (619) 645-2271
9    Email: Raquel.Gonzalez@doj.ca.gov

10  Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15  NATHAN KEVIN TURNER,                    07cv2036 JLS (AJB)

16                         Petitioner,      **MOTION TO DISMISS**

17      v.                                  Date:   April 2, 2008
                                            Judge:  The Honorable
18  JAMES TILTON, WARDEN,                   Anthony J. Battaglia

19                         Respondent.      [No Hearing Required]

20

21          In response to the Court's November 2, 2007, Order, Respondent Warden respectfully

22  submits this Motion to Dismiss the Petition for Writ of Habeas Corpus filed by Petitioner Nathan

23  Kevin Turner October 19, 2007.

24          The instant "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in

25  State Custody," filed on October 19, 2007, must be dismissed.  It is the third petition for writ of

26  habeas corpus that Petitioner Nathan Kevin Turner has filed in this Federal Court.  His first

27  petition, filed 23 years ago, was thoroughly litigated in the Federal Courts over a nine-year period

28  from 1985 to 1994, including two appeals to the United States Court of Appeals for the Ninth

1  Circuit. Because the instant Petition has not been authorized by the Ninth Circuit, it must be

2  dismissed as required by the Antiterrorism and Effective Death Penalty Act of 1996.

### MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

7      In 1982, Petitioner was tried by a jury and convicted in the Superior Court of the State of

8  California, in San Diego County case number CR 56189, of multiple and serious crimes:  17 counts

9  of rape (Cal. Penal Code § 261(2)), with weapon use (Cal. Penal Code § 12022.3(a)); 17 counts of

10  burglary (Cal. Pen. Code § 459), with weapon use (Cal. Penal Code § 12022(b);12 counts of robbery

11  (Cal. Penal Code § 211), with weapon use (Cal. Penal Code § 12022(b); two counts of assault (Cal.

12  Penal Code § 220), with weapon use (Cal. Penal Code § 12022(b)); and  one count of disorderly

13  conduct based on peeping tom activity (Cal. Penal Code § 647(h)).  (Lodgment 1, Opinion,

14  California Court of Appeal, Case No. 4 Crim. No. 13857 [hereinafter, Opinion], at 1.)

15      On March 23, 1982, the California Superior Court sentenced Turner to a total of 174 years

16  and 4 months in state prison.  (Lodgment 1, Opinion, at 6, fn. 2; see, Lodgment 2, Sept. 19, 1990,

17  Memorandum Decision and Order in United States District Court, Southern District of California,

18  Civil No. 85-0783-G (IEG) (hereinafter, 1990 Federal Order), at 2.)

19      On August 15, 1983, the California Court of Appeal affirmed the judgment of conviction

20  and sentence in its entirety.  (Lodgment 1, Opinion, at 9; see, Lodgment 2, 1990 Federal Order, at

21  2.)  Regarding the facts of Turner's crimes,  the California Court of Appeal found that:

22          The 17 rape-burglaries and the accompanying robberies and assaults generally fit a
        pattern in which Turner violently assaulted his helpless victims at knifepoint, threatened

23          them with bodily harm or death, beating and choking them into submission.

24          Turner, a federal parolee who had a warrant outstanding for parole violations, was
        arrested by the San Diego Police , who saw him prowling on private property and peering

25          through a residential window.

26  (Lodgment 1, Opinion, at 2.)

