cal______

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN KEVIN TURNER,<br>Plaintiff,<br>v.<br>JAMES TILTON, Secretary,<br>Defendants. | Civil No.07cv2036 JLS (AJB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 14.] |

Petitioner Nathan Kevin Turner (hereinafter "Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 1, 2008, Respondent filed a motion to dismiss the petition for writ of habeas corpus. Petitioner filed an opposition on May 1, 2008. This Court has reviewed the petition for writ of habeas corpus, Respondent's motion to dismiss, Petitioner's opposition and all supporting documents. After a thorough review, this Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and the petition **DISMISSED**.

**Background**

In 1982, following a jury trial, Petitioner was convicted of seventeen counts of rape in violation of California Penal ("Penal") Code section 261(2), seventeen counts of burglary in violation of Penal Code section 459, twelve counts of robbery in violation of Penal Code section 211 and two counts of assault in violation of Penal Code section 220. (Lodgment 2.) All of these crimes were committed with

the use of a weapon in violation of Penal Code section 12022(b). (Id.) Petitioner was also convicted of one count of disorderly conduct based on peeping Tom activity in violation of Penal Code section 647(h). (Id.) On March 23, 1982, Petitioner was sentenced to a term of 174 years and four months in state prison. (Id.) On August 15, 1983, the California Court of Appeal affirmed the judgment. (Lodgment 1.) The Supreme Court denied Petitioner's petition for a hearing around November 10, 1983. (Lodgment 2.)

On March 8, 1985, Petitioner filed a petition for writ of habeas corpus in this court. (Id.) On September 19, 1990, District Judge Earl B. Gilliam issued a Memorandum Decision and Order denying the petition for writ of habeas corpus. (Id.) In that decision, the district court determined that 1) Petitioner was barred from questioning the voluntariness of his confession; 2) Petitioner's trial counsel did not render ineffective assistance of counsel; 3) the alternate juror was properly seated in the jury; and 4) Petitioner's sentence did not constitute cruel or unusual punishment under the Eighth and Fourteenth Amendments. (Id.)

On October 19, 1993, the Ninth Circuit affirmed the district court's decision. (Lodgment 5.) On August 16, 1995, Petitioner filed a petition for certiorari before the United States Supreme Court. (Lodgment 6.) On October 18, 1995, certiorari was denied.[1] (Id.)

On January 5, 2007, Petitioner filed a petition for writ of habeas corpus in this court in case no. 07cv0051-JAH(CAB). (Lodgment 7.) The case was dismissed for failing to pay the requisite fee. (Id.) On October 19, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. In this case, he presented the following claims: 1) the sentencing court exceeded its jurisdiction when it sentenced Petitioner to the upper full, separate and consecutive term plus enhancement under Penal Code section 667.6(c) in counts five and six; 2) the trial court erred by imposing the upper term on counts eight, eleven, fourteen, seventeen, twenty, twenty-two, twenty-five and twenty-eight for circumstances in aggravation; 3) the trial court improperly engaged in a dual use of facts when it used its aggravation finding as a means to impose consecutive prison terms; 4) the trial court improperly charged the same offense in numerous counts violating the Fifth Amendment protection against double jeopardy

[1] Petitioner filed numerous state court petitions for writ of habeas corpus from 1997 through 2006. All the petitions were denied. (See Exhibits attached to Pet'r's Suppl. Pet.)

as to the crimes independent of the principal term crime; 5) the trial court improperly used dual use of facts to impose an aggravated and consecutive sentence; 6) the trial court improperly used dual use of facts to impose a consecutive term as a sentence enhancement; 7) the trial court violated Petitioner's Eight Amendment ban on cruel and unusual punishment and Fifth Amendment protection against double jeopardy when it used dual facts to impose a 174 year sentence; 8) Petitioner's sentence is invalid and should be vacated under Blakely v. Washington, 542 U.S. (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000); and 9) the Superior Court's disposal of exhibits prior to the finality of Petitioner's direct appeal denied him due process.

Respondent filed a motion to dismiss on April 1, 2008 arguing that he failed to obtain authorization from the Ninth Circuit to file his successive petition. Petitioner filed an opposition on May 1, 2008 arguing that he timely filed his petition.

**Discussion**

28 U.S.C. § 2244(b) acts as a gatekeeping provision and imposes stringent restrictions on the filing of second or successive petitions. See Felker v. Turpin, 518 U.S. 651, 662-64 (1996). District courts cannot consider a successive petition until the appropriate court of appeal issues an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Petitioner is seeking to challenge his San Diego Superior Court conviction and sentence in case number CR 56189, which is the same conviction and sentence he challenged in his prior federal habeas petition filed on March 8, 1985. Petitioner now wishes to present claims challenging his sentence under state law[2], under Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000) and that he was denied due process when the San Diego Superior Court disposed of the trial exhibits prior to the finality of Petitioner's direct appeal. Although these claims were not raised in the first petition, the instant petition is nevertheless considered successive under section 2244(b). See Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002) (noting that second petition is successive where claims presented therein could have been raised in prior petition); Babbitt v. Woodford, 177 F.3d 744, 747 (9th

---

[2]These claims challenging the trial court's sentencing do not present claims that allege a federal constitutional claim as required under 28 U.S.C. § 2254.

Cir. 1999) (finding as successive claims of ineffective assistance of counsel predicated on facts which were known or should have been known at the time of trial).

Since Petitioner seeks to challenge the same conviction he challenged in his prior federal habeas petition, Petitioner must show that he has obtained an order from the Ninth Circuit authorizing the Court to consider the petition. See 28 U.S.C. § 2244(b). Here, there is no indication that the Ninth Circuit authorized the Court to consider the instant petition. In fact, Petitioner states that he does not need authorization from the Ninth Circuit. Therefore, the Court is without jurisdiction to address the claims in the petition.

**Conclusion**

Based on the foregoing, the undersigned Magistrate Judge recommends that Respondent's motion to dismiss be **GRANTED** and the Petition **DISMISSED**. This report and recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

**IT IS ORDERED** that no later than **June 23, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 7, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: May 23, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court