1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

NATHAN KEVIN TURNER,

CASE NO. 07-CV-2036-JLS (AJB)

12

Plaintiff,

13

vs.

**ORDER: (1) ADOPTING THE REPORT AND RECOMMENDATION AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS**

14

JAMES TILTON, Secretary,

15

Defendant.

(Doc. Nos. 14 & 18.)

16

17    Presently before the Court are Magistrate Judge Anthony J. Battaglia's Report and

18  Recommendation ("R&R") advising this Court to grant Respondent's motion to dismiss, (Doc. No.

19  18) and Petitioner's objections.  (Doc. No. 25.)  For the following reasons, the Court **ADOPTS** the

20  report and recommendation, **GRANTS** Respondent's motion to dismiss, and **DISMISSES** the

21  petition.

22    Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the

23  duties of the district court in connection with a magistrate judge's report and recommendation.  "The

24  district court must make a *de novo* determination of those portions of the report . . . to which objection

25  is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations

26  made by the magistrate."  28 U.S.C. 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614,

27  617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). However, in the absence of

28  timely objection, the Court need "only satisfy itself that there is no clear error on the face of the

1    record." Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court,

2    501 F.2d 196, 206 (9th Cir. 1974)).

3          Petitioner appears to misconstrue the nature of the challenge to his petition, as his objections

4    do not address the substance of the R&R's findings.  Instead, the objections discuss at length the

5    claims made in the petition.  Thus, the Court finds that Petitioner has not made an objection to any

6    specific portion of the report.  Therefore, the Court need only satisfy itself that the R&R is not clearly

7    erroneous. Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (citing Campbell, 501 F.2d at 206).

8    After a full review of the relevant materials, the Court finds that the R&R is not clearly erroneous.

9          However, even under a *de novo* review, the R&R is still plainly correct.  As Magistrate Judge

10   Battaglia found, Petitioner's claim is barred by 28 U.S.C. § 2244(b)(3).  (R&R, at 3–4.)  Section

11   2244(b)(3) reads, in relevant part: "Before a second or successive application permitted by this section

12   is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

13   authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A petition is

14   considered successive if it rases claims that could have been raised in the prior petition.  See Hill v.

15   Alaska, 297 F.3d 895, 898 (9th Cir. 2002); R&R, at 3–4; see also Felker v. Turpin, 518 U.S. 651, 664

16   (1996); Babbit v. Woodford, 177 F.3d 744, 747 (9th Cir. 1999).  If the relevant court of appeals has

17   not authorized a successive petition, the district court lacks jurisdiction to consider the petition's

18   merits.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

19         As explained in the R&R, Petitioner filed a habeas corpus petition in 1985.  (R&R, at 2.)  The

20   district court denied this first petition in 1990, and the Ninth Circuit affirmed that decision in 1995.

21   (Id.)  All of Petitioner's nine claims could have been raised in his prior petition for habeas corpus.

22   (Id., at 3–4.)  Thus, the present action constitutes a successive petition under § 2244.  (Id.)

23   //

24   //

25   //

26   //

27   //

28   //

As the R&R correctly concludes, Petitioner must obtain an order from the Ninth Circuit before this Court entertains his petition.  (R&R, at 4.)  Without evidence of an order under § 2244(b)(3), this Court cannot entertain Mr. Turner's petition. <u>Cooper</u>, 274 F.3d at 1274.  Therefore, the Court must grant Respondent's motion to dismss.

For these reasons, the Court **ADOPTS** the R&R in full.  Respondents motion to dismiss is hereby **GRANTED** and the petition is **DISMISSED**.

IT IS SO ORDERED.

DATED:  December 18, 2008

*Janis L. Sammartino*

Honorable Janis L. Sammartino
United States District Judge

07cv1984