27      On November 10, 1983, the California Supreme Court denied Turner's petition for hearing

28  (since renamed petition for review; see, Cal. Rules of Court, Rule 8.500.).  (Lodgment 2, 1990

1    Federal Order, at 2.)

2            Following the completion of the direct appeal process, Turner did not seek state habeas

3    relief.[1/]

4            On September 19, 1990, the Honorable Earl B. Gilliam, Judge of this Federal Court,

5    denied Turner federal habeas relief.  Among Judge Gilliam's findings in the 1990 Federal Order, he

6    stated the following:

7            On March 8, 1985, petitioner [Turner] petitioned for writ of habeas corpus in this
        court.  On June 19, 1985[,] the writ was denied.  The court found that the petitioner had
8        not exhausted the remedies available in state court as required under 28 U.S.C. section
        2254, subds. (b) and (c), because petitioner had failed to petition for writ of habeas corpus
9        at the state level.  The decision was appealed to the United States Court of Appeals for the
        Ninth Circuit which reversed and remanded the decision of this court on September 30,
10       1987.

11   (Lodgment 2, 1990 Federal Order, at 2).  See, Turner v. Compoy, 827 F.2d 526 (9th Cir. 1987), cert.

12   denied, 489 U.S. 1059 (1989), rehearing denied, 490 U.S. 1031 (1989).

13           In the 1990 Federal Order denying Turner habeas relief,  Judge Gilliam addressed the

14   merits of Turner's claims and ruled that:  (1) Turner was barred from challenging the voluntariness

15   of his confession on federal habeas review, claiming he was under the influence of PCP, because at

16   the state trial he claimed he did not make the statements attributed to him; an evidentiary hearing was

17   not required; (2) Turner's state trial counsel did not render ineffective assistance, rejecting Turner's

18   claims based on allegations that counsel failed to investigate the case, failed to obtain a report with

19   his drug test results from the prosecution, and failed to present a diminished capacity defense ; (3)

20   the alternate juror was properly seated in the jury; and (4) Turner's 174 years, 4 months sentence for

21   the 17 rapes and 32 other crimes was not cruel and unusual.  (Lodgment 2, 1990 Federal Order, at

22   2-9.)

23           Judgment denying Turner's petition for writ of habeas corpus, based on Judge Gilliam's

24   ruling,  was entered on October 22, 1990.  (Lodgment 3, Judgment in Civil Case No. 85-783 G

25

26       1.  Following the denial of federal habeas relief to Turner by this Court – a judgment which
27   became final in 1994 after nine years of litigation (including two appeals to the Ninth Circuit) --
     Turner sought habeas corpus relief in the state courts.  Because the collateral state proceedings are
28   not pertinent to this Motion, Respondent does not include them in the procedural history above.  Of
     course, Respondent is prepared to submit further briefing upon direction of this Court.

1  (IEG).)

2       On July 31, 1991, the Honorable John S. Rhoades, Judge of this Federal Court, denied

3  Turner a certificate of probable cause, finding there had been no substantial showing of the denial

4  of a federal right, and that Turner had failed to show: that he should prevail on the merits, that the

5  issues raised were debatable among jurists or could be resolved differently or deserved further

6  proceedings. (Lodgment 4, July 31, 1991, Order in Civil Case No. 85-0783-G (IEG).)

7       On October 19, 1993, this Federal Court's decision denying habeas relief to Turner was

8  reviewed de novo and affirmed in its entirety by the United States Court of Appeals for the Ninth

9  Circuit, in an unpublished, seven-page Memorandum.  The Ninth Circuit held:  (1) Turner's

10 statements to police, under the totality of the circumstances, were voluntary; (2) invoking Strickland

11 v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S . Ct 2052 (1974), rejected the ineffective

12 assistance of counsel claim, finding there was no deficient performance, and observing that

13 diminished capacity is not a defense to rape under California law; (3) finding the entire jury was

14 instructed fully, including the alternate juror, ruled that there was no denial of a fair trial or due

15 process; and (4) the District Court did not err by rejecting Turner's Eight Amendment claim.

16 (Lodgment 5, Oct. 19, 1993, Memorandum in Ninth Circuit Case No. 91-55842.)

17      On February 16, 1994, the Ninth Circuit denied Turner's Petition for Rehearing, and

18 rejected the suggestion for en banc rehearing.  (Lodgment 6, Docket in Ninth Circuit Case No. 91-

19 55842, at page 4 of 5.)

20      Thirteen  years after completion of litigation on the federal habeas petition, on January 5,

21 2007, Turner filed a second petition for writ of habeas corpus in this Federal Court, in Civil Case No.

22 07-CV-0051 JAH (CAB).  On January 12, 2007, this second petition was denied without prejudice,

23 and Turner was directed to submit the requisite fee no later than March 12, 2007, to reopen the

24 matter.  (Lodgment 7, Docket for Case No. 07-CV-0051 JAH (CAB), at page 1 of 2.)

25      The instant Petition -- Turner's third petition for writ of habeas corpus in this Federal

26 Court -- was filed on October 19, 2007.

27 ///

28 ///

**ARGUMENT**

**I.**

### THE INSTANT SUCCESSIVE PETITION MUST BE DISMISSED BECAUSE IT HAS NOT BEEN AUTHORIZED BY THE NINTH CIRCUIT

As shown above, Turner has previously sought habeas relief in this Federal Court. He challenged the state judgment of conviction and sentence against him in a habeas corpus petition that was filed in this Court 23 years ago, in March 1985. After this Court denied the petition on the merits in October 1990, Turner appealed to the Ninth Circuit, which resulted in an October 1993 unpublished decision affirming this Court's judgment in its entirety. In light of this, the instant "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody," filed on October 19, 2007, constitutes a second or successive Petition, which, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), must be dismissed.

A Federal District Court is prohibited from considering a second or successive petition unless the petitioner first obtains from the Circuit Court of Appeal an order authorizing such a filing. 28 U.S.C. § 2244.[2] "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive petition." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (Cooper).

In the instant case, Turner's failure to do so deprives the Court of subject matter jurisdiction. On page 5 of the instant Petition, Turner states he had a prior federal petition in this Court ("case no. CV-85-0783"), the date of the decision was "9/19/90," the issues raised in the instant petition were not raised in the prior federal petition, and he replied "no" to the question, "If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission

---

2.  The Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), which became effective April 24, 1996, provides as follows  in pertinent part:

> 3(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

1    to file this second or successive petition?" (Pet., at page 5 of 13.)

2            The instant Petition raises claims that "could have been adjudicated on their merits in an

3    earlier petition," thus, it qualifies as a "second or successive" petition for which Ninth Circuit

4    authorization is required. Cooper, 274 F. 3d at 1273-1274. Specifically, Turner challenges the same

5    state court judgment that he previously challenged in his 1985 federal habeas petition, now alleging

6    improper charging, sentencing errors, and improper destruction of trial exhibits prior to the finality

7    of his direct appeal. Under these circumstances, the instant Petition must be dismissed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    ///

27    ///

28    ///

1

## CONCLUSION

2

3
Because the instant Petition is not authorized by the Ninth Circuit, it must be dismissed.

4
Dated:  April 1, 2008

5
Respectfully submitted,

6
EDMUND G. BROWN JR.
Attorney General of the State of California

7
DANE R. GILLETTE
Chief Assistant Attorney General

8
GARY W. SCHONS
Senior Assistant Attorney General

9
KEVIN VIENNA
Supervising Deputy Attorney General

10

11

12
/s/ Raquel M. Gonzalez

13
RAQUEL M. GONZALEZ
Deputy Attorney General

14
Attorneys for Respondent

15
RMG/lh

70119136.wpd
16
SD2007802881

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Dismiss                                                              Case No. 07cv2036 JLS (AJB)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Turner v. Tilton**

No.:   **07cv2036 JLS (AJB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On April 1, 2008, I served the attached **Motion To Dismiss,** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Nathan Kevin Turner
C-44886 - I2-222
California Medical Center
P.O. Box 2000
Vacaville, CA 95696-2000
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 1, 2008, at San Diego, California.

| _____ | _____ |
| L. Hernandez | Signature |
| Declarant | |

70119139.wpd